

Washington Harbour
3000 K Street, N.W., Suite 101,
Washington, D.C. 20007-5109
T: +1 202 540 9500
E: luke.sobota
@threecrownsllp.com

November 7, 2019

**Via ECF and Electronic Mail**

The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Dear Judge Failla:

***Petróleos de Venezuela, S.A., et al. v. MUFG Union Bank and GLAS Americas LLC**,*
**1:19-cv-10023**

We are in the process of being retained as counsel for defendants in their respective capacities as Trustee and Collateral Agent.  We are writing in response to the letter to the Court from counsel for plaintiffs dated November 6, 2019, and in anticipation of the hearing scheduled for tomorrow, November 8, 2019.

Defendants share plaintiffs' professed desire to resolve this case as expeditiously as reasonably possible, and defendants agree that the case should be amenable to resolution on cross-motions for summary judgment.  Plaintiffs' proposed schedule, however, would allow only two months for *all* fact discovery, exchange of expert reports, expert depositions, and briefing and argument on cross-motions for summary judgment.  That schedule is wholly unreasonable and would severely prejudice defendants' ability to litigate the issues in dispute.  It is also unreasonable for plaintiffs to request that the Court impose such a schedule based on their representation that "minimal, if any" discovery is needed.  Ltr. at 2.  A more realistic, but still expedited, schedule would allow for

Three Crowns (US) LLP is a limited liability partnership registered in the State of Delaware, United States. The attorneys practicing from the LLP are regulated by the District of Columbia Bar. A list of general partners of the LLP is available for inspection at the LLP's offices at Washington Harbour 3000 K Street, N.W., Suite 101, Washington, D.C. 20007-5109, United States. The word "partner" denotes a general partner of the LLP, or a consultant or employee with equivalent standing and qualifications.

LONDON
New Fetter Place
8-10 New Fetter Lane
London EC4A 1AZ

PARIS
3rd Floor
104 Avenue des Champs-Elysées
75008 Paris

WASHINGTON DC
Washington Harbour
3000 K Street, N.W., Suite 101
Washington, D.C. 20007

BAHRAIN
Bahrain World Trade Centre
West Tower, Level 9
Isa Al Kabeer Avenue, Block 316
Manama, Kingdom of Bahrain

THREE CROWNS

the litigation to be conducted through discovery and summary judgment within approximately six months (assuming good faith efforts by both sides to conduct discovery efficiently).

Whatever time pressure there may be—and any such pressure is primarily the result of plaintiffs' own months-long delay in bringing this case—the appropriate procedure would be for plaintiffs to move for a preliminary injunction. On such a motion, plaintiffs would need to establish, among other things, that they are likely to succeed on the merits. Plaintiffs should not be permitted to circumvent that requirement by seeking to impose on defendants an artificially expedited schedule that would effectively foreclose defendants from conducting any meaningful discovery and fairly presenting their case.

By way of background, this action relates to approximately $1.68 billion in current principal amount of 2020 Notes issued in October 2016 by plaintiff Petróleos de Venezuela, S.A. ("PDVSA"), Venezuela's state-owned oil company. The 2020 Notes were secured by a pledge made by PDV Holding, Inc. ("PDVH"), which is a wholly owned subsidiary of PDVSA, of 50.1% of the capital stock of the parent company of Citgo Petroleum Corp. ("Citgo"). PDVSA issued the 2020 Notes in an exchange offer in 2016 through which investors tendered approximately $2.8 billion of other notes that were scheduled to mature during 2017 in exchange for $3.367 billion aggregate principal amount of 2020 Notes. Through the exchange, PDVSA thus extended the maturity of $2.8 billion in looming debt by approximately three years. At the time of the 2016 exchange offer, the administration of President Nicolás Maduro was universally recognized as the legitimate government of Venezuela. Appointees of that administration managed PDVSA and its subsidiaries. PDVSA defaulted on the 2020 Notes on October 28, 2019, when it failed to make payments of principal and interest totaling $913.5 million.

The U.S. assets of PDVSA and the other plaintiffs are now controlled by the political opposition to the Maduro administration, which is led by Juan Guaidó. Plaintiffs ask this Court to relieve them of all obligations under the 2020 Notes—including the fundamental obligation to repay them. Plaintiffs also seek to preclude defendants from enforcing any of the Noteholders' rights, including their rights under the Pledge Agreement that secured the 2020 Notes. Plaintiffs argue that the 2020 Notes should be declared invalid, illegal, and null and void ab initio "under applicable Venezuelan law." Ltr. at 1.

Plaintiffs are highly unlikely to prevail on the merits of their claims (and thus would be unable to show that they are entitled to a preliminary injunction). This is so for many reasons. *First*, the legality of the 2020 Notes and the related Pledge Agreement under Venezuelan law is immaterial, because, under the express terms of the governing Indenture, Pledge Agreement, and the 2020 Notes themselves, the parties' obligations are governed, not by the law of Venezuela, but by the substantive law of New York. For example, the Indenture provides in relevant part (Section 10.03):

> THIS INDENTURE AND THE NOTES SHALL BE CONSTRUED IN ACCORDANCE WITH, AND THIS INDENTURE AND THE NOTES AND ALL MATTERS ARISING OUT OF OR RELATING IN ANY WAY WHATSOEVER TO THIS INDENTURE AND THE NOTES . . . SHALL BE GOVERNED BY, THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO THE CONFLICT OF LAW PROVISIONS THEREOF (OTHER THAN SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW).

*Second*, under New York law, this contractual choice-of-law provision is enforceable without regard to the connections between the subject matter of the contracts governing the 2020 Notes and the State of New York. *See* N.Y. Gen. Oblig. L. § 5–1401. In any event, the subject matter of the 2020 Notes, the Pledge Agreement, and the Indenture have numerous connections with the State of New York and the United States. The 2020 Notes are denominated in U.S. dollars. They were marketed to U.S. investors. They are secured by a pledge of stock given by PDVH (a Delaware corporation). The stock securing the 2020 Notes is stock in Citgo Holding, a Delaware corporation and the parent company of Citgo. Citgo is also a Delaware corporation with its headquarters in Texas and operations in many states, including New York. And all payments of interest and principal under the 2020 Notes are required to be made to the Paying Agent in New York City.

*Third*, the Indenture and the Pledge Agreement included express representations by PDVSA and the other plaintiffs that the 2020 Notes and the other transaction documents were duly authorized and represented valid obligations of the plaintiffs.

*Fourth*, plaintiffs have repeatedly acknowledged the validity and enforceability of the 2020 Notes, by, among other actions, making interest payments when due as recently as April 2019 (which certain Guaidó-aligned members of the Venezuelan government stated was being made "under protest").

*Fifth*, plaintiffs' allegations that the 2020 Notes and the associated pledge were improper under Venezuelan law without approval by Venezuela's National Assembly is contrary to consistent historical and current practice. To our understanding, PDVSA has repeatedly incurred debt over many years without seeking or obtaining National Assembly approval—including when issuing the prior notes due in 2017 for which the 2020 Notes were exchanged. We also understand that PDVSA subsidiaries have similarly pledged assets (including Citgo assets) without such approval.

Plaintiffs should not be permitted to preclude defendants from obtaining discovery about these and other relevant issues. While defendants do not believe that discovery needs to be extensive, based upon the information currently available to defendants, defendants believe that discovery will be appropriate concerning, among other topics, (a) the circumstances of the 2016 Note exchange (as alleged in paragraphs 44–56 of the Complaint); (b) prior debt issuances and other transactions by PDVSA and the other plaintiffs, including pledges of Citgo assets and the shares of its corporate

parent, and whether in entering into those transactions plaintiffs sought or received National Assembly approval; (c) connections between the 2020 Notes and the exchange transactions and New York (or other U.S. jurisdictions). We believe that this discovery can be completed (again, assuming reasonable, good faith cooperation by all parties) within approximately three months.

Defendants recognize that a six-month schedule for fact and expert discovery and briefing and argument on motions for summary judgment means that the litigation will not be completed by January 22, 2020, which is the effective date of General License 5A. But that is largely the consequence of plaintiffs' own decision to delay commencing this action until late October of this year, after an approximately $913.5 million payment default had already occurred. Plaintiffs cannot claim that they only now became aware of their claims. On the contrary, they allege that they have been aware of their claims for years. *See, e.g.*, Complaint ¶ 52. The current management of plaintiffs has been in place since February 2019 (Ltr. at 2), and could have commenced this case at any time thereafter. Instead, as one advisor to the Guaidó administration has conceded, plaintiffs decided not to commence litigation when PDVSA made the most recent interest payment in April 2019 because they believed it was to their advantage to wait. https://twitter.com/ricardo_hausman/status/1184125152243699712 (Oct. 15, 2019, 8:13 AM) ("In April, we paid under protest to avoid Citgo being taken from us because we were not prepared to go to trial. Today, we are.").

In short, the time constraints imposed by plaintiffs' choice to wait to bring this case until approximately a week ago cannot justify depriving defendants of a full and fair opportunity to litigate this case.

Defendants look forward to the opportunity to discuss these matters further at tomorrow's conference.


Respectfully,

*[signature]*

**Luke Sobota**