**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PETRÓLEOS DE VENEZUELA, S.A., PDVSA
PETRÓLEO, S.A., and PDV HOLDING, INC.,

                    Plaintiffs,

          - against -                                    Case No: 19-cv-10023-KPF

MUFG UNION BANK, N.A. and GLAS AMERICAS
LLC,

                    Defendants.

---

**ANSWER AND AFFIRMATIVE DEFENSES OF PETRÓLEOS DE VENEZUELA, S.A.**
**AND PDVSA PETRÓLEO, S.A. TO DEFENDANTS' COUNTERCLAIMS**

Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("PDVSA
Petróleo") (together, "PDVSA Counterclaim Defendants"), by and through their undersigned
counsel, answer and assert affirmative defenses to the counterclaims (the "Counterclaims") of
MUFG Union Bank, N.A. and GLAS Americas, LLC (together, "Defendants") as follows.

**ANSWER**

PDVSA Counterclaim Defendants answer the Counterclaims as follows.[1]

107.    Admitted, except denied that the Indenture was executed as of October 27, 2016
and denied that the 2020 Notes are valid, legal, or enforceable.   PDVSA Counterclaim
Defendants further state that none of the purported rights or obligations asserted in the
Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or
could have been violated.

---

[1] Paragraph numbers herein correspond to the paragraph numbers in the Counterclaims, which begin with paragraph
107.

108.   Admitted, except denied that the Pledge Agreement was executed as of October 28, 2019 and denied that PDVSA Petróleo's purported guaranty or PDVH's purported pledge are valid, legal, or enforceable.   PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated.

109.   Admitted, except denied that the Indenture is valid, legal, or enforceable.   PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated.

110.   Admitted, except PDVSA Counterclaim Defendants deny knowledge or information sufficient to from a belief as to whether the notice was sent by holders of at least 25% in principal amount of Outstanding Notes.

111.   Admitted, except PDVSA Counterclaim Defendants deny that the Indenture is legal, valid, or enforceable and deny knowledge or information sufficient to form a belief as to whether the counterclaims are being asserted at the direction of Required Holders.   PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated.

112.   Admitted, except denied that the Trustee or the Collateral Agent are entitled to any of the relief they seek.

## PARTIES

113.   Admitted upon information and belief, except PDVSA Counterclaim Defendants deny that the Indenture is valid, legal, or enforceable and deny knowledge or information

sufficient to form a belief as to whether the Trustee is authorized to pursue its asserted claims or whether it is doing so at the written direction of Required Holders.  PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated.

114.    Admitted upon information and belief, except PDVSA Counterclaim Defendants deny that the Pledge Agreement is valid, legal, or enforceable and deny knowledge or information sufficient to form a belief as to whether the Collateral Agent is authorized to pursue its asserted claims or whether it is doing so in accordance with a written direction of the Trustee upon written direction of Required Holders.  PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated.

115.    Admitted.

116.    Admitted.

117.    Admitted.

## JURISDICTION AND VENUE

118.    Admitted.

119.    Admitted.

120.    Admitted that the Court has jurisdiction over the PDVSA Counterclaim Defendants.  Otherwise denied.

121.    Admitted that this district is a proper venue for Defendants' counterclaims.  Otherwise denied.

## FACTUAL ALLEGATIONS

3

A.      **PDVSA and Its Subsidiaries[2]**

122.    Admitted.

123.    Admitted.

124.    Admitted that CITGO is a Delaware corporation with headquarters in Houston, Texas, and that CITGO's business includes the refining, transportation, and marketing of transportation fuels, lubricants, petrochemicals, and other products. PDVSA Counterclaim Defendants refer to CITGO's financial statements for information pertaining to CITGO's total assets, total debt, and annual gross revenue for 2016 and 2018.  Otherwise denied.

125.    Admitted that in 1986, PDVSA, through a subsidiary, purchased 50% of CITGO's stock from the Southland Corp; and that in 1990, PDVSA, through a subsidiary, purchased the rest of CITGO's stock.   PDVSA Counterclaim Defendants deny knowledge or information sufficient to form a belief as to PDVSA's contemporaneous objectives with respect to such purchases.   Denied that CITGO is the corporate successor to Cities Service Company.

B.      **PDVSA Issues More than $9 Billion of 2017 Notes and Spends the Proceeds.**

126.    Admitted.

127.    Admitted.

128.    Admitted, except denied that the 2017 Notes were originally issued to investors around the world, including the United States, and denied as to any legal conclusion regarding governing law, consent to jurisdiction, or sovereign immunity waiver.

129.    Admitted that the offering circulars for the 2017 Notes included statements regarding intended use of proceeds.  PDVSA Counterclaim Defendants refer to the offering circulars for their contents.  Otherwise denied.

---

[2] PDVSA Counterclaim Defendants state that none of the headings in the Counterclaims require a response.  To the extent a response is required, they are denied.

130.     Admitted, except denied to the extent this allegation is intended to imply that any 2017 Notes remained outstanding or subject to challenge at the time this case commenced.

**C.     The Political Situation in Venezuela in 2016**

131.     Admitted.

132.     Admitted, except denied that Maduro's 2013 election was legitimate.

133.     Denied.

**D.     PDVSA's 2016 Offer to Exchange 2017 Notes for 2020 Notes**

134.     Admitted, except denied that the Pledge Agreement was filed with the SEC.

135.     Admitted.

136.     Admitted, except denied that holders who tendered early would receive $1,050 of 2020 Notes for each $1,000 of 2017 Notes tendered.

137.     Admitted that the 2020 Notes are purportedly secured by the referenced pledge, except denied that the pledge is valid, legal, or enforceable and denied that any collateral purportedly subject to the pledge could reasonably be expected to be foreclosed upon, regardless of its location.  PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated.  Otherwise denied.

138.     Admitted, except denied that the approvals were valid, legitimate or rational.

139.     Admitted that, following the announcement of the exchange offer, on September 7, 2016, the National Assembly passed a resolution regarding the exchange offer.  PDVSA Counterclaim Defendants refer to the resolution for its contents.  Otherwise denied.

140.     Admitted that the terms of the exchange offer were amended.   PDVSA Counterclaim Defendants refer to those amendments for their terms.  Otherwise denied.

141.   Admitted that the exchange deadlines were amended.   PDVSA Counterclaim Defendants refer to those amendments for their terms.  Otherwise denied.

142.   Admitted.

**E.   PDVSA and Its Subsidiaries Represented That They Were Authorized to Issue the 2020 Notes and to Enter into the Indenture and Pledge Agreement.**

143.   Admitted that the Indenture contains the quoted language (except as altered). PDVSA Counterclaim Defendants refer to the Indenture, which they deny is legal, valid, or enforceable, for its contents.  Otherwise denied.

144.   Admitted that the Pledge Agreement contains the quoted language (except as altered).  PDVSA Counterclaim Defendants refer to the Pledge Agreement, which they deny is legal, valid, or enforceable, for its contents.  Otherwise denied, including that "Applicable Law" is specifically defined in the Pledge Agreement to include Venezuelan law.

145.   Admitted that the Offering Circular contains a discussion of "Risk Factors." PDVSA Counterclaim Defendants refer to the Offering Circular for its contents.   Otherwise denied.

146.   PDVSA Counterclaim Defendants refer to the Offering Circular for its contents. Otherwise denied.

147.   PDVSA Counterclaim Defendants refer to the Offering Circular for its contents. Otherwise denied.

**F.   The 2020 Notes, the Indenture, and the Pledge Agreement Are Governed by New York Law.**

148.   Admitted that the 2020 Notes, the Indenture, the Pledge Agreement, and Offering Circular, respectively, contain the quoted and excerpted language.   PDVSA Counterclaim

Defendants refer to the 2020 Notes, the Indenture, the Pledge Agreement, and Offering Circular, which they deny are legal, valid, or enforceable, for their contents.  Otherwise denied.

149.    This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

150.    Admitted that the Pledge Agreement contains the quoted language.  PDVSA Counterclaim Defendants refer to the Pledge Agreement, which they deny is legal, valid, or enforceable, for its contents.  Otherwise denied.

151.    This paragraph contains legal conclusions to which no response is required. PDVSA Counterclaim Defendants refer to the 2020 Notes, the Indenture, and the Pledge Agreement, which they deny are legal, valid, or enforceable, for their terms.  Otherwise denied.

152.    Admitted upon information and belief.

153.    Admitted that the Offering Circular was filed with the SEC, that the 2020 Notes were denominated in U.S. dollars, and that, upon information and belief, the 2017 Notes and the 2020 Notes were traded in the United States.  Otherwise denied.

154.    Admitted, except denied that CITGO's assets are located just throughout the "eastern United States."

155.    The PDVSA Counterclaim Defendants refer to the Complaint for its contents, and deny that the quoted allegation constitutes some kind of "admission" detrimental to the PDVSA Counterclaim Defendants.

**G.    PDVSA Accepted the Benefits of the Exchange and Performed on the 2020 Notes Through April 2019.**

156.    Admitted that the 2020 Notes have a later stated maturity than the 2017 Notes. Otherwise denied.

157.    This paragraph contains speculations and legal conclusions to which no response is required, except that the PDVSA Counterclaim Defendants deny that the trustee would have been entitled to "foreclose on any of PDVSA's assets in the United States, including PDVH," even if no U.S. sanctions would have prevented any such foreclosure.  Otherwise denied.

158.    Admitted that PDVSA made the five listed payments of principal and/or interest and that the principal payments amounted to 50% of the principal purportedly due on the 2020 Notes.  Otherwise denied.

159.    This paragraph contains speculations and legal conclusions to which no response is required.  Denied that the 2020 Notes, the Indenture, or the Pledge Agreement are valid, legal, or enforceable. Otherwise denied.

160.    Admitted that the payment of $71.6 million of interest purportedly due on April 27, 2019 was made after the PDVSA ad hoc board had been constituted and that the ad hoc board issued a press release regarding the payment on May 9, 2019.  The PDVSA Counterclaim Defendants refer to the press release for its contents.  Otherwise denied.

161.    Admitted that, on October 30, 2019, Venezuela's Special Attorney General, Jose Ignacio Hernandez Gonzalez, issued a press release regarding, among other things, the April 27, 2019 interest payment.  The PDVSA Counterclaim Defendants refer to the press release for its contents.  Otherwise denied.

162.    The PDVSA Counterclaim Defendants refer to the quoted sources for their contents.  Otherwise denied.

**H.    Political Developments in Venezuela Since the 2016 Exchange.**

163.    Admitted that Maduro claimed reelection as President of Venezuela in 2018 and that the United States and certain other countries did not recognize the election as legitimate. Otherwise denied.

164.    Admitted that President Trump issued E.O. 13835 on May 21, 2018; that OFAC issued GL5 as a carve-out to E.O. 13835 on July 19, 2018; that OFAC issued GL5A on October 24, 2019, and that GL5A extended the effective date of GL5 to January 22, 2020.   PDVSA Counterclaim Defendants refer to E.O. 13835, GL5, and GL5A for their contents.   Otherwise denied.

165.    Admitted.

I.    **Beginning in October 2019, PDVSA Defaulted on the 2020 Notes.**

166.    Admitted, except denied that the 2020 Notes, the Indenture, or the Pledge Agreement are valid, legal, or enforceable.   PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated.

167.    Admitted, except denied that the 2020 Notes, the Indenture, or the Pledge Agreement are valid, legal, or enforceable.   PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated.

168.    PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal, or enforceable, for its contents; denied that the 2020 Notes, the Indenture, or the Pledge Agreement are valid, legal, or enforceable.   PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the Counterclaims to allegedly

arise under the Indenture and Pledge Agreement are valid or was or could have been violated. Otherwise denied.

169.    Admitted, except PDVSA Counterclaim Defendants deny that the 2020 Notes, the Indenture, or the Pledge Agreement are valid, legal, or enforceable and deny knowledge or information sufficient to form a belief as to whether the notice was sent by holders of at least 25% in principal amount of Outstanding Notes (as defined in the Indenture).

**J.    For Decades, PDVSA Has Issued Billions of Dollars of Debt, Without Ever Seeking or Obtaining National Assembly Approval.**

170.    Admitted that discovery is ongoing into borrowing of PDVSA and certain of its subsidiaries and that some of their borrowing is reflected in the public record.  Otherwise denied.

171.    PDVSA Counterclaim Defendants refer to the referenced debt instruments and notes for their terms.  Otherwise denied.

172.    PDVSA Counterclaim Defendants refer to the referenced debt instruments and notes for their terms.  Otherwise denied.

173.    PDVSA Counterclaim Defendants refer to the referenced debt instruments and notes for their terms.  Otherwise denied.

174.    Admitted upon information and belief to the extent that this paragraph refers to previous unsecured bonds and/or notes of PDVSA or PDVSA Petróleo (and denied to the extent that this paragraph intends to suggest that the referenced transactions constituted secured borrowing on the part of PDVSA or PDVSA Petróleo).

**First Cause of Action:**
**Declaratory Judgment That the 2020 Notes Are Valid, Legal, and Enforceable**
**(Trustee and Collateral Agent Against PDVSA, PDVSA Petróleo, and PDVH).**

175.    PDVSA Counterclaim Defendants' answers to paragraphs 107-174 are incorporated by reference as if fully set forth herein.

176.   Denied.

177.   Admitted.

178.   Admitted that an actual controversy exists because, among other reasons, counterclaim defendants contend that the 2020 Notes are invalid.  Otherwise denied.

179.   Denied.

**Second Cause of Action:**
**Declaratory Judgment That the Indenture Is Valid, Legal, and Enforceable**
**(Trustee and Collateral Agent Against PDVSA and PDVSA Petróleo).**

180.   PDVSA Counterclaim Defendants' answers to paragraphs 107-179 are incorporated by reference as if fully set forth herein.

181.   Denied.

182.   Admitted that an actual controversy exists because, among other reasons, counterclaim defendants contend that the Indenture is invalid.  Otherwise denied.

183.   Denied.

**Third Cause of Action:**
**Declaratory Judgment That the Pledge Agreement Is Valid, Legal, and Enforceable**
**(Trustee and Collateral Agent Against PDVSA, PDVSA Petróleo, and PDVH).**

184.   PDVSA Counterclaim Defendants' answers to paragraphs 107-183 are incorporated by reference as if fully set forth herein.

185.   Denied.

186.   Admitted that an actual controversy exists because, among other reasons, counterclaim defendants contend that the Pledge Agreement is invalid.  Otherwise denied.

187.   Denied.

**Fourth Cause of Action:**
**Declaratory Judgment That One or More Events of Default Under the Indenture Has**
**Occurred (Trustee and Collateral Agent Against PDVSA and PDVSA Petróleo).**

188.   PDVSA Counterclaim Defendants' answers to paragraphs 107-187 are incorporated by reference as if fully set forth herein.

189.   Denied.

190.   Admitted that PDVSA did not make the payment of principal and interest purportedly due on October 28, 2019 and that PDVSA has not since paid any amounts purportedly due on the 2020 Notes.  Otherwise denied.

191.   PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal, or enforceable, for its contents. Otherwise denied.

192.   PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal, or enforceable, for its contents; denied that the 2020 Notes, Indenture, or Pledge Agreement are valid, legal, or enforceable.  Otherwise denied.

193.   Admitted that by filing the complaint in this action, PDVSA Counterclaim Defendants sought to invalidate the 2020 Notes, the Indenture, and the Pledge Agreement, and to disclaim their obligations thereunder. PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal, or enforceable, for its contents, and deny that the 2020 Notes, Indenture, or Pledge Agreement are valid, legal, or enforceable. Otherwise denied.

194.   Admitted that by filing the complaint, PDVSA, PDVSA Petróleo, and PDV Holding have asserted that the 2020 Notes, Indenture, and Pledge Agreements have ceased to be in full force and effect in material respects. PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal, or enforceable, for its contents, and deny that the 2020 Notes, Indenture, or Pledge Agreement are valid, legal, or enforceable. PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the

Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated. Otherwise denied.

195. Admitted that an actual controversy exists because counterclaim defendants have breached purported obligations under the 2020 Notes, the Indenture, and the Pledge Agreement and are seeking a declaratory judgment that the 2020 Notes, the Indenture, and the Pledge Agreement are invalid, illegal, null and void *ab initio*, and thus unenforceable. Otherwise denied.

196. Denied.

**Fifth Cause of Action:**
**Declaratory Judgment That, Subject to Obtaining Any Necessary United States Government Approvals, the Trustee Is Entitled to Direct the Collateral Agent to Sell the Collateral, and the Collateral Agent Is Entitled to Sell the Collateral (Trustee and Collateral Agent Against PDVSA, PDVSA Petróleo, and PDVH).**

197. PDVSA Counterclaim Defendants' answers to paragraphs 107-196 are incorporated by reference as if fully set forth herein.

198. PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal, or enforceable, for its contents. Otherwise denied.

199. PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal, or enforceable, for its contents. Otherwise denied.

200. Admitted, except denied that the 2020 Notes, the Indenture, or Pledge Agreement are valid, legal, or enforceable. PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated.

201. PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal, or enforceable, for its contents. Otherwise denied.

202.    Admitted that an actual controversy exists because counterclaim defendants have breached purported obligations under the 2020 Notes, the Indenture, and the Pledge Agreement and are seeking a declaratory judgment that the 2020 Notes, the Indenture, and the Pledge Agreement are invalid, illegal, null and void *ab initio*, and thus unenforceable.   Otherwise denied.

203.    Denied.

**Sixth Cause of Action:**
**Breach of Contract / Payment of Amounts Due Under the Indenture Pursuant to Indenture**
**Sections 5.01(f) and 5.01(m) (Trustee Against PDVSA).**

204.    PDVSA Counterclaim Defendants' answers to paragraphs 107-203 are incorporated by reference as if fully set forth herein.

205.    Denied.

206.    Denied.

207.    Admitted that PDVSA did not make the payment of principal and interest purportedly due on October 28, 2019 and that PDVSA has not since paid any amounts purportedly due on the 2020 Notes.  Otherwise denied.

208.    Admitted that a purported Acceleration Notice pertaining to the Indenture, which PDVSA Counterclaim Defendants deny is valid, legal, or enforceable, was sent on December 18, 2019. PDVSA Counterclaim Defendants deny knowledge or information sufficient to form a belief as to whether the notice was sent by holders of at least 25% in principal amount of Outstanding Notes, deny any legal conclusion as to the effect of the notice, and deny that the 2020 Notes, Indenture, Pledge Agreement, or purported Acceleration Notice are valid, legal, or enforceable.  PDVSA Counterclaim Defendants further state that none of the purported rights or

obligations asserted in the Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated.  Otherwise denied.

209.    PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal, or enforceable, for its contents.  Otherwise denied.

210.    PDVSA Counterclaim Defendants deny knowledge or information sufficient to form a belief as to whether the Trustee is authorized to pursue its claims on behalf of the 2020 noteholders and is doing so at the written direction of Required Holders in accordance with the Indenture, which PDVSA Counterclaim Defendants deny is valid, legal, or enforceable.

**Seventh Cause of Action:**
**Breach of Contract / Payment of Amounts Due Under Guarantee Pursuant to Indenture**
**Sections 5.01, 7.01, and 7.04 (Trustee Against PDVSA Petróleo).**

211.    PDVSA Counterclaim Defendants' answers to paragraphs 107-210 are incorporated by reference as if fully set forth herein.

212.    Denied.

213.    Denied.

214.    Admitted that PDVSA did not make the payment of principal and interest purportedly due on October 28, 2019 and that PDVSA has not since paid any amounts purportedly due on the 2020 Notes.  Otherwise denied.

215.    Admitted that a purported Acceleration Notice pertaining to the Indenture, which PDVSA Counterclaim Defendants deny is valid, legal, or enforceable, was sent on December 18, 2019. PDVSA Counterclaim Defendants deny knowledge or information sufficient to form a belief as to whether the notice was sent by holders of at least 25% in principal amount of Outstanding Notes, deny any legal conclusion as to the effect of the notice, and deny that the 2020 Notes, Indenture, Pledge Agreement, or purported Acceleration Notice are valid, legal, or

enforceable.  PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated.  Otherwise denied.

216.   Admitted that the Indenture, which PSDVA Counterclaim Defendants deny is valid, legal, or enforceable, contains a purported guaranty of PDVSA obligations by PDVSA Petróleo.  PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal, or enforceable, for its contents.  Otherwise denied.

217.   Admitted, except denied that the Indenture is valid, legal, or enforceable.  PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated.

218.   Denied.   PDVSA Counterclaim Defendants further state that none of the purported rights or obligations asserted in the Counterclaims to allegedly arise under the Indenture and Pledge Agreement are valid or was or could have been violated.

219.   PDVSA Counterclaim Defendants deny knowledge or information sufficient to form a belief as to whether the Trustee is suing PDVSA Petróleo at the written direction of Required Holders in accordance with the Indenture.  PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal, or enforceable, for its contents.  Otherwise denied.

220.   PDVSA Counterclaim Defendants deny knowledge or information sufficient to form a belief as to whether the Trustee is authorized to pursue its claims on behalf of the 2020 noteholders pursuant to the provisions of the Indenture, which PDVSA Counterclaim Defendants deny is valid, legal, or enforceable.

**Eighth Cause Of Action:**

16

**Unjust Enrichment (Trustee Against PDVSA, PDVSA Petróleo, and PDVH)**

221.    PDVSA Counterclaim Defendants' answers to paragraphs 107-220 are incorporated by reference as if fully set forth herein.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226.    PDVSA Counterclaim Defendants deny knowledge or information sufficient to form a belief as to whether the Trustee is authorized to pursue its claims on behalf of the 2020 noteholders under the Indenture and is doing so at the written direction of Required Holders in accordance with the Indenture, which PDVSA Counterclaim Defendants deny is valid, legal, or enforceable.

**Ninth Cause of Action:**
**Breach of Warranty (Trustee and Collateral Agent Against PDVSA Petróleo)**

227.    PDVSA Counterclaim Defendants' answers to paragraphs 107-226 are incorporated by reference as if fully set forth herein.

228.    Denied.

229.    PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal, or enforceable, for its contents.  Otherwise denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    PDVSA Counterclaim Defendants deny knowledge or information sufficient to form a belief as to whether the Trustee and the Collateral Agent are authorized to pursue their

claims on behalf of the 2020 noteholders under the Indenture and are doing so at the written direction of Required Holders in accordance with the Transaction Documents, which PDVSA Counterclaim Defendants deny is valid, legal, or enforceable.

**Tenth Cause of Action:**
**Breach of Warranty (Trustee and Collateral Agent Against PDVH)**

234. PDVSA Counterclaim Defendants' answers to paragraphs 107-233 are incorporated by reference as if fully set forth herein.

235. Denied.

236. PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal, or enforceable, for its contents. Otherwise denied.

237. Denied.

238. Denied.

239. Denied.

240. PDVSA Counterclaim Defendants deny knowledge or information sufficient to form a belief as to whether the Trustee and the Collateral Agent are authorized to pursue their claims on behalf of the 2020 noteholders under the Indenture and are doing so at the written direction of Required Holders in accordance with the Transaction Documents, which PDVSA Counterclaim Defendants deny is valid, legal, or enforceable.

**Eleventh Cause of Action:**
**Breach of Contract and Indemnification of Fees, Costs, and Expenses (Trustee and Collateral Agent Against PDVSA and PDVSA Petróleo)**

241. PDVSA Counterclaim Defendants' answers to paragraphs 107-240 are incorporated by reference as if fully set forth herein.

242. Denied.

243.   PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal or enforceable, for its contents.  Otherwise denied.

244.   PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal or enforceable, for its contents.  Otherwise denied.

245.   PDVSA Counterclaim Defendants refer to the Indenture, which they deny is valid, legal or enforceable, for its contents.  Otherwise denied.

246.   PDVSA Counterclaim Defendants refer to the Pledge Agreement, which they deny is valid, legal or enforceable, for its contents.  Otherwise denied.

247.   Denied.

### Twelfth Cause of Action:
### Quantum Meruit
### (Trustee and Collateral Agent Against PDVSA and PDVSA Petróleo)

248.   PDVSA Counterclaim Defendants' answers to paragraphs 107-247 are incorporated by reference as if fully set forth herein.

249.   PDVSA Counterclaim Defendants deny knowledge or information sufficient to form a belief as to whether the Trustee and the Collateral Agent have in good faith performed services purportedly called for by the Indenture and/or the Pledge Agreement, both of which PDVSA Counterclaim Defendants deny are valid, legal or enforceable.

250.   Denied.

251.   PDVSA Counterclaim Defendants deny knowledge or information sufficient to form a belief as to the expectations of the Trustee or the Collateral Agent regarding compensation by PDVSA and/or PDVSA Petróleo for services under the Indenture and/or the Pledge Agreement, which PDVSA Counterclaim Defendants deny are valid, legal, or enforceable.

19

252.    PDVSA Counterclaim Defendants deny knowledge or information sufficient to form a belief as to whether the Trustee or the Collateral Agent have not been compensated for services purportedly provided to PDVSA and/or PDVSA Petróleo.

253.    Denied.

254.    PDVSA Counterclaim Defendants deny that the Trustee or the Collateral Agent are entitled to any of the relief they request.

**DEFENSES**

PDVSA Counterclaim Defendants assert the following defenses to the Counterclaims without prejudice to any position they may take regarding the burden of proof on such defenses, and they reserve the right to assert additional defenses, including defenses based on facts revealed through discovery or further investigation.

**First Defense**

1.    The Counterclaims fail to state a claim upon which relief can be granted.

**Second Defense**

2.    Defendants' claims are barred, in whole or in part, because the Indenture and Pledge Agreement are invalid, illegal, null and void *ab initio*, in violation of the Venezuelan Constitution, and thus unenforceable.

**Third Defense**

3.    Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands because (i) Defendants and the holders and beneficial holders of the 2020 Notes were on notice of the Venezuelan National Assembly's opposition to the exchange offer and the invalidity, illegality, and/or enforceability of the 2020 Notes, the Indenture, and/or the Pledge Agreement; and (ii) Defendants and the holders and beneficial holders of the 2020 Notes knew

or should have known that the purpose of the exchange offer was to prolong the Maduro regime's illegitimate exercise of power over the Venezuelan state and people.

## Fourth Defense

4.      Defendants' claims are barred, in whole or in part, by the doctrine of equitable estoppel because (i) Defendants and the holders and beneficial holders of the 2020 Notes were on notice of the Venezuelan National Assembly's opposition to the exchange offer and the invalidity, illegality, and/or enforceability of the 2020 Notes, the Indenture, and/or the Pledge Agreement; and (ii) Defendants and the holders and beneficial holders of the 2020 Notes knew or should have known that the purpose of the exchange offer was to prolong the Maduro regime's illegitimate exercise of power over the Venezuelan state and people.

## Fifth Defense

5.      Defendants' claims are barred, in whole or in part, by the doctrine of *in pari delicto* because (i) Defendants and the holders and beneficial holders of the 2020 Notes were on notice of the Venezuelan National Assembly's opposition to the exchange offer and the invalidity, illegality, and/or enforceability of the 2020 Notes, the Indenture, and/or the Pledge Agreement; and (ii) Defendants and the holders and beneficial holders of the 2020 Notes knew or should have known that the purpose of the exchange offer was to prolong the Maduro regime's illegitimate exercise of power over the Venezuelan state and people.

## Sixth Defense

6.      Defendants' claims are barred, in whole or in part, by the act of state doctrine.

## Seventh Defense

7.      Defendants' claims are barred, in whole or in part, by the doctrine of comity.

## Eighth Defense

8.     Defendants' claims are barred, in whole or in part, by the existing U.S. sanctions regime.

Dated:  January 8, 2019

/s/ Kurt W. Hansson
Kurt W. Hansson
James R. Bliss
James B. Worthington

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
kurthansson@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com

*Attorneys for Plaintiffs / Counterclaim Defendants*
*Petróleos de Venezuela, S.A. and PDVSA Petróleo,*
*S.A.*