# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC.,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>  - v. -<br><br>MUFG UNION BANK, N.A. and GLAS AMERICAS LLC,<br><br>    Defendants and Counterclaim Plaintiffs. | No. 19 Civ. 10023 (KPF) |

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

WHEREAS, discovery in this action may involve the production of the Parties' confidential business information;

IT IS HEREBY STIPULATED AND AGREED, by and among the parties to this action, through their undersigned counsel, that:

1. <u>Confidential Information</u>.  Confidential Information includes all information that is disclosed in discovery by any party to this Order that the producing party has determined, in good faith, constitutes non-public personal, confidential, or commercially sensitive information that requires the protections provided in this Stipulation.  Confidential Information may include, without limitation, non-public proprietary, commercially sensitive, or personally sensitive information that is not readily ascertainable through proper means by the party receiving such information and any documents subject to privacy protection under federal, state, or local law.

2. <u>Attorneys' Eyes Only Information.</u>  "Attorneys' Eyes Only" includes all information that is disclosed in discovery by any party to this Order that the producing party has

determined, in good faith, constitutes highly sensitive non-public personal, confidential, or commercially sensitive information that is of such a nature that risk of injury would be created if such material was seen by the directors, officers, agents, and employees of the named parties, or the beneficial holders of the notes issued by Petróleos De Venezuela, S.A. and guaranteed by PDVSA Petróleo, S.A. pursuant to the indenture dated October 28, 2016 (the "2020 Noteholders"), and therefore requires the highest level of protection provided in this Stipulation. For purposes of this Stipulation, Attorneys' Eyes Only Information may include, but is not limited to, non-public information related to: (i) trade secrets; (ii) confidential trading or investment information; (iii) proprietary or confidential investment strategies; (iv) confidential client information; (v) software and/or computer programs; (v) internal financial reports or plans that contain highly sensitive non-public information.

3. <u>Designation and Treatment of Confidential Information</u>.  All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits (hereinafter "Discovery Materials") designated as "Confidential" or "Attorneys' Eyes Only" shall be subject to this Order as set forth below:

a) The designation of Confidential or Attorneys' Eyes Only Information shall be made by placing or affixing on each page of the document so designated (if the information is produced in written form) or otherwise conspicuously labeling it on a part thereof (if in the form of tape, disc, or other form that makes it difficult to label each page), in a manner which will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  For any materials produced in native form such that they could not be conspicuously labelled with the appropriate confidentiality designation,

the inclusion of the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the file names or production slip sheets shall be deemed to comply with this requirement. One who provides material may designate it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" only when such person in good faith believes it contains Confidential or Attorneys' Eyes Only Information. By agreeing to this Order, no party waives the right to challenge any other party's designation. Except for documents produced for inspection at the party's facilities, the designation of Confidential or Attorneys' Eyes Only Information shall be made prior to, contemporaneously with, or (in the case of oral testimony) in accordance with paragraph 8 hereof. If a party later comes to believe that a document should have been, but was not, designated Confidential or Attorneys' Eyes Only, that party shall promptly designate the document and provide a replacement bearing the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" for the produced version at the producing party's expense. If corrected, an inadvertent failure to designate documents or information as Confidential or Attorneys' Eyes Only Information does not waive the designating party's right to secure protection of the documents or information under this Order.

b) Information or documents designated as Confidential or Attorneys' Eyes Only under this Order shall not be used or disclosed for any purpose other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). For the avoidance of doubt, counsel for a party may give opinions and advice relating to this action to his or her client based on counsel's evaluation of Confidential or Attorneys' Eyes Only material, but counsel may not thereby disclose the

contents of such Confidential or Attorneys' Eyes Only material (except as otherwise permitted by this Protective Order).

c) The parties are permitted to use Google translate or a similar tool to translate documents designated as Confidential or Attorneys' Eyes Only.

d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Confidential under this Order to any other person or entity, except that disclosure may be made in the following circumstances:

   i. Disclosure may be made to Court personnel in accordance with paragraph 4 below.

   ii. Disclosure may be made to outside counsel and employees of such counsel for the named parties who have responsibility for this action (including, for the avoidance of doubt, U.S. or Venezuelan licensed attorneys engaged by the office of the Special Attorney General of Venezuela, provided that they agree to be bound by the Order by executing a copy of Exhibit A hereto). Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, this Order.

   iii. Disclosure may be made to the directors, officers, agents, and employees of the named parties, and any such subsidiaries or affiliates thereof to the extent reasonably necessary to assist in the action. Any such director, officer, agent, or employee of the named parties to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, this Order.

   iv. Disclosure may be made to the 2020 Noteholders, and directors, officers, agents, and employees of such holders, to the extent reasonably necessary to assist in the

        action, *provided* that an authorized representative has previously agreed on its behalf to be bound by this Order by executing a copy of Exhibit A hereto. Any 2020 Noteholder to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, this Order.

v.   Disclosure may be made to court reporters and professional vendors to whom disclosure is reasonably necessary in connection with the action. Prior to disclosure to any such court reporter or professional vendor, such person must agree to be bound by this Order by executing a copy of Exhibit A hereto.

vi.   Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "Experts") retained by the parties or their counsel to assist in the action. Before disclosure to any Expert, the Expert must be informed of the provisions of this Order requiring that the documents and information be held in confidence and must execute a copy of Exhibit A hereto.

vii.   Disclosure may be made to persons indicated on the face of the Discovery Material to have been the author, addressee, or contemporaneous recipient of such material.

viii.   Disclosure may be made to a fact witness providing testimony by deposition or at any court proceeding provided that, prior to disclosure of confidential documents or information, the disclosing party advises the witness that, pursuant to this Order, he or she may not divulge such information to any other individual, and provided that the witness executes a copy of Exhibit A hereto. In the event the fact witness refuses to sign a copy of Exhibit A, he or she may be shown Confidential documents or information at a deposition only after, on the record

stating such refusal, and then being advised on the record of the following: "By order of the Court in this Action, you may not disclose in any manner any Confidential matter to any person or entity except in strict compliance with the provisions of this Order, and if you do so, you may be subject to a sanction by the court."

    ix. Disclosure may be made to any other persons as the parties may agree to in writing or as the Court may order.

e) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Attorneys' Eyes Only under this Order to any other person or entity, except that disclosure may be made in the following circumstances:

    i. Disclosure may be made to Court personnel in accordance with paragraph 4 below.

    ii. Disclosure may be made to outside counsel and employees of counsel for the named parties who have responsibility for this action (including, for the avoidance of doubt, Fernando Vera, Senior Legal Advisor to PDV Holding, Inc., but not including any personnel from the office of the Special Attorney General of Venezuela. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, this Order.

    iii. Disclosure may be made to court reporters and professional vendors to whom disclosure is reasonably necessary. Prior to disclosure to any such court reporter or professional vendor, such person must agree to be bound by this Order by executing a copy of Exhibit A hereto.

iv.  Disclosure may be made to Experts retained by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any Expert, the Expert must be informed of the provisions of this Order requiring that the documents and information be held in confidence and must execute a copy of Exhibit A hereto.

v.  Disclosure may be made to persons indicated on the face of the Discovery Material to have been the author, addressee, or contemporaneous recipient of such material.

vi.  Disclosure may be made to a fact witness providing testimony at a deposition or at any court proceeding, but not in advance of the testimony, provided that, prior to disclosure of confidential documents or information, the disclosing party advises the witness that, pursuant to this Order, he or she may not divulge such information to any other individual, and provided that the witness executes a copy of Exhibit A hereto. In the event the fact witness refuses to sign a copy of Exhibit A, he or she may be shown Attorney's Eyes Only Confidential documents or information at a deposition only after, on the record stating such refusal, and then being advised on the record of the following: "By order of the Court in this Action, you may not disclose in any manner any Confidential matter to any person or entity except in strict compliance with the provisions of this Order, and if you do so, you may be subject to a sanction by the court."

vii.  Disclosure may be made to any other persons as the parties may agree to in writing or as the Court may order.

f) Except as provided in subparagraphs (c) and (d) above, counsel for the parties shall keep all documents designated as Confidential or Attorneys' Eyes Only which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

g) The protections conferred by this Order cover not only Confidential and Attorneys' Eyes Only Information but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof (hereinafter referred to collectively as "copies"), plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential or Attorneys' Eyes Only Information. All copies of documents or information designated as Confidential or Attorneys' Eyes Only under this Order or any portion thereof, shall be immediately affixed with the appropriate legend, CONFIDENTIAL or ATTORNEYS' EYES ONLY, if that legend does not already appear.

4. <u>Court Filings:</u> In the event that counsel for any party decides to file with or submit to the Court any Confidential or Attorneys' Eyes Only Information, the following procedures shall be used:

a) All information subject to confidential treatment in accordance with the terms of this Stipulation and Protective Order that is filed with the Court, and any pretrial pleading, motions, or other papers filed with the Court disclosing any Confidential or Attorneys' Eyes Only Information shall be e-filed under seal and kept under seal until further order of this Court.

b) The parties shall refrain from including Confidential or Attorneys' Eyes Only Information in the titles of the documents filed with the Court so that, in all instances, the

titles of the documents — and the Court's docket sheet reflecting those titles — may remain public.

c) All filings to be filed under seal, in whole or in part, must be so designated by the party making the filing. The party seeking leave to file under seal an entire submission shall not file anything on ECF in the first instance, and instead shall e-mail an unredacted copy of the submission to the Court (copying counsel of record to all parties in this action), including as an attachment to the e-mail a letter motion seeking leave to file the document under seal. Filings containing Confidential or Attorneys' Eyes Only Information may be filed under seal in their entirety.

d) When a document filed under seal contains both non-confidential information and Confidential and/or Attorneys' Eyes Only Information, an unredacted version of the document shall be filed under seal, and a version of the document with only the non-confidential portions shall be filed publicly within five days of the filing of the document under seal.

e) When a document filed under seal contains both Confidential and Attorneys' Eyes Only Information, a version of the document with only the Attorneys' Eyes Only Information redacted shall be served on the other Parties within three business days of the filing of the document under seal.

f) The mere inclusion in a paper or pleading of factual information derived from documents or things designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" will not require that paper or pleading to be filed under seal if the parties to this litigation agree in writing prior to filing the paper or pleading that the factual information actually contained in that paper or pleading would not itself be properly subject to such designation. If the

parties cannot resolve a dispute regarding the inclusion in a paper or pleading of facts from documents or things marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the procedures of this paragraph shall be followed prior to the filing of any such paper or pleading.

5. <u>Trial or Public Hearings</u>.  The parties shall meet and confer before trial or any public hearing at which Confidential or Attorneys' Eyes Only Information may be used concerning procedures to protect the confidentiality of such information.

6. <u>Compelled Disclosure.</u>  If a party (the "Receiving Party") is served with a discovery request, subpoena, or order issued in other litigation that would compel disclosure of any Discovery Materials designated as Confidential or Attorneys' Eyes Only, the Receiving Party must notify the party that designated the Discovery Material as Confidential or Attorneys' Eyes Only Information (the "Producing Party") in writing and include a copy of the discovery request, subpoena or order as soon as reasonably practicable.  In the event the Producing Party objects to the production of any or its Confidential or Attorneys' Eyes Only Information, the Producing Party may seek a protective order from the Court (or from the court from which the discovery request, subpoena, or order was issued), and the Receiving Party shall refrain from producing any of its Confidential or Attorneys' Eyes Only Information until it has a reasonable opportunity to seek a protective order or while such motion is pending.  The Receiving Party shall refrain from producing any Confidential or Attorneys' Eyes Only Information to which such objection has been made until the resolution of the Producing Party's request; <u>provided</u> that nothing herein shall require the Receiving Party to violate any court order or subpoena from a United States government agency.

7.      Unauthorized Disclosure.  In the event of a disclosure by a Receiving Party of Confidential or Attorneys' Eyes Only Information to persons or entities not authorized by this Order to receive such Confidential or Attorneys' Eyes Only Information, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Confidential or Attorneys' Eyes Only Information subject to this Order; (ii) immediately make reasonable efforts to recover the disclosed Confidential or Attorneys' Eyes Only Information as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential or Attorneys' Eyes Only Information and ensure against further dissemination or use thereof.  Disclosure of Confidential or Attorneys' Eyes Only Information other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

8.      Objections to Designations.  The parties shall attempt to resolve in good faith within three business days any disputes over a designation of confidentiality.  If any such dispute cannot be resolved within three business days, the party objecting to the confidential nature of the information may, on an expedited basis, move for an order relieving it from the obligations of this Order.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.  The provisions of Fed. R. Civ. P. 37 apply to such motions.

9.      Use in Depositions.  Information disclosed at any deposition or hearing may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by a statement on the record or within ten (10) business days of the receipt of the transcript of the deposition or hearing, that the

testimony, or any portion thereof contains Confidential or Attorneys' Eyes Only Information and is subject to this Order. Whether or not designation is made at the time of a deposition or hearing, all deposition and hearing transcripts shall be treated as Attorneys' Eyes Only Information from the date of the deposition or hearing until ten (10) business days after the receipt of the transcript, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.

10. <u>Third Party Discovery.</u>  To the extent that any discovery is sought from a person or entity who is not a party to this litigation, and in the event such third party or any of the parties hereto contend the discovery sought from the third party by a requesting party involves Confidential or Attorneys' Eyes Only Information, then such third party may agree to be bound by this Order by executing a copy of Exhibit A hereto, and to produce documents in compliance with this Order, and shall provide all parties with copies of the executed Exhibits A.  In the event such third party agrees thereby to be bound by this Order, then this Order will apply to that party; provided, however, that non-parties Contrarian Capital Management, Blackrock Financial Management, and Ashmore Investment Management (US) (who anticipate producing documents in response to subpoenas previously served upon them) agree with respect to their productions that designations of materials as "Attorneys Eyes Only" shall be limited only to (i) materials reflecting such producing noteholder's trading records, holding and position data, profit margins, and the identities of investment clients, or (ii) such other categories of information as may subsequently be agreed between their counsel and counsel for the parties to this litigation.

11. <u>Use of Party's Own Documents or Information.</u>  Nothing herein shall restrict the right of a party or nonparty to use or disclose its own information or information that it has obtained other than through discovery.  If disclosure of a document labeled Confidential or

Attorneys' Eyes Only is made by the Producing Party in a document filed with the Court not under seal, in a court hearing, or a deposition and not designated Confidential or Attorneys' Eyes Only, such information shall no longer be considered Confidential Information or Attorneys' Eyes Only.

12. <u>Enforcement</u>.  The parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Court.  The provisions of this Stipulation shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including any appeals.

13. <u>Non-Waiver of Privilege.</u>  Under Fed. R. Evid. 502(d), the disclosure of any communication or information that is subject to a claim of attorney-client privilege or work product protection shall not waive the privilege or protection for the communication or information or the subject matter contained therein, in this litigation or in any other federal or state proceeding.

14. <u>Return of Inadvertently Disclosed Materials</u>.  Upon notice by the Producing Party under Rule 26(b)(5)(B) that any communication or information produced in discovery is subject to a claim of attorney-client privilege or work product protection, the Receiving Party shall return or destroy the specified communication or information and any copies it has.  The Producing Party will provide duplicate media not containing the communication or information, and a revised privilege log, within three days of return or notice of destruction.  Any inadvertently disclosed material cannot be used in a dispute over privilege.  Any objection to a claim that any communication or information is privileged or otherwise protected from discovery

shall be made to the Producing Party within three business days of the receipt of such a claim of privilege or protection.  Following the receipt of such an objection, the parties shall meet and confer in an effort to resolve any disagreement regarding the Producing Party's designation of the material as privileged or protected.  If the parties cannot resolve their disagreement within five business days, the Receiving Party may, on an expedited basis, move for an order compelling disclosure of the material.  While any such application is pending, the material subject to that application will be treated as privileged until the Court rules.  If the Court determines that such material is privileged or protected, the Receiving Party shall immediately return or destroy such inadvertently disclosed material  and all copies thereof and, upon the request of the Producing Party, shall provide the Producing Party with a certification that all such material has been returned or destroyed.  If the Receiving Party does not move for an order compelling disclosure within fifteen calendar days from the receipt of the notice from the Producing Party that materials are subject to a claim of privilege or work product protection (regardless of whether parties met and conferred on the subject), or such later date as the Producing Party and the Receiving Party may agree, the material in question shall be deemed privileged or protected, in which case the Receiving Party shall immediately return or destroy such inadvertently disclosed material and all copies thereof.

15. <u>Return of Confidential and Attorneys' Eyes Only Information at the Conclusion of the Litigation.</u>  Within 60 days of the conclusion of this action, including any appeals, all persons having received material treated as Confidential or Attorneys' Eyes Only Information under this Order shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such information and certify that fact to the producing parties, subject to the limitations set forth in this paragraph.  First, counsel are entitled

to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Attorneys' Eyes Only Information. Any such archival copies that contain or constitute Confidential or Attorneys' Eyes Only Information shall remain subject to this Order. Second, the Parties may retain Confidential and Attorneys' Eyes Only Information to the extent necessary to comply with applicable laws or regulations. Third, a receiving party, including its counsel and advisors, shall not be obligated to return or destroy Confidential or Attorneys' Eyes Only Information from backups or other such inaccessible storage media, provided that such party (and its counsel and advisors) shall not attempt to access such Confidential or Attorneys' Eyes Only Information, and if such Confidential or Attorneys' Eyes Only Information later become accessible due to restoration of such backups or otherwise, the party shall not access the Confidential or Attorneys' Eyes Only Information for any purpose except to delete or destroy it (provided however that any e-discovery database hosting a bulk collection of Confidential or Attorneys' Eyes Only Information shall be destroyed, along with any backups).

16. <u>Reservation of Rights to Object to Discovery.</u> Nothing herein shall be deemed to prevent a Producing Party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal, or proprietary nature of the information being sought or to preclude a party from seeking additional or further limitations on the use or disclosure of such information being sought in discovery.

17. <u>Limited Waiver or Default.</u> No waiver of any breach or default shall be deemed or construed to constitute a waiver of any other violation or other breach of any of the terms, provisions and covenants contained in this Order, and forbearance to enforce one or more of the

remedies provided herein in the event of a default will not be deemed or construed to constitute a waiver of that default or of any other remedy provided for in this Order.

18. <u>Amendment.</u>  This Order may be amended by agreement of the parties and further order of the Court.  The parties reserve their rights to seek amendment of this Order as necessary to allow for the use and continued protection of Confidential and Attorneys' Eyes Only Information and information subject to any applicable privileges or protections.

Dated:  February 7, 2020

| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | LATHAM & WATKINS LLP |
|---|---|
| By: /s/ Walter Rieman<br>Roberto Gonzalez*<br>Jonathan Hurwitz<br>Shane Avidan<br>Zachary Kaye | By: *Matthew S. Salerno* /by JHH<br>with authorization<br>Christopher J. Clark<br>Mattew S. Salerno |
| 1285 Avenue of the Americas<br>New York, New York 10019<br>(212) 373-3000 | 885 Third Avenue<br>New York, New York 10022<br>(212) 906-1200 |
| 2001 K Street NW<br>Washington, D.C. 20006<br>(202) 223-7300 | |

*pro hac vice application forthcoming*

*Attorneys for Defendants and Counterclaim Plaintiffs and, with respect to Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys for non-parties Contrarian Capital Management, Blackrock Financial Management, and Ashmore Investment Management (US)*

**PAUL HASTINGS LLP**

By: _____
    Kurt W. Hansson
    James R. Bliss
    James B. Worthington

200 Park Avenue
New York, New York 10166
(212) 318-6000

*Attorneys for Plaintiffs and Counterclaim Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*

**WILLKIE FARR & GALLAGHER LLP**

By: _____
    Tariq Mundiya
    Jeffrey B. Korn
    Michael J. Gottlieb

787 Seventh Avenue
New York, New York 10019
(212) 728-8000

1875 K Street NW
Washington DC 20006
(202) 303-1442

*Attorneys for Plaintiff and Counterclaim Defendant PDV Holding, Inc.*

PAUL HASTINGS LLP

By: _____
    Kurt W. Hansson
    James R. Bliss
    James B. Worthington

200 Park Avenue
New York, New York 10166
(212) 318-6000

*Attorneys for Plaintiffs and Counterclaim Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*

WILLKIE FARR & GALLAGHER LLP

By: *[signature]*
    Tariq Mundiya
    Jeffrey B. Korn
    Michael J. Gottlieb

787 Seventh Avenue
New York, New York 10019
(212) 728-8000

1875 K Street NW
Washington DC 20006
(202) 303-1442

*Attorneys for Plaintiff and Counterclaim Defendant PDV Holding, Inc.*

SO ORDERED:

*[signature]*
_____
KATHERINE POLK FAILLA
United States District Judge

Dated: February 10, 2020
       New York, New York

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> - against - <br><br> MUFG UNION BANK, N.A. and GLAS AMERICAS LLC, <br><br> Defendants and Counterclaim Plaintiffs. | No. 19 Civ. 10023 (KPF) |

      I hereby certify (i) my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Protective Order (the "Order") entered by the United States District Court for the Southern District of New York and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Order.

DATE: _____     SIGNATURE: _____