**EXHIBIT 4**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PETROLEOS DE VENEZUELA, S.A.,
PDVSA PETROLEOS, S.A., and PDV
HOLDING, INC.,

        **Plaintiffs,**

        v.

MUFG UNION BANK N.A. and GLAS
AMERICAS LLC,

        **Defendants.**

**No. 1:19-cv-10023-KPR**
**HOGAN LOVELLS US**
**LLP'S OBJECTIONS AND**
**RESPONSES TO**
**DEFENDANTS' NOTICE OF**
**SUBPOENA**

---

Hogan Lovells US LLP ("HLUS"), pursuant to Federal Rule of Civil Procedure 45, hereby responds to the Notice of Subpoena ("Subpoena") served on HLUS by Defendants in the above-captioned matter as follows:

## OBJECTIONS[1]

**Objection No. 1:**  HLUS objects to the Subpoena's requests to the extent that HLUS does not have possession, custody, or control over certain of the Documents and Communications responsive to the requests.  Any statement that HLUS will produce non-privileged responsive documents is not a representation that responsive documents exist, but is only a statement that to the extent non-privileged responsive documents are in the possession, custody, or control of HLUS, they will be produced subject to any other applicable objections.

**Objection No. 2:**  Federal Rule of Civil Procedure 45(d) requires Defendants to "take reasonable steps to avoid imposing undue burden and expense on a person subject to the

---

[1]     Unless otherwise noted herein, in these Objections and Responses, HLUS shall utilize (i) the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 or (ii) the un-objected to definitions contained in Exhibit 1 of the Subpoena.

1

subpoena." Fed. R. Civ. P. 45(d). Defendants are well aware that HLUS has provided, and continues to provide, legal services to Plaintiff, Petróleos de Venezuela, S.A. ("PDVSA"), and certain of its affiliated companies. Yet the Subpoena contains numerous requests that clearly invade the attorney-client privilege, attorney work product doctrine, and other applicable doctrines preventing disclosure. Specifically with regard to the Subpoena's document requests that call for the production of privileged documents and communications, Defendants have not taken reasonable steps to avoid imposing an undue burden on HLUS. In order to comply with the Federal Rules of Civil Procedure, generally, and Local Civil Rule 26.2(b), in particular, Defendants' Subpoena would require HLUS to provide, for each privileged document, the following information: "(i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addresses of the document, and any other recipients, and, where not apparent, the relationship of the author, addresses, and recipients of each other." S.D.N.Y. L. Civ. R. 26.2(b). HLUS objects to having to provide the information required by Local Civil Rule 26.2(b) with regard to each of the Subpoena's document requests and, unless Defendants voluntarily waive this requirement, HLUS will seek Court intervention to prevent HLUS from being unduly burdened by having to respond to Defendants' document requests—most of which clearly implicate the production of privileged information.

Unless otherwise specified in these Objections and Responses, HLUS only will produce non-privileged, responsive documents that have been transmitted to third parties. To purport to require HLUS to sift through hundreds of thousands of emails constituting privileged internal discussions or privileged communications with PDVSA and/or its agents regarding the transactions in question in this matter is patently unduly burdensome and unreasonable.

**Objection No. 3:**    Approximately 38 timekeepers from HLUS and Hogan Lovells International ("HLI") provided legal services to Plaintiffs in relation to the transaction involving the 2020 Notes.  As asserted above, Defendants have failed to tailor the Subpoena to avoid imposing an undue burden on HLUS, and it would be unreasonable to require HLUS to search for non-privileged, responsive documents from all HLUS timekeepers who provided legal services to Plaintiffs.  Therefore, in responding to the Subpoena, HLUS will search (i) for non-privileged, responsive Documents and Communications from the seven (7) HLUS attorneys who had primary responsibility for the transactions involving the Notes and/or principally contributed to the legal analysis of the legality of the 2020 Notes under applicable laws; (ii) non-privileged, responsive Documents and Communications relating to the Notes transaction that are stored in HLUS's document management system; and (iii) non-privileged, responsive Documents and Communications that are stored in general folders for legal work for PDVSA during the 1 April 2016 through 31 December 2016 time frame.  This will involve a review of (i) the emails in the seven attorneys' retained client file folders on Outlook that pertain to the Notes transaction; (ii) the Documents and Communications saved on HLUS's document management system under the client/matter numbers relevant to the Notes transaction; and (iii) the approximately 490,000 emails that are stored in general folders relating to PDVSA legal work, performed from 1 April 2016 through 31 December 2016, and identifying those responsive Documents and Communications that were sent to, received by, or copied to, the following third-party domain names: (i) @unionbank.com; (ii) @lawdeb.com; (iii) @glas.agency; (iv) @euroclear.com; (v) @dfkingltd.com; (vi) @bil.com; (vii) kelleydrye.com; (viii) @dentons.com; and (iv) @sewkis.com.

Further, HLUS only participated, in a limited role as Venezuelan local counsel, in the October 2010 and January 2011 issuances relating to the 2017 Notes. HLUS did not participate in the issuance of the 2017 Notes that took place in April 2007. Due to the closure of HLUS's Caracas office in January 2018, HLUS possesses only certain non-privileged, responsive Documents related to October 2010 and January 2011 issuances relating to the 2017 Notes.

**Objection No. 4:** In its 7 November 2019 letter to the Court, Defendants' counsel stated that "this action relates to approximately $1.68 billion in current principal amount of 2020 Notes issued in **<u>October 2016</u>** by [Plaintiffs]." *See* 7 November 2019 letter from Defendants' counsel to Court [Doc. 20] (emphasis added). Despite recognizing that the applicable time frame for the Notes transaction is limited to 2016, Defendants' Subpoena has three unreasonable "Relevant Time Periods." First, Defendants state that "[u]nless otherwise specified, each Request calls for the production of responsive Documents created during or Concerning, in whole or in part, any time between January 1, 2016 and the date of Your response." Subpoena, Ex. 2. Defendants define a second Relevant Time Frame, stating "[f]or the purposes of any Requests Concerning the 2017 Notes, the Relevant Time Period is January 1, 2007, to the date of Your response." *Id*. Defendants also purport to impose a third Relevant Time Period, stating "[f]or purposes of any Requests Concerning the National Assembly, the Relevant Time Period is January 1999 to the date of Your response." *Id*.

Because this case involves the 2020 Notes, which were issued in 2016, it is patently unreasonable to purport to require HLUS to search for documents spanning nearly 4-year, 12-year, and 20-year "Relevant Time Periods." Unless otherwise noted within these Objections and Responses, HLUS has limited its searches for non-privileged, responsive Documents and Communications from 1 April 2016 through 31 December 2016.

4

**Objection No. 5:**  HLUS objects to Definition "O," contained in Exhibit 1 of Plaintiffs' Subpoena.  These Objections and Responses are filed on behalf of HLUS, which is the legal entity that received service of the Subpoena.  HLUS will not be producing documents to the extent they exist solely in the possession of HLI.

**Objection No. 6:**  HLUS objects to the Subpoena's requests to the extent they seek data whose transfer to the United States would be prohibited by foreign data protection and/or privacy laws.  Such Documents and Communications shall not be provided in response hereto.

**Objection No. 7:**  HLUS objects to the Subpoena's requests to the extent that they call for the production of Documents and Communications that are neither material to, nor necessary for, the prosecution or defense of this action.

**Objection No. 8:**  HLUS objects to the Subpoena's requests to the extent that they are overly broad, unduly burdensome, harassing, duplicative, or unnecessary, as prohibited by applicable law.

**Objection No. 9:**  HLUS objects to the Subpoena's requests to the extent that they call for information outside of HLUS's knowledge, possession, custody and control, and/or are equally or more readily available to plaintiffs from the parties in this action, third parties, or otherwise.

**Objection No. 10:**  HLUS objects to the Subpoena's requests to the extent that they seek Documents and Communications that are publicly available and/or seek information or documents already within Defendants' knowledge, possession, custody, or control, or available from other third parties.

**Objection No. 11:**  HLUS objects to the Subpoena's requests to the extent that they require HLUS to assume any disputed facts or to reach any legal conclusions in interpreting the

meaning of the Subpoena's requests and/or answering them and/or identifying responsive Documents.  Any Documents or Communications provided by HLUS with respect to any such request is without prejudice to this objection, and does not, by responding to any request, adopt or agree with any such disputed facts or legal conclusions.

**Objection No. 12:**  HLUS objects to the Subpoena's requests to the extent that they presume that the Documents and Communications sought exist, and/or to the extent that they assert facts or legal conclusions in defining the requested information.

**Objection No. 13:**  HLUS reserves the right to revise, supplement, or update its responses to the Subpoena's requests at any time.

**Objection No. 14:**  HLUS's responses are made without waiver, and with preservation, of all objections as to competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purposes in any further proceeding in this action (including a trial of this action) and for any other action or proceeding.

**Objection No. 15:**  No response or objection made herein, or lack thereof, shall be deemed an admission by as to the existence or nonexistence of Documents and Communications.

**Objection No. 16:**  HLUS's failure to object to a request on a particular ground shall not be construed as a waiver of its right to object on that or any other additional grounds.

**Objection No. 17:**  HLUS objects to Definition "E" to the extent it purports to impose a discovery obligation on any person who is not a party to this action.

**Objection No. 18:**  HLUS objects to producing any Documents or Communications relating to CITGO because CITGO is not a party to this action and Defendants can seek CITGO-related information from other sources.  HLUS will not produce non-privileged, responsive

CITGO-related documents unless they have been sent to third parties from 1April 2016 through 31 December 2016.

**Objection No. 19:**   HLUS objects to the Instructions contained in Exhibit 2 of the Subpoena to the extent that they are inconsistent with, or purport to require HLUS to exceed its obligations under, the Federal Rules of Civil Procedure.

**Objection No. 20:**   As set forth in Defendants' November 7, 2019 letter to the Court [Doc. 20], Plaintiff, PDV Holding, "is a wholly owned subsidiary of PDVSA, of 50.1% of the capital stock of the parent company of Citgo Petroleum Corp. ("Citgo")."   Since it is an indirect subsidiary of Plaintiffs, HLUS's position is that Documents and Communications Concerning CITGO are privileged and therefore shall not be produced unless they are responsive, non-privileged Documents and Communications that have been sent to third parties from 1 April 2016 through 31 December 2016.

**Objection No. 21:**   HLUS objects to producing any Documents or Communications Concerning KPMG in the context of the 2020 Notes transaction to the extent that they are covered by the attorney work product doctrine or attorney-client privilege.

**Objection No. 22:**   The Subpoena purports to require HLUS to produce responsive documents on 5 January 2020, which is a Sunday.   Unless a different date is agreed upon by Defendants and HLUS, HLUS will begin production of non-privileged, responsive documents on 6 January 2020.

**Objection No. 23:**   In addition to the other search parameters contained in these Objections, HLUS's production of non-privileged, responsive documents will be comprised of Documents and Communications that were identified through a reasonable search.

## OBJECTIONS AND RESPONSES

### SUBPOENA'S REQUESTS FOR PRODUCTION

**Request No. 1:**  All Documents Concerning any legal opinions (including, but not limited to, all drafts of such opinions) Concerning the 2017 Notes, the 2020 Notes, or the Governing Documents, including, but not limited to: (i) the opinion letter dated October 28, 2016, from Hogan Lovells US LLP in connection with the Exchange; and (ii) the opinion letter dated October 28, 2016, from Despacho de Abogados Hogan Lovells, S.C. in connection with the Exchange.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce (a) with regard to the 2020 Notes and the Governing Documents, non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016, and (b) with regard to the 2017 Notes, non-privileged, responsive Documents and Communications, within the scope described in Objections 3 and 4, relating to the October 2010 and January 2011 issuances of the 2017 Notes.

**Request No. 2:**  Any Documents Concerning any certificates or legal opinions provided or required to be provided pursuant to the Indenture, including but not limited to Sections 8.14 and 10.13 thereof.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 3:**  For each legal opinion or certificate responsive to Request Nos. 1 and 2, documents sufficient to identify each Hogan Lovells lawyer who: (a) signed the opinion or certificate (whether in the lawyer's own name or in Your name); (b) approved on Your behalf the signing or delivery of the opinion or certificate; or (c) drafted or otherwise worked on the opinion or certificate, including as reflected in your timekeeping or billing records.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive

Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 4:**   All Documents Concerning the legality or validity under the laws of any jurisdiction of the 2017 Notes, the 2020 Notes, or the Governing Documents.

**HLUS's Objections and Responses:**   Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce (a) with regard to the 2020 Notes and the Governing Documents, non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016 and (b) with regard to the 2017 Notes, non-privileged, responsive Documents and Communications, within the scope described in Objections 3 and 4, relating to the October 2010 and January 2011 issuances of the 2017 Notes.

**Request No. 5:**  All Documents Concerning the National Assembly Resolution dated September 27, 2016, referred to in paragraph 50 of the Complaint as the "September Resolution."

**HLUS's Objections and Responses:**   Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 6:**  All Documents Concerning the decision of the Venezuelan Supreme Tribunal identified in paragraph 54 of the Complaint.

**HLUS's Objections and Responses:**   Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 7:**  All legal authorities, including, but not limited to, court decisions, statutes, legislative acts, legal opinions, or scholarly works, Concerning whether any transactions by PDVSA (including by its subsidiaries and including, but not limited to, those identified in Exhibit 5) or other state-owned or state-controlled entities are contracts in the public interest, national interest, or require authorization by the National Assembly pursuant to Article 150 of the Venezuelan Constitution or otherwise.

**HLUS's Objections and Responses:**  HLUS objects specifically to this request because it is not required to perform legal research to respond to the Subpoena.  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19 and this specific objection, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 8:**  All Documents Concerning the National Assembly's functions or powers under Article 187(3) in relation to any transaction by any of the Plaintiffs.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 9:**  All Resolutions of the National Assembly Concerning Article 150 and any issuance of debt or transaction by any of the Plaintiffs.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive Documents that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 10:**  All decisions of the Supreme Tribunal of Justice of the Bolivarian Republic of Venezuela concerning Articles 150, 187(3), and 187(9) of the Venezuelan Constitution.

**HLUS's Objections and Responses:**  HLUS objects specifically to this request because it is not required to perform legal research to respond to the Subpoena.  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19 and this specific objection,

HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 11:**   All legal authorities, including but not limited to, court decisions, statutes, legislative acts, legal opinions, or scholarly works, Concerning whether the National Assembly was empowered to exercise its powers during the Relevant Time Period.

**HLUS's Objections and Responses:**   HLUS objects specifically to this request because it is not required to perform legal research to respond to the Subpoena.   Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19 and this specific objection, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 12:**   All Documents Concerning the negotiation of the Notes, the Exchange, the Pledge, or the Governing Documents, or their respective terms.

**HLUS's Objections and Responses:**   Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce (a) with regard to the 2020 Notes, the Exchange, the Pledge, and the Governing Documents, non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016 and (b) with regard to the 2017 Notes, non-privileged, responsive Documents and Communications, within the scope described in Objections 3 and 4, relating to the October 2010 and January 2011 issuances of the 2017 Notes.

**Request No. 13:**  All Documents Concerning the 2020 Notes.

**HLUS's Objections and Responses:**   Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce, with regard to the 2020 Notes, non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 14:**  All Documents Concerning the 2017 Notes.

11

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce, with regard to the 2017 Notes, non-privileged, responsive Documents and Communications, within the scope described in Objections 3 and 4, relating to the October 2010 and January 2011 issuances of the 2017 Notes.

**Request No. 15:**  All Documents Concerning the Exchange.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce, with regard to the Exchange, non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 16:**  All Documents Concerning the Pledge.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce, with regard to the Pledge, non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 17:**  All Documents Concerning any of the Governing Documents.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce, with regard to any of the Governing Documents, non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 18:**  All Documents Concerning the purpose of the Exchange, or any actual or anticipated financial benefit to Plaintiffs of the 2020 Notes or the Exchange.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive

Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 19:**  All Documents Concerning the approval of the 2017 Notes, 2020 Notes, or the Governing Documents by the Boards of Directors of Plaintiffs; Plaintiffs' shareholders; the Venezuelan Government; the National Assembly; the Supreme Tribunal of Justice of the Bolivarian Republic of Venezuela; or any other person with actual or purported approval authority.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 20:**  All Documents Concerning the approval of the 2017 Notes, 2020 Notes, or the Governing Documents by the Boards of Directors of Plaintiffs; Plaintiffs' shareholders; the Venezuelan Government; the National Assembly; the Supreme Tribunal of Justice of the Bolivarian Republic of Venezuela; or any other person with actual or purported approval authority.

**HLUS's Objections and Responses:**   HLUS objects specifically to this request because Defendants may obtain these documents from Plaintiffs or other sources.  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19 and this specific objection, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 21:**  The resolution of the Board of Directors of PDVSA and PDVSA Petróleo dated September 7, 2016, and the Shareholders Meeting Minutes of PDVSA dated September 8, 2016, approving the terms of the Transaction Documents to which PDVSA and the PDVSA Petróleo are a party and the transactions contemplated thereby and the execution, delivery, and performance by PDVSA and PDVSA Petróleo of such Transaction Documents; authorizing a specified person or persons to execute such Transaction Documents on PDVSA and PDVSA Petróleo's behalf; and authorizing a specified person or persons, on PDVSA and PDVSA Petróleo's behalf, to sign all Documents and notices to be signed by PDVSA and PDVSA Petróleo under or in connection with such Transaction Documents.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive Documents and Communications.

**Request No. 22:**  The resolution of the Board of Directors of PDVSA dated September 21, 2016, and the Shareholders Meeting Minutes of PDVSA dated September 21, 2016, approving the modification of certain terms and conditions of the Exchange.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive Documents and Communications.

**Request No. 23:**  Documents sufficient to identify all Persons involved in the negotiation, drafting, execution, or performance of the 2020 Notes or the Governing Documents, including, but not limited to, any legal, financial, or other advisors of Plaintiffs, and any Persons involved in the sale or marketing of the Exchange or the 2020 Notes.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive Documents and Communications, sufficient to identify the requested information, that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 24:**  All Documents Concerning communications with Credit Suisse Securities (USA) LLC or any of its affiliates Concerning the 2017 Notes, the 2020 Notes, the Governing Documents, or any other actual or potential refinancing, repurchase, or exchange of the 2017 Notes.

**HLUS's Objections and Responses:**  HLUS objects specifically to this request because Credit Suisse was the agent of HLUS's clients (the Plaintiffs in this action) in connection with the 2020 Notes transaction, and HLUS's communications with Credit Suisse and its law firm, White & Case LLP, are therefore privileged and not subject to disclosure.  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, and 19 and this specific objection,

HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 25:**  All Documents Concerning the use of proceeds of the 2017 Notes.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 26:**  All by-laws, articles of incorporation, and articles of organization of CITGO and CITGO Holding.

**HLUS's Objections and Responses:**   HLUS objects specifically to this request because Defendants may obtain these documents from Plaintiffs or other sources.  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 18, 19, and 20 and this specific objection, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 27:**  All Documents Concerning any interest payment made on the 2020 Notes, including: (a) the source of such interest payment, and (b) all corporate or governmental approvals Concerning the interest payment (including any approval by the National Assembly).

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive Documents that were transmitted to third parties.

**Request No. 28:**  All Documents Concerning the April 2019 interest payment on the 2020 Notes, including: (a) the source of such interest payment, (b) all corporate or governmental approvals Concerning the interest payment (including approval by the National Assembly), and (c) any alleged "protest" by or on behalf of Plaintiffs or the Venezuelan Government Concerning such payment.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive Documents, that were transmitted to third parties.

**Request No. 29:** All Documents Concerning PDVSA's failure to make an approximately $913 million payment on the 2020 Notes due on October 28, 2019, as alleged in paragraph 9 of the Complaint.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17 and 19, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties.

**Request No. 30:**  All by-laws, resolutions, or policies of any of Plaintiffs, CITGO, or CITGO Holding Concerning requirements for approval of debt issuances (including, but not limited to, any identified in Exhibit 5), or sale or pledge of assets, including approval by the National Assembly or the Venezuelan Government.

**HLUS's Objections and Responses:**  HLUS objects specifically to this request because Defendants may obtain these documents from Plaintiffs or other sources.  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 18, 19 and 20 and this specific objection, HLUS will produce non-privileged, responsive Documents that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 31:**  Audited financial statements for each of Plaintiffs, CITGO, or CITGO Holding during the Relevant Time Period.

**HLUS's Objections and Responses:**  HLUS objects specifically to this request because Defendants may obtain these documents from Plaintiffs or other sources.  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 18, 19, 20, and 21 and this specific objection, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

16

**Request No. 32:**   For each of Plaintiffs, CITGO and CITGO Holding, all Documents Concerning its: (a) domicile, residence, nationality, place of organization or incorporation, and principal place of business; (b) location of any office or agent who participated in the contracting, negotiation, execution, or performance of the 2020 Notes; (c) any contacts with New York; and (d) any contacts with the United States.

**HLUS's Objections and Responses:**   HLUS objects specifically to this request because Defendants may obtain these documents from Plaintiffs or other sources.  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 18, 19, 20, and 21 and this specific objection, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 33:**  For each of Plaintiffs, CITGO and CITGO Holding, Documents sufficient to show the location of its assets valued at more than $100 million.

**HLUS's Objections and Responses:**   HLUS objects specifically to this request because Defendants may obtain these documents from Plaintiffs or other sources.  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 18, 19, 20, and 21 and this specific objection, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 34:**  Documents sufficient to show all assets of each of Plaintiffs, CITGO and CITGO Holding located in the state of New York.

**HLUS's Objections and Responses:**   HLUS objects specifically to this request because Defendants may obtain these documents from other sources.  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 18, 19 and 20 and this specific objection, HLUS objects to the production of Documents and Communications pursuant to this request.

**Request No. 35:**  All Documents Concerning the marketing, sale, or distribution of the 2020 Notes in New York or the United States.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, and 19, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 36:**  Documents sufficient to show the number or percentage of 2020 Notes held by Persons in New York, the United States, and Venezuela any time between the respective dates of issuance and October 28, 2019.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 19 and 20, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 37:**  Copies of each Global Note for the 2020 Notes, including executed and any draft versions.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 19 and 20, HLUS will produce non-privileged, responsive Documents that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 39**  All Documents sufficient to show registrations or licenses of each of Plaintiffs, CITGO and CITGO Holding with any government agency of the United States or any political subdivision thereof.

**HLUS's Objections and Responses:**   HLUS objects specifically to this request because Defendants may obtain these documents from other sources.  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 18, 19 and 20 and this specific objection, HLUS objects to the production of Documents and Communications pursuant to this request.

**Request No. 40**  Documents, whether or not created during or Concerning the Relevant Time Period, sufficient to identify (a) any issuances of debt by Plaintiffs, including, but not limited to, those identified in Exhibit 5, (b) any sale or pledge of stock of CITGO or CITGO Holding, or (c) any sale or pledge of assets of CITGO or CITGO Holding sold or pledged for, or with a value of, more than $100 million.

**HLUS's Objections and Responses:**   HLUS objects specifically to this request because

Defendants may obtain these documents from other sources.  Subject to, and without waiving,

the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 18, 19 and 20 and this specific

objection, HLUS objects to the production of Documents and Communications pursuant to this

request.

**Request No. 41**  For each transaction described in the preceding paragraph: (a) any governing indenture or other governing agreements; (b) any offering Document or prospectus; (c) any legal opinions Concerning any requirements for approval of such transaction (including, but not limited to, approval by the National Assembly); (d) any documents indicating the applicable interest rate or rate of return on these transactions; (e) any documents indicating any collateral or pledge associated with the transactions; (f) all Documents Concerning any approval or disapproval, or effort to obtain approval, by the National Assembly or the Venezuelan Government; and (g) all Documents Concerning the adequacy, sufficiency, or legality of the transaction, including any legal opinions and any representations Concerning such adequacy, sufficiency, or legality.

**HLUS's Objections and Responses:**   HLUS objects specifically to this request because

Defendants may obtain these documents from other sources.  Subject to, and without waiving,

the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, and 19 and this specific objection,

HLUS objects to the production of Documents and Communications pursuant to this request.

**Request No. 42**  All Documents sufficient to show any transactions by or Concerning CITGO or CITGO Holding that purport to be in the public interest or national public interest as those terms are used in Article 150 of the Venezuelan Constitution, or that require authorization by the National Assembly pursuant to Article 150 of the Venezuelan Constitution or otherwise.

**HLUS's Objections and Responses:**   HLUS objects specifically to this request because

Defendants may obtain these documents from other sources and because it calls for the

application of a legal conclusion to define its scope.  Subject to, and without waiving, the

foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 18, 19 and 20 and these specific

objections, HLUS objects to the production of Documents and Communications pursuant to this

request.

**Request No. 43**  With respect to the potential sale of CITGO announced on or about July 29, 2014, all Documents Concerning any consideration or discussion of whether to seek approval of such transaction from the National Assembly or whether National Assembly approval was required.

**HLUS's Objections and Responses:**  HLUS objects specifically to this request because

Defendants may obtain these documents from other sources.  Subject to, and without waiving,

the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 18, 19 and 20 and this specific

objection, HLUS objects to the production of Documents and Communications pursuant to this

request.

**Request No. 44**  All filings by CITGO or CITGO Holding with any government entity, including, but not limited to, the United States Securities and Exchange Commission or any state or non-U.S. securities regulatory body, Concerning the 2017 Notes, the 2020 Notes, the Governing Documents, or any matter referenced in the Complaint.

**HLUS's Objections and Responses:**  HLUS objects specifically to this request because

Defendants may obtain these documents from other sources.  Subject to, and without waiving,

the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 18, 19 and 20 and this specific

objection, HLUS objects to the production of Documents and Communications pursuant to this

request.

**Request No. 45**  All Documents Concerning the relationship between any of Plaintiffs, CITGO Holding, or CITGO, and (a) Ricardo Hausmann; or (b) José Ignacio Hernández.

**HLUS's Objections and Responses:**  HLUS objects specifically to this request because

Defendants may obtain these documents from other sources.  Subject to, and without waiving,

the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 18, 19 and 20 and this specific

objection, HLUS objects to the production of Documents and Communications pursuant to this request.

**Request No. 46**  All Documents attached to the Indenture, or quoted, cited, or referenced, in the Indenture.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, and 19, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 47**  All Documents attached to the Pledge Agreement, or quoted, cited, or referenced, in the Pledge Agreement, including, but not limited to:

> (a)    The instruments of transfer, UCC-1 financing statements, and any other Documents associated with the perfection of the security interest under Section 2.02 of the Pledge Agreement.
>
> (b)    All legal opinions as to the necessary steps to create the transaction, and any amendments, created under Section 2.03 (d-e) of the Pledge Agreement, including, but not limited to, any drafts of such opinions.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, and 19, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 48**  All Documents attached to the Offering Circular, or quoted, cited, or referenced, in the Offering Circular, including, but not limited to, all versions of legal opinions provided to the Collateral Agent with respect to each of the Governing Documents, and with respect to the 2020 Notes, including any and all opinions by legal counsel that actions have been taken as necessary to perfect the liens on the Collateral.

**HLUS's Objections and Responses:**  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, and 19, HLUS will produce non-privileged, responsive Documents and Communications that were transmitted to third parties from 1 April 2016 through 31 December 2016.

**Request No. 49**   All Documents Concerning communications between Plaintiffs, CITGO or CITGO Holding, on the one hand, and Plaintiffs or the Venezuelan Government Concerning the 2020 Notes, the Governing Documents, Executive Order 13835, this action, or the matters alleged in the Complaint.

**HLUS's Objections and Responses:**   HLUS objects specifically to this request because Defendants may obtain these documents from Plaintiffs or other sources.  Subject to, and without waiving, the foregoing Objections Nos. 1, 2, 3, 4, 5, 7, 8, 10, 11, 17, 18, 19 and 20 and this specific objection, HLUS objects to the production of Documents and Communications pursuant to this request.

December 20, 2019                              HOGAN LOVELLS US LLP


By: _____
David R. Michaeli
390 Madison Avenue
New York, NY  10017
Telephone:  (212) 918-3000
Facsimile: (212) 918-3100
david.michaeli@hoganlovells.com


Rafael R. Ribeiro
600 Brickell Avenue
Suite 2700
Miami, FL  33131
Telephone:  (305) 459-6500
Facsimile: (305) 459-6550
Rafael.ribeiro@hoganlovells.com


*Attorneys for Hogan Lovells US LLP*