UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC.,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>- against -<br><br>MUFG UNION BANK, N.A. and GLAS AMERICAS LLC,<br><br>Defendants and Counterclaim Plaintiffs. | No. 19 Civ. 10023 (KPF) |

## DECLARATION OF JOSHUA WEISSER

JOSHUA WEISSER declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am employed by Contrarian Capital Management LLC ("Contrarian"). Contrarian is an investment management company incorporated in Delaware. Its corporate headquarters are located in Greenwich, Connecticut. Contrarian does not maintain an office in Venezuela. For the entirety of my employment at Contrarian, I have worked in Contrarian's Greenwich, Connecticut headquarters.

2. I have worked at Contrarian since March 2015 when I joined Contrarian as Managing Director.

3. Certain funds managed by Contrarian are the beneficial owners of Petróleos de Venezuela, S.A. ("PDVSA") Notes due 2020 (the "2020 Notes"). Contrarian funds have been holders of 2020 Notes since August 2017, when Contrarian purchased the Notes on the secondary market.

4. PDVSA has not made payments on the 2020 Notes since May 2019.

CONFIDENTIAL

5.      The 2020 Notes are U.S. dollar-denominated, and are secured by a pledge of 50.1% of the shares in CITGO Holding, Inc. (the "Pledge").

6.      The 2020 Notes were issued pursuant to an exchange offer (the "Exchange") by PDVSA, first announced on September 16, 2016, pursuant to an Offering Circular of that date (the "Offering Circular"). The Exchange involved the exchange of several sets of outstanding corporate notes issued by PDVSA in April 2007, October 2010, and January 2011, and due to mature in April 2017 and November 2017 (the "2017 Notes") for newly issued 2020 Notes.

7.      Beginning in August 2017 and periodically thereafter, funds managed by Contrarian made several purchases of 2020 Notes. The funds made these purchases on the secondary market. The funds managed by Contrarian hold these Notes through J.P. Morgan Securities, L.L.C., a New York based Prime Broker that Contrarian has had a relationship with since 1996 (then known as Bear Sterns Securities Corp).

8.      When certain funds managed by Contrarian began purchasing 2020 Notes, I was aware that the Notes and the Pledge were to be governed by New York law, as stated in PDVSA's Offering Circular and the other governing agreements. The selection of New York law in the bond indenture and pledge and security agreement was an important factor in Contrarian's decision to purchase 2020 Notes. We believed the choice of New York law would insulate us from the risk that the Venezuelan government would use local law to the detriment of noteholders.

9.      It has been brought to my attention that one of Plaintiffs' experts, David Hinman, has asserted that, at the time of the Exchange, "an institutional investor would have been aware (or at a minimum should have been aware) of the invalidity risk associated with the

CONFIDENTIAL

2020 Notes" and the "purported pledge of CITGO." Contrary to this assertion, neither I, nor to my knowledge anyone else at Contrarian, believed that the legality of the Notes or the Pledge was subject to any legitimate question under any law, including Venezuelan law.

10. The Offering Circular stated that Hogan Lovells US LLP had passed on of New York law and that Despacho de Abogados Hogan Lovells, S.C. (together with Hogan Lovells US LLP, "Hogan Lovells") had passed on issues of Venezuelan law. I was aware that the Offering Circular did not identify any risk that the Exchange would be deemed invalid under Venezuelan law, although it extensively disclosed other risks. In addition, I was aware that PDVSA, PDVSA Petróleo, S.A., and PDV Holding, Inc. represented in the transaction documents that they had authority to enter into the transactions that made up the Exchange, including the issuance of the 2020 Notes and the associated Pledge. I believed that, if Hogan Lovells had identified any legal risks under New York or Venezuelan law with respect to the validity of the Exchange, the PDVSA parties would not have made those representations, and any such legal risks would have been disclosed. Accordingly, Contrarian reasonably relied on those representations and the absence of any disclosure in the Offering Circular of any risks relating to the validity of the 2020 Notes or the Pledge in deciding to invest in the 2020 Notes.

11. Neither I nor, to my knowledge, anyone at Contrarian believed at the time we invested in 2020 Notes that the transactions violated any provision of Venezuelan law. Nor did we believe that there was a material risk that the Notes or the Pledge were invalid.

CONFIDENTIAL

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed: New York, NY
June 9, 2020

_/s/ Joshua Weisser_

CONFIDENTIAL