**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PETRÓLEOS DE VENEZUELA, S.A., PDVSA
PETRÓLEO, S.A., and PDV HOLDING, INC.,

      Plaintiffs and Counterclaim Defendants,

      - against -

MUFG UNION BANK, N.A. and GLAS
AMERICAS LLC,

      Defendants and Counterclaim Plaintiffs.

No. 19 Civ. 10023 (KPF)

**DECLARATION OF MARTIN REED**

      I, Martin Reed, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

      1.      Since January 2017, I have been employed by GLAS Americas, LLC. ("GLAS"). I have held the title of Senior Vice President, Head of U.S. Location since February 2019. In that capacity, I am responsible for the U.S. office of GLAS, including overseeing business development, transaction management and client services.

      2.      The information below is based on my personal knowledge, documents I have reviewed and information provided to me by others at GLAS.

A.      **The 2020 Notes**

      3.      GLAS is Collateral Agent under an indenture dated October 27, 2016 (the "Indenture") for 8.5% senior secured notes issued in 2016 by Petróleos de Venezuela, S.A. ("PDVSA"), due to mature in 2020 (the "2020 Notes"). GLAS has served as Collateral Agent since the 2020 Notes were issued as part of a debt exchange offering involving an exchange of

CONFIDENTIAL

notes maturing in April 2017 and November 2017 (the "2017 Notes"), for the 2020 Notes (the

"Exchange").  GLAS was selected to serve as Collateral Agent in September 2016 by PDVSA at

the suggestion of its counsel, Hogan Lovells out of New York, and was represented by Seward &

Kissel LLP ("S&K") in connection with the transaction.  The role of the Collateral Agent is to

maintain the pledged Collateral (as defined below) in accordance with, and subject to, the

provisions of the Indenture and the Pledge Agreement, and take such actions as directed by the

Trustee with respect to the Collateral for the benefit of the holders of the 2020 Notes.

**B.**        **GLAS's Role in the Exchange**

4.        As Collateral Agent, GLAS signed, and is a party to, the relevant

transaction documents that memorialize the Exchange (the "Governing Documents").  The

Governing Documents, attached as **Exhibits 2 and 3 to the Declaration of Christopher J.**

**Clark dated June 10, 2020 ("Clark Declaration")**, consist of (A) an Indenture, by and between

(i) PDVSA, as Issuer, (ii) PDVSA Petróleo, S.A. ("PDVSA Petróleo"), as Guarantor, (iii)

MUFG, as Trustee, (iv) GLAS, as Collateral Agent, (v) Law Debenture Trust Company of New

York ("Law Debenture"), as Registrar, Transfer Agent, and Principal Paying Agent, and (vi)

Banque Internationale à Luxembourg, Société Anonyme, as Luxembourg Paying Agent, (the

"Indenture"); and (B) a Pledge and Security Agreement, by and between (i) PDV Holding Inc.

("PDVH"), as Pledgor, (ii) PDVSA, as Issuer, (iii) PDVSA Petróleo, as Guarantor, (iv) GLAS,

as Collateral Agent, and (v) MUFG, as Trustee (the "Pledge Agreement").

5.        The 2020 Notes were secured by a pledge of 50.1% of the shares of

CITGO Holding, Inc. (the "Collateral") and, at closing, GLAS took physical possession of the

stock certificate representing 50.1% of the shares in CITGO Holding.  As Collateral Agent,

following an Event of Default as defined under the Indenture and Pledge Agreement, GLAS is

CONFIDENTIAL

responsible for enforcing the security interest in CITGO Holding in accordance with directions provided by the Trustee. For example, GLAS is responsible for any sales of the Collateral for the benefit of the holders of the 2020 Notes if so directed by the Trustee.

6.      At the time of the Exchange, Michael Amato, who oversaw business development, would have been involved in originating the engagement of GLAS as Collateral Agent. My predecessor as Head of U.S. Location, Dan Fisher, would have been responsible for reviewing and signing the Governing Documents for the 2020 Notes on behalf of GLAS. Since February 2019, I have been principally responsible for GLAS's continuing work as Collateral Agent for the 2020 Notes.

**C.          Validity of the Exchange**

7.      At closing, GLAS received documents listed in a closing checklist, attached as **Exhibit 4 to the Clark Declaration**. Among other documents, GLAS received opinion letters dated October 28, 2016 from PDVSA's counsel in New York and Venezuela—Hogan Lovells US, LLP, located in New York, and Hogan Lovells S.C., located in Caracas, Venezuela—concerning, among other things, compliance with laws under both jurisdictions, and confirming the authority of the Issuer, Guarantor and Pledgor to execute the Governing Documents (together, the "Hogan Lovells Opinion Letters"). Copies of the Hogan Lovells Opinion Letters are attached as **Exhibits 32 and 33 to the Clark Declaration**. GLAS also received at that time an Officer's Certificate dated October 28, 2016 from PDVSA, as Issuer, and PDVSA Petróleo, as Guarantor, and an Officer's Certificate dated October 28, 2016 from PDVH, as Pledgor (the "Officer's Certificates"). Copies of the Officer's Certificates are attached as **Exhibits 109 and 253 to the Clark Declaration**.

CONFIDENTIAL

3

8.      To the best of my knowledge, GLAS had no reason to question the accuracy of any of the statements in the Hogan Lovells Opinion Letters, the Officer's Certificates or the Governing Documents, and at no time did any of the parties to the Governing Documents or their advisors ever suggest to anyone at GLAS any doubt about the legality, validity or enforceability of any aspect of the documents under Venezuelan or New York law. Further, to the best of my knowledge, in entering into the Indenture and Pledge Agreement, GLAS had no intention to violate Venezuelan law.

**D. GLAS Was a New York Corporation Headquartered in New York at the Time of the Exchange**

9.      GLAS is a limited liability company organized under the laws of the State of New York, and had its headquarters in New York at the time of the Exchange. Its headquarters moved to New Jersey in June 2018, but GLAS still maintains an office in New York.

10.      Since the closing of the transaction, the vault in which the Collateral is held by GLAS is located in New York. Other than holding the Collateral, aside from its role as a party to this lawsuit, GLAS has not had responsibilities under the Governing Documents since the Exchange Offer was consummated.

11.      S&K, legal counsel for GLAS, was located at One Battery Park Plaza, New York, NY 10004. The individual lawyers representing GLAS in the Exchange were based in S&K's New York office. To the best of my knowledge, the lawyers at S&K did not physically meet representatives of any of the other parties.

CONFIDENTIAL

I declare under penalty of perjury that the foregoing is true and correct.  Each of the facts set forth in this declaration is true to my personal knowledge, and I am competent to testify on the matters stated herein.

Dated: New York, New York
      June 10, 2020

Martin Reed

CONFIDENTIAL

5