# Exhibit 2 to the Clark Declaration

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　- against -<br><br>MUFG UNION BANK, N.A. and GLAS AMERICAS LLC,<br><br>　　　　　　　　　　Defendants. | No. 19 Civ. 10023 (KPF) |

**STIPULATION AND ORDER
GOVERNING EXPERT DISCOVERY**

　　Plaintiffs Petróleos de Venezuela, S.A., PDVSA Petróleo, S.A., and PDV Holding, Inc., and defendants MUFG Union Bank, N.A. and GLAS Americas LLC (collectively, the "Parties") through undersigned counsel, hereby stipulate and agree, pursuant to Federal Rules of Civil Procedure 26 and 29, upon the following discovery procedures in connection with expert witnesses in the above-captioned action (the "Action"):

　　1.　　This Stipulation shall govern reports, disclosures and discovery with respect to testifying expert witnesses disclosed pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure (each a "Testifying Expert") in the Action, notwithstanding any other potentially applicable law, statute, regulation, or rule.

　　2.　　With regard to the Testifying Expert's written reports, the Parties agree to disclose or produce in discovery only the final written report of each Testifying Expert ("Report"), including any final written rebuttal reports, in accordance with Rule

26(a)(2)(B). Each final written report shall state the information required by Rule 26(a)(2)(B).

        3.      The Parties shall not be required to disclose or produce in discovery, and shall not be permitted to ask any questions concerning the content or existence of, at any deposition, hearing, or trial in this Action the following documents or information, except to the extent that the Expert relies on any such documents or the information therein for any opinions stated in a Report or in testimony:

        (a)      drafts or non-final versions of written reports, affidavits, declarations, materials, summaries, charts, illustrative documents, analyses, written testimony, exhibits, demonstratives, disclosures, or other documents created or prepared by, for, or at the direction of the Testifying Expert, party, counsel or other agents or consultants of the party proffering the Testifying Expert, or others working under the supervision of or on behalf of the Testifying Expert, in connection with the Testifying Expert's expert testimony, the preparation of the Testifying Expert's report, or expert consulting work, in connection with this Action or any other litigation, regardless of the form in which such draft or non-final version is recorded;

        (b)      preliminary or intermediate calculations, computations, analyses, programs, data collections, data runs, or other preliminary, intermediate, or draft materials prepared by, for, or at the direction of the Testifying Expert, party, counsel or other agent of the party proffering the Testifying Expert, or those working under the supervision of or on behalf of the Testifying Expert in connection with this Action or any other matter;

(c) notes, comments, edits, mark-ups, riders, or other writings taken, created, or prepared by, for, or at the direction of the Testifying Expert, party, counsel or other agents or consultants of the party proffering the Testifying Expert, or others working under the supervision of or on behalf of the Testifying Expert, in connection with the Testifying Expert's expert testimony, the preparation of the Testifying Expert's report, or expert consulting work, in connection with this Action or any other litigation, including, but not limited to, correspondence or memos to or from, and notes of conversations with, the Testifying Expert's assistants and/or clerical or support staff, other Testifying Experts, non-testifying consulting experts, party, counsel, or other agent of the party proffering the Testifying Expert;

(d) materials or information that may have been reviewed or considered by the Testifying Expert, but not relied upon by the Testifying Expert, in forming any opinion, *provided*, *however*, that nothing herein shall prevent a party from inquiring, or preclude a Testifying Expert from disclosing, during the Testifying Expert's deposition, at a hearing, or at trial as to whether or why any material, information, fact, or analysis was or was not considered by the Testifying Expert regardless of whether such material, information, fact, or analysis was relied upon; and

(e) documents or information constituting or reflecting oral or written communications between or among the Testifying Expert, any other Testifying Experts, others working under the supervision of or on behalf of any Testifying Expert, party, counsel or other agent of the party proffering the Testifying Expert, in connection with the Testifying Expert's work on the Action or any other matter, regardless of the form of communications ("Internal Expert Communications").  Notwithstanding anything in Rule

26(b)(4)(C) of the Federal Rules of Civil Procedure to the contrary, so long as information that: (i) discloses the terms of compensation for the Testifying Expert's study or testimony; (ii) identifies the facts or data that the Testifying Expert relied upon in forming the opinions to be expressed; and (iii) identifies the assumptions that the party proffering the Testifying Expert or that party's attorney provided and that the Testifying Expert relied on in forming the opinions to be expressed is disclosed in the Testifying Expert's report and/or in other written materials delivered in connection with the report, no discovery shall be taken of Internal Expert Communications.

4. The parties agree that no party shall be obligated to produce a privilege log or similar documentation regarding any information exempted from disclosure pursuant to Paragraph 3(a) – (e) (the "Protected Information"), and that this shall not waive or otherwise impair any privilege or protection from disclosure, including but not limited to the protections against disclosure of attorney work product, that may otherwise apply to such Protected Information under applicable law. The parties agree that to the extent any party obtains Protected Information through means other than discovery in this Action, the party will make no use of such Protected Information in this Action, regardless of the source of materials.

5. The following documents or information shall be produced to counsel of record via electronic transmission at the same time as a Testifying Expert's final written report is served on opposing counsel and identified at such time with reasonable particularity; _provided_, _however_, that any of the following documents may be identified by Bates number if such documents have previously been produced in this Action:

- 5 -

      (a)    the facts or data relied upon by the Testifying Expert in forming his or her opinion(s), including the data, statistical analyses, or other information (including any calculation or exhibit) upon which he or she relies for any of his or her opinion(s) in this matter and the facts or data identified in the carve-outs to subparagraphs 3(a)–(d) above;

      (b)    a list identifying with particularity any academic literature, treatises, journals, or articles relied on by the Testifying Expert, and copies of such documents to the extent they are not readily available in the United States;

      (c)    a copy of the Testifying Expert's retainer agreement or engagement letter for his or her work in this Action;

      (d)    documents sufficient to show the fees and disbursements billed by the Testifying Expert and others working under the supervision of or on behalf of the Testifying Expert for work in this Action;

      (e)    a list of any other cases in litigation or any administrative proceeding, in which the Testifying Expert has submitted an expert report or has testified as an expert at trial or any hearing or by deposition, within the preceding five years, including, to the extent not otherwise prohibited by confidentiality obligations, the names of the parties, the court in which the action was filed (or, if transferred, the court to which the action was transferred), the docket number, and any other information necessary to identify the litigation, arbitration or proceeding, provided, however, that to the extent any information otherwise required to be produced pursuant to this Paragraph 4(e) is not produced as a result of a Testifying Expert's confidentiality obligations, counsel for the submitting Party shall disclose that such information has not been provided and the

Parties shall negotiate in good faith to determine if any additional information may be disclosed;

(f) Nothing in this Paragraph 4 shall be construed to require the disclosure or production of any documents or information excluded from the scope of discovery by Paragraph 3.  In addition, a party may prepare and use additional demonstratives during the course of any trial or hearing (including recesses) so long as such demonstratives are provided to all parties no less than 72 hours before the Testifying Expert testifies.  Spreadsheets, data sets, and like supporting materials shall be produced in native electronic and fixed formats.  Native format documents may be stripped of their metadata, provided that formulae, hidden columns, and algorithms in native format documents that are required to derive the results displayed therein are preserved.

6. Subject to the limitations on the disclosure and production of documents and information contained in Paragraph 3 above, this Stipulation shall not be construed to prevent or limit in any way the examination of the Testifying Expert by the opposing party at deposition, any hearing, or trial relating to his or her opinions (including alternative theories, methods, variables, facts, data, or assumptions that the Testifying Expert may or may not have considered in forming his or her opinions or in preparing his or her final written report).  For example, and without limiting the foregoing, a Testifying Expert may be presented at deposition, any hearing, or trial with documents, testimony, or other materials not contained or cited in his or her expert report and questioned about (i) whether the Testifying Expert saw or considered such documents, testimony, or other materials; (ii) the reasons the Testifying Expert did or did not consider or rely on such documents, testimony, or other materials in forming his or her opinions; and (iii) whether

such documents, testimony, or other materials cause the Testifying Expert to alter his or her opinion(s) in any respect; <u>provided</u>, <u>however</u>, that such examination shall not elicit the disclosure or production of documents and information protected from disclosure or production by Paragraph 3 above.

7. No subpoenas (for depositions, hearings, trial, or documents) need be served on any Testifying Expert from whom a written report is provided. Instead, the party proffering such Testifying Expert will be responsible for (a) disclosing and producing all documents and information required to be disclosed and produced by this Stipulation, (b) making such Testifying Expert available for deposition at a time and location mutually agreed to by the parties and consistent with the Court's scheduling order, and (c) ensuring such Testifying Expert's attendance at any hearing or trial in this Action.

8. Each party will be responsible for compensating their own experts for all time spent, and disbursements incurred, related to this Action, including, without limitation, time spent, and disbursements incurred, preparing for depositions, being deposed, and any other testimony. This paragraph solely is intended to supplement Federal Rule of Civil Procedure 26(b)(E). For the avoidance of doubt, the parties retain all other rights and entitlements to fees and expenses they may be entitled to under statute or at law.

9. Nothing herein shall limit or waive any party's rights to object for any reason to the admission of any evidence, including without limitation any opposing party's Testifying Expert's testimony, opinions, expert report, demonstrative, summary,

or affidavit, or to the qualifications of any person to serve or testify as a Testifying Expert.

10. Nothing herein shall be construed as authorizing discovery of any kind of, or from, any expert or consultant who has been engaged, retained or specially employed by any of the parties in anticipation of litigation or preparation for trial or any hearing and whom the party retaining that expert or consultant does not expect to call as a Testifying Expert at trial or any hearing, other than to the extent such discovery is expressly authorized by Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure.

11. Nothing herein shall limit or waive any party's right to obtain fact discovery from any person, whether or not such fact witness is or may be a Testifying Expert.

12. This stipulation shall become effective as a stipulation among the parties immediately upon its execution.

13. This stipulation may be amended only by a subsequent written stipulation among the parties or upon order of the Court for good cause shown.

**STIPULATED AND AGREED.**

Dated: February 4, 2020

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _____
Walter Rieman
Roberto Gonzalez
Jonathan Hurwitz
Shane Avidan
Zachary Kaye

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

2001 K Street NW
Washington, D.C. 20006
(202) 223-7300

LATHAM & WATKINS LLP

By: _____
Christopher J. Clark
Mattew S. Salerno

885 Third Avenue
New York, New York 10022
(212) 906-1200

*Attorneys for Defendants and Counterclaim Plaintiffs*

PAUL HASTINGS LLP

By: _____
Kurt W. Hansson
James R. Bliss
James B. Worthington

200 Park Avenue
New York, New York 10166
(212) 318-6000

*Attorneys for Plaintiffs and Counterclaim Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*

WILLKIE FARR & GALLAGHER LLP

By: _____
Tariq Mundiya
Jeffrey B. Korn
Michael J. Gottlieb

787 Seventh Avenue
New York, New York 10019
(212) 728-8000

1875 K Street NW
Washington DC 20006
(202) 303-1442

*Attorneys for Plaintiff and Counterclaim Defendant PDV Holding, Inc.*