

1(212) 318-6626
jamesbliss@paulhastings.com

July 7, 2020

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Petróleos de Venezuela, et al. v. MUFG Union Bank, N.A., et al.*, Case No. 1:19-cv-10023-KPF (S.D.N.Y.)

Dear Judge Failla:

We write pursuant to paragraph 8 of the Stipulated Confidentiality Agreement and Protective Order [Dkt. No. 53] and Section 3(c) of this Court's Individual Rules of Practice in Civil Cases to respectfully seek relief concerning a confidentiality and redaction dispute that has unfortunately proved intractable in the parties' meet-and-confer discussions.

In short, Defendants have improperly refused to allow the name of their Venezuelan public law expert to be publicly disclosed in the parties' summary judgment filings. At the same time, Defendants have insisted on disclosure of information Plaintiffs had redacted in good faith, stressing the importance of public disclosure in court cases and especially in a case such as this, which is of interest to more than just the parties involved. Plaintiffs, of course, also recognize the importance—indeed, the necessity—of public disclosure in court cases generally and this case in particular, and the parties were able to resolve all of their redaction disputes other than with regard to the identity of Defendants' Venezuelan public law expert.

The only rationale offered for continuing to conceal their expert's identity has been a purported concern for his safety. But, unlike Venezuelans who have been targeted by the Maduro regime for being part of or assisting the Guaidó Administration, there is no credible reason to believe that Defendants' expert would be under threat if his involvement in this case were known. As the U.S. Government has recognized, the Maduro regime has a well-documented record of persecution, while the Guaidó Administration is devoted to restoring democracy and the rule of law.[1]

---

[1] *See* Plaintiffs' Rule 56.1 Statement at ¶¶ 117-25 (detailing the U.S. Government's support for the Guaidó Administration and opposition to the illegitimate Maduro regime). Just in the last few days, the Maduro regime announced the indictment for treason and the seizure of property of former Special Attorney General Hernández, two other members of the Office of the Special Attorney General, Ambassador Vecchio, and others.



In the Second Circuit, access to judicial documents is presumed, and the presumption is weightiest with respect to "documents used by parties moving for, or opposing summary judgment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20, 123 (2d Cir. 2006) (internal quotations omitted).  Documents relating to summary judgment motions "should not remain under seal absent the most compelling reasons." *Id*. at 123 (internal quotations omitted).  Examples of compelling reasons include national security, diplomatic correspondence, and confidential and/or competitively sensitive business or financial information.  *See, e.g., United States v. Doe*, 629 F. App'x 69, 73 (2d Cir. 2015) (identity of individual charged with providing resources to terrorists kept under seal for the sake of national security and the safety of numerous individuals where the government "did not simply make a bald assertion of danger" but explained in detail its national security concerns); *In re Terrorist Attacks on Sept. 11, 2001*, No. 03MDL01570GBDSN, 2019 WL 3296959, at *2-3 (S.D.N.Y. July 22, 2019) (diplomatic correspondence appropriately kept under seal); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (sealing records of confidential business information).

Defendants bear the burden of establishing a "compelling reason" to overcome the presumption of public access.  *See Collado v. City of New York,* 193 F. Supp. 3d 286, 289 (S.D.N.Y. 2016).  Plaintiffs have repeatedly requested that Defendants provide any authorities supporting their position, but Defendants have provided none.  Through their own research, Plaintiffs have uncovered no Second Circuit case law that would support the continued redaction of Defendants' expert's identity.  This is nothing like the situation in *Chevron Corp. v. Donziger*, where the court kept under seal the identities of witnesses because "[v]irtually the entire record evidences a substantial risk that [certain parties] and their associates would attempt to coerce, intimidate, and initiate reprisals against the Does if they learned their identities."  Nor is this like the situation in *Cohen v. Gerson Lehrman Grp., Inc.*, where the court kept references in deposition testimony to the names of potential experts under seal because, having not been retained in the case, "their identities [were] irrelevant to the [summary judgment] motion."  *Chevron Corp. v. Donziger*, No. 11 CIV. 0691 LAK, 2013 WL 646399, at *5-6 (S.D.N.Y. Feb. 21, 2013)); *Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 CIV. 4352 PKC, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011).  Potential public or professional scrutiny is simply not a basis for concealing the identity of a retained expert whose opinions have been extensively cited in support of and opposition to summary judgment motions.

Defendants have not offered any compelling reason for keeping their expert's identity secret, referring in meet-and-confer discussions only to the same "tweets" that this Court previously found were "insufficient evidence that any of the plaintiffs or the folks affiliated with them were actually going out there in an attempt to intimidate individuals from acting as witnesses."  Feb. 6, 2020 Hrg. Tr. p. 66:18-67.  In that regard, Defendants' expert was obviously not intimidated from acting as a witness and offering opinions in this case, and he could have had no reasonable expectation of anonymity when agreeing to act as a paid expert in a U.S. court.



Finally, preventing public access to Defendants' expert's identity would ultimately require the closing of the courtroom for the upcoming summary judgment hearing and/or other extraordinary measures that would burden the Court, the parties, and the public.

Plaintiffs respectfully request that the Court order the unredaction of Defendants' expert's name and the filing of corrected documents on the ECF system.

Respectfully,

*James R. Bliss*

James R. Bliss
of PAUL HASTINGS LLP

cc:   Counsel of record