UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETROLEOS DE VENEZUELA S.A.; PDVSA
PETROLEO S.A.; and PDV HOLDING, INC.,

                          Plaintiffs,

                    -v.-

MUFG UNION BANK, N.A. and GLAS
AMERICAS LLC,

                          Defendants.

19 Civ. 10023 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On June 9, 2020, the Court received an unauthorized submission in the form of a letter from Carlos Vecchio, the Ambassador to the United States of America from the Bolivarian Republic of Venezuela (the "Letter").  (Dkt. #80).  On June 26, 2020, Defendants filed a motion to strike the Letter, along with accompanying memorandum and declaration.  (Dkt. #145-47).  Defendants argued that the filing of the Letter was both procedurally unfair and did not meet the substantive requirements of an *amicus* brief.  (*See* Dkt. #147 at 7).  In response to the motion, the Court scheduled briefing for Plaintiffs' opposition and Defendants' reply.  (Dkt. #148).

On July 13, 2020, Plaintiffs filed an opposition brief and a declaration in support of that brief.  (Dkt. #177-78).  The Court also received from Ambassador Vecchio a motion for leave to file an opposition brief to Defendants' motion to strike, a memorandum of law supporting that motion, and an opposition brief and declaration attached as exhibits to the notice of motion.  (Dkt. #175-76).  The gravamen of Plaintiffs' brief and Ambassador

Vecchio's proposed brief was that the Letter may properly be considered pursuant to Federal Rule of Civil Procedure 44.1, which governs what materials a court may consider when determining issues of foreign law.  (*See* Dkt. #175, Ex. 1 at 6-9; Dkt. #177 at 9-15).  On July 20, 2020, Defendants filed their reply brief.  (Dkt. #198).

The Court has carefully considered all of the parties' various submissions on this issue.  The Court sympathizes with Defendants' complaint that the Letter was filed in a manner that gave little advance notice to either opposing counsel or the Court.  The Court does not approve of any kind of legal gamesmanship.  However, the Court finds that, insofar as the Letter offers views or interpretations of Venezuelan law — an issue that is at the heart of the instant litigation — it is proper for the Court to take into consideration under Rule 44.1.  With that said, the Court accords no weight to the Letter's discussion of federal law, including the Act of State doctrine; nor will the Court consider the Letter's discussion of the various political factors at play in this litigation.  The Letter's sole relevance is as an additional source of Venezuelan law.

Accordingly, the Court DENIES Defendants' motion to strike.  As a secondary matter, the Court GRANTS Ambassador Vecchio's motion for leave to file an opposition brief.  The Clerk of Court is directed to terminate the motions at docket entries 145 and 175 .

SO ORDERED.

Dated:   July 22, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge