UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC.,<br><br>Plaintiffs,<br><br>- against -<br><br>MUFG UNION BANK, N.A. and GLAS AMERICAS LLC,<br><br>Defendants. | Case No: 19-cv-10023-KPF |

**PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS
TO PLAINTIFFS' RESPONSES TO DEFENDANTS'
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiffs and counterclaim defendants Petróleos de Venezuela, S.A., PDVSA Petróleo, S.A., and PDV Holding Inc. ("Plaintiffs") respectfully submit these responses to the objections (the "Objections") of defendants and counterclaim plaintiffs MUFG Union Bank, N.A. and GLAS Americas LLC ("Defendants") to Plaintiffs' responses ("Plaintiffs' Responses") to Defendants' statement of undisputed material facts ("Defendants' 56.1 Statement").[1]

Defendants' Objections are nothing but a sideshow. They are meritless, procedurally improper, and unnecessary to the Court's resolution of the pending summary judgment motions. Both sides have set forth their positions in their respective Rule 56.1 statements and responses to those statements, and neither side has waived any positions or objections set forth in those submissions. If Defendants believed that their Objections required rulings from the Court, they should have addressed them in their summary judgment briefing rather than file additional briefing beyond the Court-ordered page limits. S*ee* Dkt. No. 72. However, in an excess of caution, Plaintiffs submit these brief responses to avoid any doubt that Plaintiffs disagree with the positions asserted in Defendants' Objections.[2]

Defendants purport to assert their Objections pursuant to Federal Rule of Civil Procedure 56(c). *See* Objections at 1. However, Rule 56(c) only permits objections on the grounds that "material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FRCP 56(c)(2). Defendants' third and fourth objections do not address admissibility and thus are improper on their face.

Defendants' first and second objections relate to purported "facts" that need not be

---

[1] Defendants' 56.1 Statement is Dkt No. 100; Plaintiffs' Responses are Dkt. No. 153; and Defendants' Objections are Dkt. No. 184.
[2] By not addressing a particular issue with the Objections in this filing, Plaintiffs do not waive or concede any argument regarding the Objections, and reserve the right to challenge any of the Objections in the event the Court deems it necessary to address them on the merits.

resolved for the Court to decide the pending summary judgment motions. Even so, Defendants' objections are meritless and should be overruled. ▮

▮

▮

▮▮ 3

▮

▮

▮

▮[4] Dkt. No. 100 ¶ 504 (citing Defs. Ex. 27 at § 150);[5] Defs. Ex. 27 at § 150 n. 164 ▮

▮ ▮

▮

▮ *See* FED. R. EVID. 703, 705; *Carmody v. ProNav Ship Mgmt., Inc.*, 224 F.R.D. 111, 115 n. 5 (S.D.N.Y. 2004) (noting that an expert's opinion can be challenged based on any material reviewed and relied upon by the expert, even if otherwise inadmissible).

▮

▮

---

[3] ▮ *See* Objections ¶¶ 3-4.

[4] ▮ Defs. Ex. 27 at § 150 n. 164; Dkt. 100 ¶ 28. ▮ Defs. Ex. 17 at 243:25–244:8. ▮ *See id.* at 243:5-244:8.

[5] "Defs. Ex. __" refer to exhibits to the Declaration of Christopher J. Clark in Support of Trustee and Collateral Agent's Motion for Summary Judgment, filed on June 10, 2020 (Dkt. No. 87).

██████████████████████████████████████████████████
████████████████████████████ Dkt. No. 100 ¶ 549. ████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████ Defs. Ex. 19 at 24:15-20; 63:20-25.  Defendants cannot misrepresent Mr. Esser's testimony and then seek to exclude the evidence necessary to correct that misrepresentation.

Defendants' second objection seeks the same relief as their pending (and meritless) motion to exclude the expert testimony of Plaintiffs' economic expert, David Hinman, and should be overruled for the reasons set forth in Plaintiffs' opposition to that motion.

As addressed above, Defendants' third and fourth objections are procedurally improper and should be overruled for that reason alone.  Beyond that, Defendants' third and fourth objections appear merely to concern Plaintiffs' corrections of flaws in Defendants' statements of fact, citations, or both (*see* Objections ¶¶ 8-11), which is not an appropriate basis for an objection.  Furthermore, to the extent Defendants' objection is that Plaintiffs should have simply admitted facts without ever placing them in context or disclaiming certain legal implications, Defendants have done the same and more in their responses to Plaintiffs' Rule 56.1 Statement. *See, e.g.,* Dkt. No. 156 ¶¶ 60-63, 69, 71, 91-95, 105 (making legal arguments regarding uncontroverted facts), 76-77 (asserting hearsay objections to statements going to notice), 56, 64-67, 68, 74-75, 78-90, 95, 111-15, 124-25 (arguing over the weight and implications of uncontroverted facts).  Defendants cannot object in good faith to responses that mirror their own, particularly when neither Rule 56.1 nor this Court's rules provide for such "objections."

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that Defendants' Objections be

3

overruled or, in the alternative, that Defendants' underlying factual assertions be stricken as lacking support.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated:  July 29, 2020 | Respectfully submitted, |

<div style="margin-left: 50%;">

/s/ Kurt Hansson
Kurt W. Hansson
James R. Bliss
James B. Worthington

PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
kurthansson@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com

*Attorneys for Plaintiffs and Counterclaim Defendants Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A.*

/s/ Jeffrey B. Korn
Jeffrey B. Korn
Michael Gottlieb
Nicholas Reddick
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
jkorn@willkie.com
1875 K Street NW
Washington, DC  20006-1238
Telephone: (202) 303-1442
Facsimile: (202) 303 2442
mgottlieb@willkie.com
nreddick@willkie.com

*Attorneys for Plaintiff and Counterclaim Defendant PDV Holding, Inc.*

</div>