UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC.,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>- against -<br><br>MUFG UNION BANK, N.A. and GLAS AMERICAS LLC,<br><br>Defendants and Counterclaim Plaintiffs. | No. 19 Civ. 10023 (KPF) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS AND COUNTERCLAIM PLAINTIFFS FOR ENTRY OF JUDGMENT DIRECTING PAYMENT OF PRINCIPAL AND INTEREST**

PAUL, WEISS, RIFKIND,
　WHARTON & GARRISON LLP
Walter Rieman
William A. Clareman
Jonathan Hurwitz
Shane D. Avidan
Zachary B. Kaye
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000
Facsimile: 212-757-3990

PAUL, WEISS, RIFKIND,
　WHARTON & GARRISON LLP
Roberto J. Gonzalez (*pro hac vice*)
2001 K Street, NW
Washington, DC 20006-1047
Telephone: 202-223-7300

*Attorneys for Defendants and
Counterclaim Plaintiffs
(as to New York law issues only)*

LATHAM & WATKINS LLP
Christopher J. Clark
Matthew S. Salerno
Sean H. McMahon
885 Third Avenue
New York, NY 10022
Telephone: 212-906-1200
Facsimile: 212-751-4864

*Attorneys for Defendants and
Counterclaim Plaintiffs*

## Table of Contents

    <u>Page</u>

Table of Authorities ................................................................................................................. ii

Glossary and Citation Conventions ........................................................................................ iii

Preliminary Statement ...............................................................................................................1

Background ................................................................................................................................3

    A.    The 2020 Notes ...........................................................................................3

    B.    PDVSA's Default and This Litigation .........................................................4

    C.    The Court's Summary Judgment Ruling .....................................................4

Argument ....................................................................................................................................5

I.    The Trustee Is Entitled to Unpaid Principal, Accrued and Unpaid Contractual Interest, and Statutory Prejudgment Interest in the Requested Amounts ....................................................................................................................5

    A.    Principal .......................................................................................................6

    B.    Accrued Contractual Interest .......................................................................6

    C.    Statutory Prejudgment Interest ....................................................................8

    D.    Additional Interest Accruing After December 1, 2020 ...............................8

II.    The Court Should Direct Entry of Final Judgment Pursuant to Rule 54(b) ............9

Conclusion ................................................................................................................................11

## Table of Authorities

**Page(s)**

**CASES**

*Curtiss-Wright Corp.* v. *General Elec. Co.*,
    446 U.S. 1 (1980) ................................................................................................ 9, 10, 11

*FTI Consulting, Inc.* v. *Rossi*,
    2004 WL 1110426 (S.D.N.Y. May 18, 2004) ............................................................ 9, 10

*Ginett* v. *Computer Task Grp.*,
    962 F.2d 1085 (2d Cir. 1992) ..................................................................................... 9, 10

*Lankler Siffert & Wohl, LLP* v. *Am. Int'l Specialty Lines Ins. Co.*,
    2004 WL 541842 (S.D.N.Y. Mar. 19, 2004) ................................................................ 10

*NML Capital* v. *Republic of Arg.*,
    17 N.Y.3d 250 (2011) ............................................................................................. 6, 7, 8

**STATUTES**

28 U.S.C. § 1291 ....................................................................................................................... 9

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure Rule 54(b) ............................................................... 1, 9, 10

N.Y. C.P.L.R. 5004 (McKinney 2020) ................................................................................... 8

**Glossary and Citation Conventions**

This brief uses the following defined terms:

"56.1 ¶ __" means the Local Rule 56.1 Statement of Undisputed Material Facts in Support of Defendant and Counterclaim Plaintiffs' Motion for Summary Judgment, ECF No. 100.

"2020 Notes" or "Notes" means the 8.5% Senior Secured Notes due 2020 issued by PDVSA pursuant to the Indenture.

"Acceleration Notice" has the meaning specified in Section 5.0l(b) of the Indenture.

"Answer and Counterclaims" means Defendants' Answer and Counterclaims, ECF No. 40.

"CITGO Holding" means CITGO Holding Inc.

"Collateral Agent" means defendant and counterclaim plaintiff GLAS Americas LLC, the collateral agent of the 2020 Notes.

"Complaint" means the Complaint for Declaratory and Injunctive relief filed by the PDVSA Parties in the above-captioned action on October 29, 2019, ECF No. 1.

"Event of Default" has the meaning specified in Section 5.0l(a) of the Indenture.

"Global Notes" means, collectively, the Global Notes to which the Indenture refers, and that evidence the obligations of PDVSA, as issuer, and PDVSA Petróleo, as guarantor, to Cede & Co., which is the registered holder of the 2020 Notes.  The Global Notes are attached as Exhibit 6 to the Declaration of Christopher J. Clark dated June 10, 2020.

"Governing Documents" means the Global Note, Indenture, and Pledge Agreement for the 2020 Notes.

"Indenture" means the Indenture dated October 27, 2016, between PDVSA as issuer, PDVSA Petróleo as guarantor, the Trustee, the Collateral Agent, the Law Debenture Trust Company of New York as registrar, transfer agent, and principal paying agent, and Banque Internationale à Luxembourg, Société Anonyme as Luxembourg paying agent.  The Indenture is attached as Exhibit 2 to the Declaration of Christopher J. Clark dated June 10, 2020.

"McKenna Decl." means the Declaration of Timothy McKenna dated November 30, 2020.

"PDVH" means plaintiff and counterclaim defendant PDV Holding, Inc.

"PDVSA" means plaintiff and counterclaim defendant Petróleos de Venezuela, S.A.

"PDVSA Parties" means PDVSA, PDVSA Petróleo, and PDVH.

"PDVSA Petróleo" means plaintiff and counterclaim defendant PDVSA Petróleo S.A.

"Pl. Opp. 56.1 ¶ __" means the Plaintiffs' Response to Defendants' Statement of Undisputed Material Facts in Support of Defendants' Cross-Motion for Summary Judgment, ECF No. 153.

"Pledge Agreement" means the Pledge and Security Agreement dated October 28, 2019, between PDVH as pledgor, PDVSA as issuer, PDVSA Petróleo as guarantor, the Collateral Agent, and the Trustee. The Pledge Agreement is attached as Exhibit 3 to the Declaration of Christopher J. Clark dated June 10, 2020.

"Proposed Judgment" means the Proposed Judgment submitted in connection with this motion.

"Proposed Order" means the Proposed Order submitted in connection with this motion.

"Summary Judgment Order" means the Court's Opinion and Order, dated October 16, 2020.

"Trustee" means defendant and counterclaim plaintiff MUFG Union Bank, N.A., the trustee of the 2020 Notes.

The Trustee and the Collateral Agent, by their attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, and Latham & Watkins LLP, respectfully submit this memorandum of law in support of their motion for entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**Preliminary Statement**

In its Summary Judgment Order, the Court directed the Trustee and the Collateral Agent to submit a proposed judgment to the Court.  By this motion, the Trustee and the Collateral Agent submit the Proposed Order directing entry of the Proposed Judgment.  The Proposed Order and Proposed Judgment reflect the Court's rulings in the Summary Judgment Order, which adjudicated the parties' cross-motions for summary judgment.  The Proposed Judgment, as the Court directed, also reflects the amounts of principal, interest on principal, and interest on interest that PDVSA and PDVSA Petróleo owe to the Trustee.  The Trustee and Collateral Agent have provided their interest calculations to the PDVSA Parties, and the PDVSA Parties have not objected to those calculations.  The Proposed Judgment does not set forth the amount of fees and expenses owed to the Trustee and the Collateral Agent.  By separate letter application, the parties have requested an extension until December 7, 2020, of the due date for their joint letter addressing their proposals for a procedure to determine fees and costs, which the Court granted on November 30, 2020.  ECF Nos. 220–21.

The Trustee and the Collateral Agent request that the Court enter their proposed judgment under Rule 54(b) of the Federal Rules of Civil Procedure.  Entry of the Proposed Judgment under Rule 54(b) is appropriate because the Summary Judgment Order did not adjudicate all claims in the case, and there is no just reason to delay entry of judgment on the adjudicated claims.  The Summary Judgment Order dismissed with prejudice all claims asserted by the PDVSA Parties and held that judgment should be granted in favor of the Trustee and the

Collateral Agent on: Counterclaims 1–5, which sought declaratory judgments on the fact that Events of Default have occurred and on the enforceability of the Governing Documents; Counterclaims 6–7, for breach of contract; and Counterclaim 11, for breach of contract and indemnification of the fees, costs, and expenses of the Trustee and the Collateral Agent.  The Summary Judgment Order did not, however, adjudicate the counterclaims by the Trustee and the Collateral Agent for *quantum meruit*, unjust enrichment, and breach of warranty.  Those claims will not need to be adjudicated if the Court's rulings on the other Counterclaims are affirmed on appeal.  In addition, the Proposed Judgment, as noted, would not resolve Counterclaim 11 or the amount of fees and expenses to which the Trustee and the Collateral Agent are entitled, which will be addressed in future orders or judgments.

        The Trustee and the Collateral Agent respectfully submit that this procedure is sensible.  It would enable the Court to enter an appealable judgment on the merits now.  It is consistent with the stated positions of both parties throughout this litigation that this dispute should be resolved as promptly as possible.  There is no good reason that entry of an appealable judgment on the merits should be delayed while the Court addresses an application for fees and expenses.  Indeed, the PDVSA Parties have already commenced appellate proceedings by filing a "protective" notice of appeal from the Summary Judgment Order, although that order is plainly not an appealable document.

        The form of Proposed Judgment that accompanies this motion contains amounts of interest that are current as of December 1, 2020.  The form of Proposed Judgment also contains a provision specifying the amount of additional interest that is due for each day after December 1 and prior to the entry of judgment (assuming that judgment is entered on or before December 31, 2020, after which the calculation of daily accrued interest changes).

It is desirable, however, that the judgment, as finally entered, show on its face a total amount due that is as current as possible. That is so because other courts might be called on to enforce the judgment. The total amount set forth in the judgment should include as much of the actual judgment debt as possible, so that another court can determine the total amount, to the greatest extent possible, without any need to prove the number of days that elapsed between December 1 (or some other specified date) and the entry of judgment. For that reason, after the Court has resolved all issues respecting the form of the judgment, the Trustee and the Collateral Agent respectfully request permission to submit a new proposed judgment containing updated amounts of interest. Reliance on the per-diem provision would then be necessary only for the very brief period, if any, between the Court's receipt of that updated judgment and entry of the judgment on the Court's docket.

## Background

The Court is familiar with the factual background and procedural history of this action. The Trustee and the Collateral Agent describe here only those facts most relevant to this motion.

### A. The 2020 Notes

On October 28, 2016, PDVSA issued 2020 Notes with an aggregate principal amount of approximately $3,367,529,000. 56.1 ¶ 165; Pl. Opp. 56.1 ¶ 165. Under the documents governing the 2020 Notes, principal payments were due annually on October 27 of 2017, 2018, 2019, and 2020. 56.1 ¶ 171; Pl. Opp. 56.1 ¶ 171. Interest payments on outstanding principal are due semi-annually, on April 27 and October 27. 56.1 ¶ 172; Pl. Opp. 56.1 ¶ 172. The 2020 Notes are guaranteed by PDVSA Petróleo and are secured by PDVH's pledge of 50.1% of the equity in CITGO Holding. 56.1 ¶¶ 114–15; Pl. Opp. 56.1 ¶¶ 114–15. The terms of

the 2020 Notes and the CITGO Holding pledge are set forth in the Governing Documents, which include the Indenture, the Pledge Agreement, and the Global Notes.

### B. PDVSA's Default and This Litigation

On October 27, 2019, PDVSA failed to make principal and interest payments due in the amount of $913,442,241.25. That failure caused Events of Default to occur under the Governing Documents. *See* Summary Judgment Order at 14; Indenture § 5.01(a)(1), (2); 56.1 ¶¶ 259, 261–62. On December 18, 2019, holders of more than 25% in principal amount of the 2020 Notes issued an Acceleration Notice. Issuance of the Acceleration Notice caused all principal and accrued interest to become immediately due and payable. 56.1 ¶ 271; Indenture § 5.01(b).

On October 29, 2019, the PDVSA Parties sued the Trustee and the Collateral Agent. The PDVSA Parties sought to invalidate the 2020 Notes and the Governing Documents on the ground that they were allegedly issued without the approval of the Venezuelan National Assembly. *See* Complaint ¶¶ 1, 6. The Trustee and the Collateral Agent asserted counterclaims for declaratory relief (Counterclaims 1–5), breach of contract for payment of principal and interest (Counterclaims 6 and 7), unjust enrichment (Counterclaim 8), breach of warranty (Counterclaims 9 and 10), breach of contract and indemnification of fees, costs, and expenses (Counterclaim 11), and *quantum meruit* (Counterclaim 12). *See* Answer and Counterclaims at 37–50.

### C. The Court's Summary Judgment Ruling

On October 16, 2020, the Court entered summary judgment in favor of the Trustee and the Collateral Agent. The Court declared that "the 2020 Notes and the Governing Documents are valid and enforceable," and that the Trustee and the Collateral Agent "are permitted to exercise the remedies for default set forth in the Indenture and the Pledge

Agreement." Summary Judgment Order at 67–68. The Court further held that the Trustee "is entitled to judgment in the amount of $1,683,764,500, as well as all accrued and unpaid interest, including pre-judgment interest." *Id*. at 68.

The Summary Judgment Order granted summary judgment to the Trustee and the Collateral Agent on their claims for declaratory relief and breach of contract, Counterclaims 1–7 and 11. It denied summary judgment on their counterclaims for unjust enrichment (Counterclaim 8) and *quantum meruit* (Counterclaim 12) on the ground that "[a] plaintiff cannot ultimately recover on both his quasi-contract claim and his breach of contract claim." *Id.* at 66 (quoting *Palatkevich* v. *Choupak*, 152 F. Supp. 3d 201, 222 (S.D.N.Y. 2016)). The Trustee and the Collateral Agent did not move for summary judgment on their counterclaims for breach of warranty (Counterclaims 9 and 10), and the Summary Judgment Order did not adjudicate those counterclaims. Notice of Mot., ECF No. 81, at 1–2.

## Argument

**I.    The Trustee Is Entitled to Unpaid Principal, Accrued and Unpaid Contractual Interest, and Statutory Prejudgment Interest in the Requested Amounts**

The Trustee is entitled to principal and interest in the following amounts: (i) unpaid principal of $1,683,764,500; (ii) accrued interest on unpaid principal at the contractual 8.5% rate in the amount of $228,196,860.99, including four unpaid interest payments and accrued contractual interest thereafter through December 1, 2020; (iii) interest on the four unpaid installments of interest at the New York statutory rate of 9% in the amount of $12,164,697.13 through December 1, 2020; and (iv) $450,345.66 in interest per day after December 1, 2020, until judgment is entered. The basis for these calculations is summarized below and is explained in greater detail in the accompanying Declaration of Timothy McKenna ("McKenna Decl.").

5

On November 17, 2020, the Trustee and the Collateral Agent provided the amounts set forth herein and the supporting calculations to counsel for the PDVSA Parties. The PDVSA Parties have stated that they have no corrections to the calculations.

### A.      Principal

The Court held in the Summary Judgment Order that the Trustee is "entitled to judgment in the amount of $1,683,764,500," representing the amount of the overdue and unpaid principal on the 2020 Notes. Summary Judgment Order at 68; *see also* 56.1 ¶ 273; Pl. Opp. 56.1 ¶ 273. There is and can be no dispute over this amount.

### B.      Accrued Contractual Interest

The Court also held that the Trustee is entitled to "all accrued and unpaid interest." Summary Judgment Order at 68. The Trustee is entitled to the sum of $228,196,860.99 in overdue and unpaid interest on principal through December 1, 2020, plus amounts accruing after that date until judgment is entered.

The interest calculations are explained in the accompanying McKenna Declaration. Through December 1, 2020, PDVSA and PDVSA Petróleo have failed to pay four amounts of interest on principal when those amounts were payable under the Indenture: (i) $71,559,991.25 payable on October 27, 2019; (ii) $20,275,330.85 payable on December 18, 2019, the date on which the acceleration notice was issued; (iii) $51,284,660.40, which accrued from December 18, 2019, until the next semi-annual interest payment date of April 27, 2020; and (iv) $71,559,991.25 payable on October 27, 2020. *See* McKenna Decl. ¶ 6.

In addition to the foregoing amounts, the Trustee is entitled to further interest on principal accruing from the most recent interest payment date of October 27, 2020, until the date on which judgment is entered. *See NML Capital* v. *Republic of Arg.*, 17 N.Y.3d 250, 259 (2011).

Through December 1, 2020, this additional interest on principal totals $13,516,887.24. *See* McKenna Decl. ¶ 8.

The four unpaid interest payments, plus accrued interest on unpaid principal through December 1, 2020, totals $228,196,860.99 in overdue and unpaid interest (in addition to statutory prejudgment interest, discussed below).

The Trustee's entitlement to these sums is clear under the Governing Documents and prevailing New York law. The decision of the New York Court of Appeals in *NML Capital* is dispositive. *NML Capital*, 17 N.Y.3d at 254–55. The court in *NML Capital* (involving interest due on notes issued by Argentina) held that, because the governing bond contract provided that interest was payable semi-annually "until repayment of the principal," holders of the notes were entitled to interest on overdue and unpaid principal at the contractual rate of interest until the principal was paid, including after the acceleration or maturity of the notes. *Id.* at 258–59, 261, 267. The court further held that Argentina was obligated to pay interest at the New York statutory rate of 9% on any "unpaid periodic interest payments" from the date on which those interest payments were due until judgment was entered. *Id*. at 266.

The relevant provisions of the Governing Documents here are indistinguishable from those at issue in *NML Capital*. The Indenture and each of the Global Notes state that interest on overdue principal accrues at the contract rate of 8.50% per annum "until the principal thereof is paid or duly provided for," and is payable semi-annually in arrears. *See* Indenture § 2.08(b); Global Note, Reverse of Note § 1. As in *NML Capital*, no provisions in the Governing Documents limit PDVSA and PDVSA Petróleo's obligations to make semi-annual interest payments after acceleration of the debt or maturity of the principal.

7

Accordingly, the Trustee is entitled to interest on overdue and unpaid principal until the principal is repaid or judgment is entered.

### C. Statutory Prejudgment Interest

The Court held that the Trustee is also entitled to "prejudgment interest." Summary Judgment Order at 68. The Trustee is entitled to statutory prejudgment interest at the 9% New York statutory rate in the amount of $12,164,697.13, which represents the amount of statutory prejudgment interest that has accrued on the unpaid interest payments on the 2020 Notes through December 1, 2020. McKenna Decl. ¶¶ 10–11.

As explained above, statutory prejudgment interest on the overdue and unpaid interest on principal accrues at the New York statutory rate of 9% simple interest from the interest payment date of each unpaid interest payment until the Court enters judgment. *See NML Capital*, 17 N.Y.3d at 256, 258–59, 267; N.Y. C.P.L.R. 5004 (McKinney 2020). Here, four interest on principal payments are overdue and unpaid, as described above. The Trustee is entitled to statutory prejudgment interest on these amounts in the sum of $12,164,697.13 through December 1, 2020, plus additional daily interest as set forth in Mr. McKenna's Declaration for each day thereafter until a judgment is entered. *See* McKenna Decl. ¶ 11.

### D. Additional Interest Accruing After December 1, 2020

In addition to the foregoing interest amounts, the Trustee is entitled to $450,345.66 per day in interest from the day after December 1, 2020, until the day on which judgment is entered on the docket of the Court. *See* McKenna Decl. ¶ 16. This amount consists of $397,555.51 in contractual interest per day, and $52,790.16 per day in statutory prejudgment interest. *See id.* ¶¶ 14–15. (As noted above and in Mr. McKenna's declaration, ¶ 4, the daily rate of accruing interest changes after December 31, 2020, and on certain dates thereafter, if judgment is not entered by those dates.)

## II. The Court Should Direct Entry of Final Judgment Pursuant to Rule 54(b)

This Court should enter judgment on the claims and counterclaims disposed of in its Summary Judgment Order pursuant to Federal Rule of Civil Procedure 54(b). The only claims not disposed of by the Court's summary judgment ruling—the counterclaims by the Trustee and the Collateral Agent for unjust enrichment, *quantum meruit*, and breach of warranty (Counts 8–10, 12)—need not be litigated if the Court's ruling that the Notes and Governing Documents are valid and enforceable is affirmed on appeal. Judgment on Counterclaim Eleven (for breach of the contractual indemnification provisions) should be deferred until the Court rules on an application by the Trustee and the Collateral Agent for fees and costs.

Rule 54(b) "allows a district court dealing with multiple claims or multiple parties to direct entry of final judgment as to fewer than all of the claims or parties." *Curtiss-Wright Corp.* v. *General Elec. Co.*, 446 U.S. 1, 3 (1980). Entry of a final judgment under Rule 54(b) requires that: (i) multiple claims or parties be present; (ii) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291; and (iii) the court make "an express determination that there is no just reason for delay" and expressly direct the clerk to enter judgment. *Ginett* v. *Computer Task Grp.*, 962 F.2d 1085, 1091 (2d Cir. 1992). Entry of judgment under Rule 54(b) allows appeals to go forward without the delay caused by the adjudication of other claims. *See FTI Consulting, Inc.* v. *Rossi*, 2004 WL 1110426, at *2 (S.D.N.Y. May 18, 2004). In determining whether there is just cause for delay, the court must consider the "interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright*, 446 U.S. at 10.

Courts grant Rule 54(b) judgments where like here, the remaining claims are claims in the alternative to the decided claims, because securing and satisfying a final judgment on those claims will render litigation of the remaining claims unnecessary. *See, e.g., FTI*

9

*Consulting*, 2004 WL 1110426, at *2; *Lankler Siffert & Wohl, LLP* v. *Am. Int'l Specialty Lines Ins. Co.*, 2004 WL 541842, at *5 (S.D.N.Y. Mar. 19, 2004). For example, in *FTI Consulting*, the district court issued a Rule 54(b) judgment on a plaintiff's claim for account stated, on which it had already granted summary judgment, although the plaintiff's claims in the alternative for breach of contract, conversion, and unjust enrichment remained pending. 2004 WL 1110426, at *2. The court reasoned that a Rule 54(b) judgment was appropriate because the plaintiff would receive full relief if the account stated claim was satisfied. *Id.* Alternatively, the court noted, if the judgment was vacated on appeal, plaintiff would seek relief on its remaining legal theories. *Id.* Finally, the court found no just reason for the delay of entry of final judgment given that the plaintiff had already waited over a year and a half for payment. *Id.*

This case presents a straightforward application of Rule 54(b) and the rationale of *FTI Consulting*. The Court's summary judgment decision finally determines the PDVSA Parties' claims and the Trustee and the Collateral Agent's claims for declaratory judgment, breach of contract, and indemnification. *See FTI Consulting*, 2004 WL 1110426, at *2; *Lankler*, 2004 WL 541842, at *3. The remaining claims would need to be litigated only if the Court's ruling is reversed on appeal, so entry of a judgment now will not result in piecemeal appeals. *See Curtiss-Wright*, 446 U.S. at 10; *FTI Consulting*, 2004 WL 1110426, at *2; *Lankler*, 2004 WL 541841, at *5. Finally, PDVSA has been delinquent in payments on the 2020 Notes for over a year, and there is no reason to delay entry of a judgment further. *See Ginett*, 962 F.2d at 1097. Accordingly, the Court should enter judgment on the claims and counterclaims disposed of in its Summary Judgment Order pursuant to Rule 54(b).

The Trustee and the Collateral Agent also submit that the Court should defer entering judgment on Counterclaim 11 (for breach of the indemnification provisions of the

10

Governing Documents) until it adjudicates their application for fees and costs. Although the counterclaims arise from the same contract, Counterclaim 11 is entirely separate, because it arises from PDVSA's failure to pay fees and expenses incurred by the Trustee and the Collateral Agent, and not PDVSA's failure to make scheduled payments on principal and interest. Thus, "no appellate court would have to decide the same issues" in order to determine an appeal of Counterclaim 11. *See Curtiss-Wright*, 446 U.S. at 8.

## Conclusion

The Court should enter a judgment in the form submitted herewith, dismissing the Complaint, granting judgment to the Trustee and the Collateral Agent on Counterclaims 1–7, declaring the rights of the Trustee and the Collateral Agent as stated in the Summary Judgment Order, and directing PDVSA and PDVSA Petróleo to pay to the Trustee the sum of $1,924,126,058.12, plus $450,345.66 per day for each day after December 1, 2020, until judgment is entered. When the Court has fully adjudicated all issues respecting the form of the Proposed Judgment, the Trustee and the Collateral Agent will submit an updated judgment that contains updated amounts of current interest. *See supra* pp. 2–3.

Dated: New York, New York
November 30, 2020

Respectfully submitted,

| | |
|---|---|
| LATHAM & WATKINS LLP<br>Christopher J. Clark<br>Matthew S. Salerno<br>Sean H. McMahon<br>885 Third Avenue<br>New York, New York 10022<br>Telephone: 212-906-1200<br>Facsimile: 212-751-4864<br>chris.clark@lw.com<br>matthew.salerno@lw.com<br>sean.mcmahon@lw.com<br><br>*Attorneys for Defendants and Counterclaim Plaintiffs MUFG Union Bank, N.A. and GLAS Americas LLC, in their respective capacities as Trustee and Collateral Agent, under the Indenture dated October 27, 2016, and the Pledge and Security Agreement dated October 28, 2016, governing PDVSA's Senior Secured Notes due 2020* | PAUL, WEISS, RIFKIND,<br>    WHARTON & GARRISON LLP<br><br>By:  *s/ Walter Rieman*<br>       Walter Rieman<br>       William A. Clareman<br>       Jonathan Hurwitz<br>       Shane D. Avidan<br>       Zachary B. Kaye<br>1285 Avenue of the Americas<br>New York, New York 10019-6064<br>Telephone: 212-373-3000<br>Facsimile: 212-757-3990<br>wrieman@paulweiss.com<br>wclareman@paulweiss.com<br>jhurwitz@paulweiss.com<br>savidan@paulweiss.com<br>zkaye@paulweiss.com<br><br>PAUL, WEISS, RIFKIND,<br>    WHARTON & GARRISON LLP<br>Roberto J. Gonzalez (*pro hac vice*)<br>2001 K Street, NW<br>Washington, DC 20006-1047<br>Telephone: 202-223-7300<br>rgonzalez@paulweiss.com<br><br>*Attorneys for Defendants and Counterclaim Plaintiffs MUFG Union Bank, N.A. and GLAS Americas LLC, in their respective capacities as Trustee and Collateral Agent, under the Indenture dated October 27, 2016, and the Pledge and Security Agreement dated October 28, 2016, governing PDVSA's Senior Secured Notes due 2020 (as to New York law issues only)* |