UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETROLEOS DE VENEZUELA S.A.; PDVSA
PETROLEO S.A.; and PDV HOLDING, INC.,

                    Plaintiffs,

                    -v.-

MUFG UNION BANK, N.A. and GLAS
AMERICAS LLC,

                    Defendants.

19 Civ. 10023 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

On December 11, 2020, Plaintiff PDV Holding, Inc. ("PDVH") filed a motion for a partial stay of the execution of enforcement of the Court's December 1, 2020 Final Judgment (the "Final Judgment" (Dkt. #229)) during the pendency of PDVH's appeal (Dkt. #233). Defendants submitted their opposition to PDVH's motion on December 18, 2020 (Dkt. #237, 238), and PDVH submitted its reply on December 22, 2020 (Dkt. #239). For the reasons set forth in the remainder of this Order, PDVH's motion is granted.[1]

The Court has carefully considered the parties' submissions on this issue. And the Court sympathizes with Defendants' position that the Indenture and Pledge Agreement contemplate an immediate nonjudicial foreclosure and eventual sale of the Collateral in case of an Event of Default. However, it is for this very reason that the Court thinks it necessary to grant PDVH the relief to

---

[1]     Unless otherwise defined herein, capitalized terms shall have the meanings assigned to them in this Court's Opinion and Order dated October 16, 2020. (Dkt. #215).

which it is entitled under Rule 62(b) of the Federal Rules of Civil Procedure.

Defendants have made clear their intent to exercise this remedy if sanctions

are lifted during the pendency of PDVH's appeal,[2] which would effectively moot

the appeal.  While the Court maintains the positions set forth in its October 16,

2020 Opinion and Order on the issues presented by the parties' cross-motions

for summary judgment (Dkt. #215), it agrees with PDVH that a partial stay is

warranted to allow PDVH the opportunity to pursue its appeal.

PDVH has requested a stay of the Court's judgment authorizing the sale

of its majority stake in CITGO (the "Pledged Shares") on the grounds that such

relief is warranted under Rule 62(b) of the Federal Rules of Civil Procedure, and

in the alternative, that it is entitled to a partial stay pursuant to Rule 62(f) of

the Federal Rules of Civil Procedure.  The Court agrees with Defendants that

Rule 62(f) does not provide PDVH with grounds to seek a partial stay under the

requirements set forth in *Fed. Deposit Ins. Corp.* v. *Ann-High Assocs.*, No. 97-

6095, 1997 WL 1877195, at *4 (2d Cir. 1997) (per curiam), in particular, the

requirement that PDVH establish that state law entitles it to appeal without a

bond.  In its briefing, PDVH cites to New York law creating a right to a stay

where "the judgment or order directs the assignment or delivery of personal

property, and the property is placed in the custody of an officer designated by

the court."  N.Y. C.P.L.R. 5519(a)(4).  The scope of such a stay "is restricted to

---

[2]     The Court acknowledges the Trustee and Collateral Agent's letter of December 23, 2020, informing the Court of OFAC's issuance of General License 5F.  (Dkt. #240).  The Court understands that General License 5F continues to restrict Defendants' ability to take action with respect to the Pledged Shares through July 21, 2021.

the executory directions of the judgment or order appealed from which command a person to do an act, and [] the stay does not extend to matters which are not commanded but which are the sequelae of granting or denying relief." *Pokoik* v. *Dep't of Health Servs.*, 641 N.Y.S.2d 881, 884 (2d Dep't 1996) (per curiam). The provisions of the Final Judgment that PDVH seeks to stay "contain no direction that a party perform an act," are "not executory," and accordingly, are not stayed pursuant to N.Y. C.P.L.R. 5519(a)(4). *Id.*

However, PDVH has established that it is entitled to a partial stay pursuant to Rule 62(b) of the Federal Rules of Civil Procedure. Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). The Pledge Agreement suffices to satisfy the "other security" requirement of Rule 62(b), as it assures that the Pledged Shares will be maintained in their current form for the duration of the appeal. The Court agrees with *Deutsche Bank National Trust Co.* v. *Cornish*, 759 F. App'x 503, 509 (7th Cir. 2019), in which decision the Seventh Circuit observed that Rule 62(b) made "explicit the opportunity to post security in a form other than a bond." There, the Court determined that given the "explicit flexibility" in Rule 62(b), "continuing an existing security interest in the property that a lender required as a condition of the loan should provide adequate security in most cases" where the "property is cared for and protected." *Id.* at 509-10. Here, the Pledged Shares similarly provide the Defendants with adequate security. Having considered the factors set forth by the Second Circuit in *In re Nassau County Strip Search*, 783 F.3d 414, 417-18

3

(2d Cir. 2015) (per curiam),[3] the Court's view is that no additional security is necessary. *See generally In re Bakery & Confectionary Union & Indus. Int'l Pension Fund Pension Plan*, No. 11 Civ. 1471 (VB), 2013 WL 12444540, at *2 (S.D.N.Y. Jan. 29, 2013) (determining that a bond was "unnecessary" where the movant's assets were held in trust, most of the movant's assets were "invested in readily marketable securities," and the beneficiaries "who would receive payments if the judgment is affirmed will be paid within thirty to ninety days thereafter").[4]

Moreover, the Court may exercise its equitable powers to stay proceedings to protect the status quo during the pendency of PDVH's appeal. *See Nken* v. *Holder*, 556 U.S. 418, 421 (2009) ("[I]t 'has always been held, … that as part of its traditional equipment for the administration of justice a

---

[3]     While Rule 62 was amended in 2018, courts continue to rely on the *Nassau County* factors in determining whether to waive the bond or other security requirements of Rule 62(b). *See, e.g., Xerox Corp.* v. *JCTB Inc.*, No. 18 Civ. 6154 (MAT), 2019 WL 6000997, at *3 (W.D.N.Y. Nov. 14, 2019).

[4]     Defendants argue that Rule 62(b) does not apply here because it is limited to money judgments rather than declaratory judgments. (*See* Dkt. #237 at 9-11). Defendants also characterize PDVH's application as seeking injunctive relief, and argue that Rule 62(b) does not apply on that basis as well. (*Id.* at 12-17). With respect to the former argument, the Court agrees with PDVH that the Final Judgment is, in effect, monetary, inasmuch as it awards Defendants monetary damages amounting to approximately $1.924 billion. (Final Judgment at 2). And as to Defendants' argument that PDVH is seeking an injunction, the Court does not understand PDVH to have requested that the Court enjoin the Trustee and Collateral Agent from exercising contractual rights that exist independent of the Final Judgment, as the rights at issue are dependent on the Final Judgment's determination as to the validity of the Pledge Agreement. Rather, the Court understands PDVH to have requested to stay those provisions of the Final Judgment authorizing the Trustee and Collateral Agent to take conduct that would alter the status quo — such application falls within the bounds of Rule 62(b). *See Nken* v. *Holder*, 556 U.S. 418, 428-29 (2009) (observing that while "in a general sense, every order of a court which commands or forbids is an injunction," a stay "operates upon the judicial proceeding itself … either by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability" (citations, quotation marks and alterations omitted)).

federal court can stay the enforcement of a judgment pending the outcome of an appeal.'" (quoting *Scripps-Howard Radio, Inc.* v. *Fed. Commc'ns Comm'n*, 316 U.S. 4, 9-10 (1942))).[5]

Therefore, having considered PDVH's motion to issue a partial stay of execution of the Final Judgment pending final resolution of Plaintiffs' appeal by the United States Court of Appeals for the Second Circuit, this Court hereby ORDERS that:

1.   PDVH's motion is GRANTED;

2.   From the date hereof through the issuance of a mandate by the United States Court of Appeals for the Second Circuit resolving Plaintiffs' appeal, execution of the Court's Final Judgment is STAYED with respect to all portions of the Final Judgment pertaining to the Pledge Agreement, including but not limited to:

    a.   The grant of judgment in favor of Defendants and Counterclaim Plaintiffs the Trustee and the Collateral Agent

---

[5]   Application of this power to stay an order is guided by a "well-established" four-factor test.  *In re A2P SMS Antitrust Litig.*, No. 12 Civ. 2656 (AJN), 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014).  The factors include: "[i] whether the stay applicant has made a strong showing that he is likely to succeed on the merits; [ii] whether the applicant will be irreparably injured absent a stay; [iii] whether issuance of the stay will substantially injure the other parties interested in the proceeding; and [iv] where the public interest lies."  *Id.* (citing *Nken*, 556 U.S. at 434).  While PDVH and Defendants have not submitted briefing on the application of this test to the instant matter, given PDVH's representations as to the potential consequences of the execution of the Final Judgment on PDVH and the CITGO Entities, not to mention the potential collateral political consequences (*see* Dkt. #237 at 7-8), the Court easily concludes that PDVH has established irreparable injury, one of the most "critical" factors in this analysis.  *Nken*, 556 U.S. at 434; *see also Crystallex Int'l Corp.* v. *PDV Holding Inc.*, No. 15 Civ. 1082 (LPS), 2019 WL 67785504, at *3 (D. Del. Dec. 12, 2019) (granting application for a stay where the Court was "persuaded that the Republic and PDVSA could be irreparably injured in the absence of a stay, yet a stay will not substantially injure the other parties … interested in the proceeding").

on the Third and Fifth Counterclaims asserted by the Trustee and Collateral Agent in Defendants' Answer and Counterclaims (Dkt. #40);

b.    The order, judgment, decree, and declaration that (i) the Pledge Agreement is "valid and enforceable;" (ii) the "Trustee and Collateral Agent are permitted to exercise the remedies for default set forth" in the Pledge Agreement; (iii) "the Trustee is entitled to direct the Collateral Agent to sell the collateral securing the 2020 Notes;" and (iv) "the Collateral Agent is entitled to so sell;" and

c.    The statement that nothing in the Final Judgment shall preclude the Trustee or the Collateral Agent from (i) "recovering any amounts in addition to the foregoing amounts that may be due or may become due" under the Pledge Agreement; or (ii) enforcing the Pledge Agreement or "seeking to remedy any subsequent or continuing breaches" of the Pledge Agreement.

3.    PDVH is not required to post a bond or additional security;

4.    During the Stay Period, Defendants, including their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including any owners or holders of the 2020 Notes or beneficial interests therein,

6

and any other parties claiming an interest in the 2020 Notes or a security interest in the Pledged Shares, shall not take any action to execute on or enforce the portions of the Final Judgment that are so stayed;

5.      Defendants MUFG Union Bank, N.A. and GLAS Americas LLC, any owners or holders of the 2020 Notes or beneficial interests therein, and any other parties claiming an interest in the 2020 Notes or a security interest in the Pledged Shares, shall not attempt to enforce the Pledge Agreement or otherwise to exercise any rights, remedies, or privileges purportedly arising from a default or Event of Default under the Pledge Agreement, including by attempting to sell the collateral securing the 2020 Notes; and

6.      This Court's Order shall remain in effect unless and until the final disposition of the Plaintiffs' appeal before the Second Circuit; or until it is superseded by another order of this Court or a higher court.

SO ORDERED.

Dated:   December 29, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge