# CLARK SMITH VILLAZOR

Clark Smith Villazor LLP
250 West 55th Street, 30th Floor
New York, NY 10019
www.csvllp.com

**CHRISTOPHER J. CLARK**
T  212 582 4400
clark@csvllp.com

July 5, 2023

**VIA ECF & ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
United States District Court Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Petróleos de Venezuela, S.A., et al. v. MUFG Union Bank, N.A., et. al.*, Case No. 1:19-cv-10023-KPF (S.D.N.Y.)

Dear Judge Failla:

We represent plaintiff in *VR Global Partners, L.P. v. Petróleos de Venezuela, S.A., et. al.*, Case No. 1:23-cv-05604-DLC (S.D.N.Y.) (the "VR Matter"), which is related to the above-referenced action (the "Declaratory Judgment Action"). Although Plaintiff VR Global Partners, L.P. indicated in its initial filings that the VR Matter is related to the Declaratory Judgment Action, the Declaratory Judgment Action is closed and, therefore, the VR Matter was randomly assigned to the Honorable Denise L. Cote on June 30, 2023. We write on behalf of VR Global Partners, L.P. only to request that your Honor accept the VR Matter as a related action in order to efficiently and expeditiously determine whether the 2020 Notes are "contracts of national interest."[1] As described below, your Honor is intimately familiar with the facts at issue in the VR Matter and accepting it as a related action would preserve both the resources of this Court and the New York Court of Appeals.

The VR Matter relates to certain senior secured notes (the "2020 Notes") that Petróleos de Venezuela, S.A ("PDVSA") issued in connection with an exchange offer in 2016 (the "Exchange Offer"). Leading up to and at the time of the Exchange Offer, Plaintiffs in the Declaratory Judgment Action represented to investors that the 2020 Notes were valid, legal, and enforceable, and that Plaintiffs had the capacity to enter into the 2020 Notes. Plaintiffs continued to ratify

---

[1] This letter is submitted to clarify a letter filed by counsel on June 30, 2023 (Doc. 258). Undersigned counsel previously represented Defendants in the Declaratory Judgment Action. For the avoidance of doubt, counsel no longer represents any parties in that action and did not do so at the time the original letter was submitted to the Court. Accordingly, counsel is not submitting this letter (and did not submit the prior letter) on behalf of Defendants in the Declaratory Judgment Action, has submitted this corrected letter to avoid any confusion, and respectfully requests that the prior letter be deemed withdrawn. On July 5, 2023, counsel for Plaintiff-Counterclaim Defendant PDVH filed a letter (Doc. 260) without making any attempt to contact us to discuss any confusion regarding the June 30 letter.

noteholders' belief in the validity of the 2020 Notes by continuing to make required payments of principal and interest on the 2020 Notes through April 2019, and by declaring publicly that PDVSA would honor its obligations under the 2020 Notes. While Plaintiffs' conduct and public statements led noteholders to believe that the 2020 Notes were valid, legal, and enforceable, Plaintiffs privately held the belief that the 2020 Notes were invalid pursuant to the Venezuelan Constitution due to lack of approval by the National Assembly.

On October 15, 2019, the National Assembly passed a non-binding resolution declaring for the very first time that the 2020 Notes were invalid under the Venezuelan Constitution. Two weeks later, on October 28, 2019, PDVSA defaulted on the 2020 Notes by failing to make required payments of principal and interest due. The very next day, Plaintiffs commenced the Declaratory Judgment Action. VR Global Partners, L.P. was not a party to the Declaratory Judgment Action.

In the Declaratory Judgment Action, Plaintiffs sought a judgement declaring the 2020 Notes invalid, illegal, null and void *ab initio*—despite Plaintiffs' representations in connection with and following the Exchange Offer that the 2020 Notes were valid and enforceable—because the 2020 Notes were issued without the authorization of Venezuela's National Assembly. The theory behind this claim was that National Assembly approval is required in order to bind the Republic to "contracts of national interest" under the Venezuelan Constitution, a specific type of contract that generally involves the Republic as a party.

The Trustee and Collateral Agent asserted counterclaims against Plaintiffs for breach of contract, declaratory judgment, unjust enrichment, and quantum meruit, arguing that (i) the 2020 Notes are governed by New York law, and therefore the Venezuelan Constitution and the concept of "contracts of national interest" requiring National Assembly approval do not apply, and (ii) even if the contracts were in any way governed by Venezuelan law, the 2020 Notes are not "contracts of national interest" such that they would ever require National Assembly approval.

In June 2020, the parties moved for summary judgment on a subset of these claims, and on October 16, 2020, the Court issued an Opinion and Order granting the Trustee and Collateral Agent's motion for summary judgment on the grounds that New York law applied to the 2020 Notes, and under New York law, the 2020 Notes were valid and enforceable. The Court did not rule on issues of Venezuelan law. The Order was appealed to the Second Circuit, and the case remains on appeal. On October 13, 2022, the Second Circuit certified questions of law to the New York Court of Appeals, where the questions regarding New York state law have not yet been decided.

This procedural history highlights why this Court should accept the VR Matter as a related action. The issues in the VR Matter have been fully briefed and argued before this Court in the Declaratory Judgment Action. This Court has extensive experience with the determinative issues in this lawsuit and there is no reason or need to relitigate them here. For example, discovery in the Declaratory Judgment Action, while limited, largely centered around expert reports regarding Venezuelan law. This Court has already received and analyzed these expert reports and the parties need not produce additional discovery.

Relatedly, a prompt declaratory judgment will avoid the need for the New York Court of Appeals to determine whether New York law applies or whether the 2020 Notes are valid under New York law. A judgment determining that the 2020 Notes are not "contracts of national interest" under Venezuelan law is dispositive to the Declaratory Judgment Action. This Court's determination of

that issue would avoid the need to tie up additional judicial resources in state court and alleviate the burden on the New York Court of Appeals. Further, an expedited decision on the declaratory judgment issue would avoid the need to litigate and rule on Plaintiff's fraud-related claims for the time being.

We appreciate your attention to this matter.

Sincerely,

*/s/ Christopher J. Clark*
Christopher J. Clark

Cc: Benjamin A. Butzin-Dozier, Esq. (Benjamin.dozier@csvllp.com)