# Exhibit B

**Subject:** FW: Petroleos de Venezuela, S.A. v. MUFG Union Bank, N.A., 19 Civ. 10023 (KPF) (S.D.N.Y.)

**From:** Rieman, Walter <wrieman@paulweiss.com>
**Sent:** Tuesday, September 19, 2023 5:04 PM
**To:** Profusek, Robert A. <raprofusek@JonesDay.com>
**Cc:** mgottlieb@willkie.com; jkorn@willkie.com; igortimofeyev@paulhastings.com; kurthansson@paulhastings.com; Rosenberg, Andrew N <arosenberg@paulweiss.com>; Hurwitz, Jonathan <jhurwitz@paulweiss.com>
**Subject:** Petroleos de Venezuela, S.A. v. MUFG Union Bank, N.A., 19 Civ. 10023 (KPF) (S.D.N.Y.)

Dear Bob,

As you know, we represent, among others, the Directing Noteholders in connection with the litigation referenced above. We are writing to ask that your client CITGO Petroleum Corp. agree not to object on grounds of alleged confidentiality to our submission to Judge Failla—under seal, if CITGO Petroleum so wishes—of a copy of the CITGO Investor Presentation dated September 2023 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. As explained below, we view the presentation as relevant to the pending motion by the Trustee and the Collateral Agent for PDVSA's 2020 Notes to modify the partial stay of the judgment. We understand that your firm represents CITGO Petroleum in connection with ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

The pending motion asks Judge Failla to condition the continuation of the partial stay on the imposition of measures intended to prevent PDVSA and its subsidiaries from using the assets of CITGO Petroleum or CITGO Holding in derogation of the rights of the Trustee and the Collateral Agent to preservation of the Collateral. In their motion papers, the Trustee and the Collateral Agent argue that "there are strong reasons to believe the PDVSA Parties intend to use the assets of CITGO . . . (i.e., the assets underlying the value of the Collateral) to settle many billions of dollars of claims against the PDVSA Parties and the Republic" of Venezuela arising from the *Crystallex Asset Proceeding* and related actions before Judge Stark in Delaware. ECF No. 253, at 2. In its response, PDVH contends that the Trustee and the Collateral Agent have not demonstrated "that any of the so-called 'risks' deriving from potential settlements in *Crystallex* are of real moment." ECF No. 273, at 2.

The investor presentation, which came to our attention after submission of the reply brief on the motion, states ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1

██████████████████████████████████
████████████

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████████
████████████

███████████████████████████████████████████

███████████████████████████ *See* ECF No. 273, at 13, 24; ECF No. 280, at 14-15.

For these reasons, we wish to submit a copy of the investor presentation to Judge Failla promptly.

The investor presentation was widely disseminated to potential investors ████ ████████████████████████████████████████. As part of standard measures intended to protect the exemption of ████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████████. The copy of the investor presentation in our possession was obtained in a manner consistent with the purported restrictions ███████████. The purpose of these purported restrictions would not be adversely affected by submission of a copy of the investor presentation to Judge Failla under seal. The purported restrictions, however, are the reason that, prior to submission, we are seeking agreement by CITGO Petroleum not to assert confidentiality-based objections to the submission. We are seeking such an agreement in order to avoid potential controversy and without any implied concession that such an agreement is required.

If CITGO Petroleum declines to agree not to assert confidentiality-based objections to the submission, we reserve the right to ask Judge Failla for appropriate relief, including leave to serve a document request or subpoena seeking a copy of the investor presentation and any related documents.

2

As the motion has been fully briefed since September 8, we request a response as promptly as possible and in any event by 12 noon on Friday, September 22. We are available to discuss our request.

Regards,

Andrew N. Rosenberg
Walter Rieman

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***