**WILLKIE FARR & GALLAGHER** LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

May 14, 2024

**VIA ECF**

The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Petróleos de Venezuela, et al. v. MUFG Union Bank, N.A., et. al.*, 19-cv-10023 (KPF)

Dear Judge Failla:

     We write on behalf of PDV Holding, Inc. ("PDVH"), Petróleos de Venezuela S.A. ("PDVSA"), and PDVSA Petróleo, S.A. in response to MUFG Union Bank, N.A. and GLAS Americas LLC's ("Defendants") May 9, 2024 letter requesting that the Court rule on their prior motion, ECF No. 252 (the "Motion"), to modify the partial stay of this Court's judgment, ECF No. 241 (the "Stay Order"). Defendants' request should be denied. After initially premising their Motion on the incorrect prediction that Plaintiffs were on the verge of settling with other creditors in another court, Defendants now insist that this Court should grant them what would amount to injunctive relief to protect their interest in a judgment that they have conceded the Second Circuit must vacate. The purpose of this Court's Stay Order was to create conditions that would permit the appeal to be litigated without disrupting the status quo. It would be perverse to modify the Stay Order *now*—with the appellate process on the precipice of a resolution—to impose new supervisory conditions on the parties (Plaintiffs) that are virtually certain to prevail.

     In support of their Motion, filed nearly a year ago, Defendants claimed a "risk of substantial cognizable injury unless the stay is modified." ECF No. 280 at 15. No such risk has materialized. Indeed, nothing material has changed since Defendants asked this Court to "refrain from ruling on the motion." ECF No. 300 at 1. Defendants' claim that potential settlements in the *Crystallex* litigation would imperil their interests was illusory from the outset, *see* ECF No. 273 at 2-3, 19-23, and Defendants point to *no action* by PDVH (or its affiliates) since Defendants suspended their Motion to indicate any settlement is imminent (or even intended).[1]

---

[1] Defendants observe that the *Crystallex* sales process is progressing and that some bidders may seek to "leverag[e] CITGO's assets," ECF No. 303 at 2, but the schedule in *Crystallex* has been a matter of public record for ten months. *See* No. 17-mc-00151-LPS, ECF No. 643 at 11 (D. Del. July 17, 2023). Whatever concerns Defendants may have about the intentions of bidders in *Crystallex* does not justify enjoining PDVH in this proceeding. To the extent Defendants seek an anti-suit injunction against the proceedings in *Crystallex*, they should file a motion requesting such

Further, it would be highly inappropriate to modify the stay of this Court's judgment when the Second Circuit is poised to resolve the appeal in Plaintiffs' favor. This Court entered the partial stay so that Plaintiffs could pursue their appellate rights given the important legal issues raised by the judgment. *See* Sept. 25, 2020 Hr'g Tr. at 6:24-7:5 (noting that this case presents "very, very difficult questions" involving "very, very complicated issues of law."); *see also* Stay Order at 4 ("the Court may exercise its equitable powers to stay proceedings to protect the status quo during the pendency of PDVH's appeal") (citations omitted). When Defendants moved to modify the Court's partial stay last year, they insisted that their purpose was to ensure that the Collateral would continue "to function as security *for the Trustee's money judgment under Rule 62(b)*." ECF No. 253 at 13 (emphasis added); *id.* at 18-21 (arguing that the Court should modify the stay to ensure that the Collateral will retain sufficient value to secure the judgment).

Following the New York Court of Appeals' determination that Venezuelan law governs the validity of the Governing Documents, Defendants have conceded that the Second Circuit must vacate the judgment; in fact, they have urged that precise result. *See* ECF No. 347 at 1, *Petróleos de Venezuela, S.A. v. MUFG Union Bank, N.A.*, 20-3858 (2d Cir. Mar. 19, 2024) ("This Court should follow that roadmap, vacate the judgment, and remand to the district court."); *id.* at 15, 22, 27 (same). Having conceded that the judgment must be vacated, Defendants have forfeited any right to obtain *additional* security in support of that same judgment.

Defendants attempt to justify their request by arguing (without authority) that they continue to have a "legitimate interest . . . in protecting the Collateral value." ECF No. 303 at 3. But whether or not Defendants have any such interest—and they do not, *see* ECF No. 273 at 14-18—has *nothing* to do with Federal Rule of Civil Procedure 62, which governs stays of federal judgments pending appeal. *See, e.g.*, *Grant v. Lockett*, 2019 WL 1872967, at *4 (N.D.N.Y. Apr. 26, 2019) ("Where a party posts a full bond or other security pursuant to Federal Rule of Civil Procedure 62(b), such party is entitled to a stay *from monetary judgment* as a matter of right.") (emphasis added). Here, this Court has already established that "the Pledged shares [] provide the Defendants with adequate security." Stay Order at 3. But even if that were not the case, Rule 62 has nothing to say about securing Defendants' generalized "interest" in the value of the CITGO Holding shares given the inevitable vacatur of the judgment. In actuality, what Defendants seek is preliminary *injunctive* relief—to secure their alleged rights in Collateral that remains subject to pending legal challenge as well as restrictions under the Venezuelan sanctions regime—without even attempting to satisfy the requirements for obtaining such relief.[2]

Furthermore, to the extent this Court has concerns with preserving the status quo while the merits of this litigation are resolved, any relief should be directed at Defendants. While this Court's

---

relief and establishing the requisite factors for such an injunction. *See William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969); ECF No. 273 at 24-25.

[2] Further emphasizing the emptiness of Defendants' request, General License 5-O continues to preclude the Bondholders from enforcing their purported rights under the Pledge. *See* General License No. 5O, Authorizing Certain Transactions Related to the Petróleos de Venezuela, S.A. 2020 8.5 Percent Bond on or After August 13, 2024.

partial stay has been in effect, and possibly in close proximity to Defendants' most recent filing in this Court, Defendants have apparently been engaged in "discussions" with the Special Master charged with overseeing the forced sale of the shares of PDVH in the United States District Court for the District of Delaware. ECF No. 1155 at 7, *Crystallex* (May 13, 2024) (Special Master acknowledging he has been engaged in "discussions with the bondholders"). It is possible, indeed likely, that Defendants are requesting that the Special Master fund a payment for Defendants' contingent claims out of the proceeds of any sale of PDVH. While the details of such discussions have not been disclosed to PDVH, Defendants' own filing here demonstrates their belief that they are entitled to use the Pledge as leverage to privilege themselves vis-à-vis the PDVSA creditors who have obtained attachments of the shares of PDVH itself. To the extent Defendants have sought in their discussions with the Special Master to enforce their rights under the Pledge, they may have violated this Court's Stay Order precluding them from attempting to "enforce the Pledge Agreement or otherwise [] exercise any rights, remedies, or privileges purportedly arising from a default or Event of Default under the Pledge Agreement." Stay Order at 7. To the extent this Court has concerns regarding the maintenance of the status quo, PDVH requests that this Court hold a hearing to determine what agreements, if any, Defendants intend to negotiate with the Special Master appointed by the *Crystallex* court in order to secure their purported interests under the Pledge Agreement.

For the foregoing reasons, including the inevitable and impending vacatur of the judgment in this case, PDVH respectfully submits that the pending Motion should be denied.

    Respectfully submitted,

    s/ Michael J. Gottlieb

cc: Counsel of record for all parties via ECF