PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

DIRECT DIAL: (212) 373-3254
EMAIL: JHURWITZ@PAULWEISS.COM

BEIJING
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO

TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

May 21, 2024

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  *Petróleos de Venezuela, S.A. et al.* v. *MUFG Union Bank, N.A. et al.*, No. 1:19-cv-10023

Dear Judge Failla:

  We represent the Trustee and the Collateral Agent, and I am writing in response to the PDVSA Parties' letter dated May 14, 2024, ECF No. 304 ("PDVSA Ltr.").

  It is undisputed that an auction of PDVH for the benefit of holders of more than $20 billion in claims against PDVSA is moving swiftly toward conclusion.  Just last Friday, Judge Stark reaffirmed the current auction schedule, under which final bids are due on June 11, 2024, and a final sale hearing is scheduled for July 15.  The Trustee and the Collateral Agent thus face the real risk that the PDVSA Parties will use the assets of CITGO to attempt to delay the auction by reaching agreements with those creditors, or that bidders may seek to leverage CITGO to fund what is likely to be a multi-billion dollar purchase.  ECF No. 303, at 2–3 ("Trustee Ltr.").  Such actions would violate the Pledge Agreement, and every dollar of CITGO's assets used in that fashion impairs the value of the Collateral by the same amount.

  None of the PDVSA Parties' arguments justifies permitting such actions.  The Motion does not seek to grant the Trustee and the Collateral Agent "*additional* security."  PDVSA Ltr. at 2 (emphasis in original).  It seeks, instead, to maintain the status quo while the Stay Order is in effect and to ensure that the PDVSA Parties cannot use the stay to deprive the Trustee and the Collateral Agent of the protections in the Pledge Agreement that are intended to preserve the value of the Collateral following an Event of Default.  ECF No. 280, at 4–7.  The PDVSA Parties' assertion that the Trustee and the Collateral Agent have no protectable "'interest' in the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine Polk Failla
United States District Judge                                                                                   2

value of the Collateral," PDVSA Ltr. at 2, ignores those express terms of the Pledge Agreement. Their assertion also ignores that where a stay of enforcement of a judgment is secured by property, courts routinely impose conditions to ensure that the value of the property is preserved. *See* ECF No. 280, at 5–6 (citing cases). Allowing the PDVSA Parties to strip the Collateral of value under the protection of the Stay Order would render the Collateral pledge and the Stay Order empty formalities that guarantee the Trustee and the Collateral Agent nothing except the right to retain shares of stock held in a bank vault. *Id*. at 6–7.

Nor is it relevant that the Second Circuit may vacate this Court's judgment and remand for additional proceedings. PDVSA Ltr. at 1, 2; *see* Trustee Ltr. at 3. There is no assurance when or how the Second Circuit will rule, much less that it will do so before the rapidly approaching deadlines in the *Crystallex* proceedings in Delaware for the submission of final bids and a final sale hearing. There is nothing "perverse," PDVSA Ltr. at 1, about ensuring that in that critical period the PDVSA Parties (or PDVH thereafter under control of a successful bidder in the auction) cannot strip the Collateral of value in an effort to avoid a looming loss of CITGO, as they have repeatedly stated they intend to do. ECF No. 253, at 13–15.[1]

Finally, the PDVSA Parties suggest— concededly without evidence—that the Trustee and the Collateral Agent "*may have* violated this Court's Stay Order" by engaging in discussions with the Special Master appointed by Judge Stark in *Crystallex*, and they request that, "[t]o the extent this Court has concerns" about such discussions it should "hold a hearing to determine what agreements, if any, Defendants intend to negotiate with the Special Master." PDVSA Ltr. at 3 (emphasis added). This assertion is baseless, and the PDVSA Parties' request for a hearing is only the most recent of many improper efforts by the PDVSA Parties to interfere with and delay the court-supervised auction in *Crystallex*.

The PDVSA Parties refer to a recent statement by the Special Master that he has engaged in "discussions with the bondholders," PDVSA Ltr. at 3. Contrary to the PDVSA Parties' assertion that the Special Master has had discussions with "Defendants," *id.*, the defendants in this action—*i.e.*, the Trustee and the Collateral Agent—have had no such discussions. Moreover, the PDVSA Parties' pretense that this statement by the Special Master is a smoking gun is disingenuous. The Special Master has made clear for years that he intends to "explor[e] discussions with counsel to the PDVSA 2020 Bondholders about any participation, consent, or

---

[1] Contrary to the PDVSA Parties' assertion, PDVSA Ltr. at 1 n.1, nothing in the relief sought would require this Court to enter an anti-suit injunction, and the Trustee and the Collateral Agent seek no such injunction. Nor, also contrary to the PDVSA Parties' assertion, *id.* at 2, does a modification of the stay as sought by the Motion involve entry of a preliminary injunction or require the Trustee and the Collateral Agent to satisfy the requirements for such an injunction. Finally, the PDVSA Parties' assertion that the request by the Trustee and the Collateral Agent to modify the Stay Order is "empt[y]" because OFAC General License 5O "preclude[s] the Bondholders from enforcing their purported rights under the Pledge," PDVSA Ltr. at 2 n. 2, is misplaced. Whatever restrictions that license may impose on the ability of the Trustee and the Collateral Agent to foreclose on the Collateral, it does not purport to authorize the PDVSA Parties to ignore their obligations under the Pledge Agreement or to strip the Collateral of value. That license will be particularly irrelevant to actions that may be taken by PDVH after a sale of PDVH in the auction to a buyer unaffiliated with the Republic of Venezuela.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine Polk Failla
United States District Judge                                                                            3

other coordination with such bondholders in the current sale process." *Crystallex Int'l Corp.* v. *Bolivarian Republic of Venez.*, No. 1:17-mc-00151-LPS (D. Del.), ECF No. 472.  For that reason, the Sale Procedures Order in that matter expressly empowers the Special Master, "in his sole discretion and at any time, to communicate and, as applicable, negotiate with" holders of 2020 Notes.  *Id.*, ECF No. 481, at 30.  The *Crystallex* court adopted that provision over the objection of the PDVSA Parties and the Republic.  In urging that objection, the PDVSA Parties and the Republic cited among other things this Court's Stay Order, which they characterized as "barr[ing] [2020 Noteholders] from taking any action with regard to their collateral."  *Id.*, ECF No. 472, at 3.  Judge Stark reasoned that discussions between the Special Master and the 2020 Noteholders "could help further a value maximizing transaction."  *Id.*, ECF No. 479.  On May 17, 2024, Judge Stark rejected yet another attempt by the PDVSA Parties and the Republic to delay the sale and to prevent the Special Master from engaging in discussions with the 2020 Noteholders, and again observed that any knowledgeable bidder would take account of the 2020 Notes in its bid.  *Id.* ECF Nos. 1144, 1174.  This Court should not permit the PDVSA Parties to relitigate that issue again here.

Nor is there any basis for the PDVSA Parties' suggestion that discussions between 2020 Noteholders and the Special Master would violate this Court's Stay Order.  The Order prohibits the Trustee, the Collateral Agent, and Noteholders from "attempt[ing] to enforce the Pledge Agreement" or "to exercise any rights, remedies, or privileges" under that agreement following a default or Event of Default.  Stay Order at 7.  As the PDVSA Parties have acknowledged, the Special Master has no authority to enforce the Pledge Agreement or impose a settlement of the 2020 Notes claims.  *Crystallex*, ECF No. 1144 at 2.  Discussions with the Special Master thus could not be construed as an attempt to enforce the Pledge where the Special Master has no such authority.  And nothing in the Stay Order precludes discussions aimed at a possible consensual resolution of this matter.

Finally, it is improper for the PDVSA Parties to ask this Court to interfere with the *Crystallex* auction by seeking a hearing in this case to enable them to explore the efforts by the *Crystallex* Special Master to supervise that auction.  The PDVSA Parties have a long history of efforts to delay the auction.  *Crystallex*, ECF No. 1155, at 1 (submission by Special Master noting the "calculated attempt to delay and deter the Marketing Process" by the PDVSA Parties and the Republic); No. 544 (denying PDVSA Parties' and the Republic's motion to disqualify Special Master as a "strategic" delay tactic); No. 643 (overruling PDVSA Parties' and the Republic's request to delay sales process pending OFAC developments and appeals in this and other litigations); ECF No. 1138 (Venezuela parties' renewed motion to disqualify Special Master); *see also* ECF No. 582 (submission from creditor identifying 17 requests by the Republic to stay the sales process as of June 2023); *Crystallex*, 2021 WL 129803, at *18 (D. Del. Jan 14, 2021) (noting that the auction was required only because the Venezuela parties have been "highly-recalcitrant judgment debtor[s]").  This Court should not permit the PDVSA Parties to use this case to open another front in that years' long effort to avoid paying their debts.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine Polk Failla
United States District Judge                                                    4

                                            Respectfully submitted,

                                            */s/ Jonathan Hurwitz*

                                            Jonathan Hurwitz

cc: Counsel of Record (Via ECF)