# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

June 14, 2024

**VIA ECF**

The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Petróleos de Venezuela, et al. v. MUFG Union Bank, N.A., et. al.*, 19-cv-10023 (KPF)

Dear Judge Failla:

Defendants' latest salvo (ECF No. 307) in the incessant letter-writing campaign in support of their stale motion to modify the Court's partial stay (ECF No. 252) is entirely irrelevant to any issue before this Court. The letter's sole purpose seems to be a gratuitous desire to disparage Plaintiffs PDV Holding, Inc. ("PDVH"), Petróleos de Venezuela S.A., and PDVSA Petróleo, S.A., along with the recognized Venezuelan government. Were this a pleading, Plaintiffs would move to strike it.

Defendants claim their purpose is to inform the Court of what they describe as Plaintiffs' "efforts to delay the auction of PDVH." ECF No. 307 at 1 (citation omitted). But Defendants do not even attempt to connect those alleged "efforts" to *anything* in this litigation, or to explain how the *Crystallex* court's recent refusal to disqualify the Special Master *in that case* is relevant to whether there is impairment, or threatened impairment, of the value of the Collateral—which is the basis for their motion.[*]

Nor do Defendants explain how this Court's refusal to modify the existing partial stay could conceivably "interfere with the *Crystallex* auction process." ECF No. 307 at 2. The *Crystallex* court has made clear that it will not permit *anything* to delay the sale of the PDVH shares. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-151-LPS (D. Del.), Hr'g Tr. at 44:17-19 (May 17, 2024) ("I do want to emphasize … I am not delaying this process."). Ironically, it is *a grant* of Defendants' pending motion that would frustrate the auction, because it would effectively grant Defendants first-priority rights over existing *Crystallex* creditors. *See* ECF No. 273 at 23; ECF No. 304 at 3; ECF No. 306 at 1. Defendants will surely use that priority to demand that they are paid at the expense of existing *Crystallex* judgment

---

[*] Tellingly, Defendants did not previously bring to this Court's attention the *Crystallex* court's denial of the prior motion to disqualify the Special Counsel. *See* ECF Nos. 253, 280.

BRUSSELS   CHICAGO   DALLAS   FRANKFURT   HOUSTON   LONDON   LOS ANGELES   MILAN
MUNICH   NEW YORK   PALO ALTO   PARIS   ROME   SAN FRANCISCO   WASHINGTON

- 2 -

holders—an intention they never denied.  *See, e.g.*, No. 1:17-mc-151-LPS, ECF No. 305 at 1-2 (defending ability of bondholders to negotiate resolution with Special Master).

This Court should deny Defendants' pending motion.

Respectfully submitted,

s/ Michael J. Gottlieb

cc: Counsel of record for all parties via ECF