PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

DIRECT DIAL: (212) 373-3254
EMAIL: JHURWITZ@PAULWEISS.COM

BEIJING          SAN FRANCISCO
BRUSSELS         TOKYO
HONG KONG        TORONTO
LONDON           WASHINGTON, DC
LOS ANGELES      WILMINGTON

July 15, 2024

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    *Petróleos de Venezuela, S.A. et al.* v. *MUFG Union Bank, N.A. et al.*, No. 1:19-cv-10023

Dear Judge Failla:

    I write on behalf of the Trustee and the Collateral Agent in light of the Second Circuit's July 3, 2024 decision vacating this Court's judgment and remanding for further consideration, ECF No. 309, to provide the views of the Trustee and the Collateral Agent about the appropriate next steps in this matter.

    As the Second Circuit "emphasize[d]," this Court has "broad flexibility" to address the issues presented on remand.  ECF No. 309 at 16.  The Second Circuit rejected without discussion the PDVSA Parties' request that it provide specific "guidance" to this Court about how it should proceed, and instead left the next steps to be determined by this Court.  *See* Supplemental Br. of Plaintiffs-Counter-Defendants-Appellants in *Petróleos de Venezuela, S.A.* v. *MUFG Union Bank, N.A.*, Nos. 20-3858, 20-4127 (2d Cir. Mar. 19, 2024), ECF No. 348 at 25–30 ("PDVSA Supp. Br.").

    The Trustee and the Collateral Agent respectfully propose that the Court proceed as follows:

    *First*, this Court can and should decide the issues of Venezuelan law on the present record and without need for additional expert submissions or briefs.  Contrary to what the PDVSA Parties argued before the Second Circuit, *id.* at 25–27, there is a more than sufficient record on which the Court can decide these issues, and no need to "reopen the summary

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine Polk Failla
United States District Judge                                                                                                  2

judgment record" or invite the parties to provide "additional academic commentary or supplemental expert reports" addressing Venezuelan law. *Id*. at 26.

      As the Court noted in its Opinion and Order, it has already received "excellent briefing and analysis from the parties and their respective experts on the intricacies of Venezuelan law." ECF No. 215 at 65. The record includes more than 400 pages of expert witness submissions addressing Venezuelan law and thousands of pages of accompanying exhibits, and the Court heard oral argument on those issues for more than an hour. The PDVSA Parties have never suggested, and the Court did not find, that the parties' prior submissions did not fully address the issues of Venezuelan law presented by this case. And nothing in the Second Circuit's decision or the decision by the New York Court of Appeals purported to address the substance of Venezuelan law or to alter the Venezuelan law issues to be addressed. *See* ECF No. 309 at 13 (determining that, while the Second Circuit was empowered to decide questions of foreign law, considerations of judicial economy counseled in favor of directing this Court to address those questions in the first instance); *Petróleos de Venezuela, S.A.* v. *MUFG Union Bank, N.A.*, 41 N.Y.3d 462, 482 (2024) (emphasizing that the validity of the 2020 Notes under Venezuelan law "is an issue that we must leave for the federal courts to determine"). While the PDVSA Parties noted that briefing on Venezuelan law was completed in July 2020, PDVSA Supp. Br. at 26, they have identified no more recent developments in Venezuelan law. In any event, since the Exchange Offer occurred in 2016, and in view of the fact that there has been no operative judicial system in Venezuela recognized by the United States government since at least 2018, there is no reason to believe that any such developments would be relevant or persuasive. Reopening the record would only delay further a final adjudication of this case, which has already allowed the PDVSA Parties to avoid payment on the 2020 Notes for nearly five years.

      If the Court believes that additional oral argument would be beneficial in light of the passage of time since these issues were last before it, we are prepared to present argument at the Court's convenience.

      *Second*, the Court may wish to permit the parties to submit supplemental briefing on the act-of-state doctrine in light of the Second Circuit's discussion of the doctrine in its 2022 and 2024 opinions. We note, however, that the Second Circuit's opinions do not call into question the bases for this Court's conclusion that the act-of-state doctrine does not apply here—namely, that the 2016 National Assembly resolutions on which the PDVSA Parties rely did not purport to invalidate the Exchange Offer, *see* ECF No. 215 at 33–36, and that under this Court's ruling in *Allied Bank International* v. *Banco Credito Agricola de Cartago*, 757 F.2d 516 (2d Cir. 1985), the post-Exchange Offer actions by the National Assembly do not support applying the doctrine, *see* ECF No. 215 at 33, 44–47.

      *Third*, consistent with the Second Circuit's recognition that this Court "may . . . choose to address any other pending or potentially dispositive arguments before or alongside the contract claim," ECF No. 309 at 16–17, we respectfully submit that the Court defer consideration of any remaining issues until it rules on the substance of Venezuelan law and, if necessary, on the act-of-state doctrine. Those issues include, among others, (i) whether the 2020 Notes are

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine Polk Failla
United States District Judge                                                                 3

enforceable under New York law notwithstanding any alleged invalidity under the law of Venezuela, *see* ECF No. 99 at 26–28, 34–36; ECF No. 158 at 22–23; ECF No. 182 at 9–10, 12–13; (ii) whether the Notes are enforceable under the Venezuelan law doctrines of legality of legitimate expectations; and (iii) the counterclaims asserted by the Trustee and the Collateral Agent for unjust enrichment, quantum meruit, and breach of warranty.  Because the issues of Venezuelan law and the act-of-state doctrine are potentially dispositive, and because the remaining issues could entail extensive further proceedings, deferring consideration of those issues would serve the interests of judicial efficiency and seems likely to reduce the cost and burdens of litigation on the parties.

      We also wish to alert the Court to a motion that the Trustee and the Collateral Agent intend to file in the near future.  As the Court is aware from the parties' recent correspondence, ECF Nos. 303–08, there is a rapidly progressing auction process to sell PDVH for the benefit of holders of more than $20 billion in claims against PDVSA.  The court-appointed Special Master in that proceeding has stated that he expects to "execute definitive documentation with the Successful Bidder by the end of July 2024"—later this month.  *Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*, No. 17-mc-151 (D. Del. June 28, 2024), ECF No. 1201 at 4.  The Special Master's Notice of Final Recommendation for approval of a sale is due on or around July 31, 2024, and a final sale hearing is scheduled for September 19, 2024.  *Id.*, ECF No. 1213.  The Trustee and the Collateral Agent continue to face a very real risk that CITGO assets supporting the value of the Collateral will be diverted, in violation of the Pledge Agreement, for the benefit of PDVSA, the Republic, or potential bidders for PDVH, and that the value of their Collateral will thereby be impaired.  Accordingly, the Trustee and the Collateral Agent intend to seek relief from this Court to enjoin PDVH and the other PDVSA Parties from diverting CITGO's assets in violation of the Pledge Agreement.

      The Trustee and the Collateral Agent are available to discuss these issues at the Court's convenience.

Respectfully submitted,

*/s/ Jonathan H. Hurwitz*

Jonathan H. Hurwitz

cc:  Counsel of Record (Via ECF)