

1(212) 318-6627
kurthansson@paulhastings.com

July 18, 2024



**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Petróleos de Venezuela, S.A. v. MUFG Union Bank, N.A.*, No. 1:19-cv-10023—
      Response to Defendants' Letter Regarding Remand Process

Dear Judge Failla:

We write on behalf of Plaintiffs Petróleos de Venezuela, S.A., PDVSA Petróleo, S.A., and PDV Holding, Inc., and in response to Defendants' July 15, 2024 letter (Dkt. No. 310) regarding the impending remand from the Second Circuit. Resuming their pattern of demanding the Court's attention without first engaging with Plaintiffs on potentially resolvable issues, Defendants did not think to confer with Plaintiffs before advancing their proposal as to how this Court should proceed on remand. Defendants did not even await the issuance of the appellate mandate, which returns the jurisdiction to this Court, before urging their preferred remand process.

Plaintiffs respectfully suggest that it would be more productive—and would serve judicial efficiency—if the Court were to direct the parties to confer with each other with respect to the optimal remand procedure, in an effort to reach agreement with respect to at least some aspects of that process. The parties can then submit a joint proposal to this Court, and to outline their respective positions on issues where they are unable to reach an agreement. Absent that, Plaintiffs will be prepared to submit their position to this Court, on the schedule the Court prescribes, on how the litigation should proceed, including with respect to the question of Venezuelan law and the act of state doctrine, as these issues return to this Court for the first time in nearly four years. Dkt. No. 309 at 16-17. Plaintiffs believe that given the passage of time, the existing record—relying, as it does, on briefs and expert reports drafted more than four years ago—would surely benefit from supplementation.

Defendants also inform the Court that they intend to file a preliminary injunction motion, presumably akin to the motion to modify this Court's partial stay of the initial judgment that Defendants have been pressing on-and-off for the past year, and which this Court never granted. *See* Dkt. 310 at 3. They make no effort to reconcile this forthcoming request with their unequivocal assurances to this Court less than two months ago that their attempts to secure the Collateral, then with the partial stay in place, involved neither a request for an anti-suit nor a preliminary injunction. Dkt. 305 at 2 n.1. Defendants are, of course, free to seek any relief from this Court that they deem necessary, but it is hard to envision how a now-vacated judgment would entitle Defendants to equitable relief to which they were not entitled when they held a judgment. As Plaintiffs have already explained, Defendants' repeated concerns about threatened "impair[ment]" of "the value of their Collateral" are entirely illusory. *See, e.g.*, Dkt. 273 at 2-3, 19-23; Dkt. 304 at 1; Dkt. 308 at 1. If anything, it is *Defendants'* actions in the *Crystallex* proceedings—involving other creditors who, unlike Defendants, currently hold valid judgments on which execution efforts may rely—that



The Honorable Katherine Polk Failla
July 18, 2024
Page 2

risk interfering with this Court's prerogative to resolve the present dispute regarding the validity of the 2020 Notes and the purported Collateral.  *See* Dkt. 306 at 2-3; Dkt. 308 at 1-2.

Respectfully submitted,

*/s/ Kurt W. Hansson*

Kurt W. Hansson
Igor V. Timofeyev (application for admission forthcoming)
*Counsel for Appellants Petróleos De Venezuela, S.A.
and PDVSA Petróleo, S.A.*


*/s/ Michael J. Gottlieb*

Michael J. Gottlieb
*Counsel for Appellant PDV Holding, Inc.*


cc:     Counsel of Record (by ECF)

The Court is in receipt of the parties' letters regarding their respective positions on how the Court should proceed on remand. (*See* Dkt. #310, 311).

In light of the Second Circuit's decision and the significant passage of time since the Court first considered the issues raised in this action, the Court requires supplemental briefing. Accordingly, the Court hereby ORDERS the parties to meet and confer and file a joint proposal (i) outlining what factual and legal issues should be supplemented and (ii) proposing a reasonable briefing schedule. Should the parties fail to reach a consensus, the parties should outline their respective positions on issues where they are unable to reach agreement, which the Court will consider in due course. The joint letter shall be filed on or before **July 31, 2024**.

Separately, in light of the Second Circuit's decisions vacating the judgment in this matter, the motion for an order modifying the partial stay of execution of enforcement of the judgment is DENIED as moot.

The Clerk of Court is directed to terminate the pending motion at docket number 252.

Dated:    July 19, 2024           SO ORDERED.
          New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE