PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

DIRECT DIAL: (212) 373-3254
EMAIL: JHURWITZ@PAULWEISS.COM

BEIJING         SAN FRANCISCO
BRUSSELS        TOKYO
HONG KONG       TORONTO
LONDON          WASHINGTON, DC
LOS ANGELES     WILMINGTON

October 30, 2024

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

 *Petróleos de Venezuela, S.A. et al.* v. *MUFG Union Bank, N.A. et al.*, No. 1:19-cv-10023

Dear Judge Failla:

 I am writing on behalf of the Trustee and the Collateral Agent to apprise the Court of recent developments in the ongoing auction in *Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*, No. 17-mc-151 (D. Del.) ("*Crystallex*"), involving the sale of stock of plaintiff PDV Holding, Inc. ("PDVH") for the benefit of holders of more than $20 billion in claims against PDVSA or the Republic, and to alert the Court to possible future proceedings in this case arising from those developments.

 On September 27, 2024, the Special Master appointed by Judge Stark in that action to oversee the auction process filed a Notice of Special Master's Recommendation in *Crystallex* preliminarily recommending approval of a sale of PDVH to Amber Energy Inc., a subsidiary of Elliot Investment Management L.P.  Ex. 1.  The Special Master's recommendation was accompanied by a proposed Stock Purchase Agreement ("SPA") and a Term Sheet setting forth certain additional terms of the transaction.  On October 18, 2024, at Judge Stark's direction, the Special Master filed a joint status report in *Crystallex* on behalf of himself and other interested entities recommending a schedule for further proceedings.  Ex. 2.  The 2020 Notes Trustee, the Collateral Agent, and an ad hoc group of Bondholders holding in excess of two-thirds of outstanding 2020 Notes (collectively, the "2020 Bond Entities") also filed a submission setting forth their views.  Ex. 3.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine Polk Failla
United States District Judge                                                                                         2

   The proposed SPA includes provisions that seek to impair the rights of the 2020 Bond Entities that are at issue in this case.  The proposed transaction contemplates that the Buyer will obtain control over CITGO Holding without regard to the voting rights of the Trustee and the Collateral Agent under the 2020 Notes Pledge Agreement; that the lien held by the Collateral Agent for the benefit of the 2020 Notes will be released without the consent of the Trustee, the Collateral Agent, or the Noteholders; and the accrual of interest owed to the 2020 Noteholders will be stopped while this litigation continues.

   The Special Master and the Buyer appear to recognize that certain of the SPA provisions affecting the rights of the Trustee, the Collateral Agent, and the 2020 Noteholders raise issues that cannot be litigated in the *Crystallex* action.  The SPA contemplates proceedings in this Court, consistent with the express choice of forum provisions in the Indenture and Pledge Agreement governing the 2020 Notes to this Court, to address at least some of those issues at a time to be determined.  Among other things, the SPA contemplates the following:

- The Buyer will deposit into an escrow account a portion of the purchase price purportedly reflecting the "accrued claim of the PDVSA 2020 Bondholders," Term Sheet at 1–2;

- The amount of that accrued claim is to be determined by an unspecified "court of competent jurisdiction" following a procedure to be agreed to by the Special Master and the Buyer, SPA § 6.1, at 77;

- The Special Master or the Buyer will seek to intervene in the present action to seek approval to release the lien on the Collateral for the 2020 Notes, without repaying the 2020 Noteholders or obtaining the consent of the Trustee and the Collateral Agent, and to replace it with unspecified rights against the escrow, Term Sheet at 3;

- The Special Master may seek a declaration from an unspecified court that the deposit of funds in the escrow "stop[s] the accrual of interest on the PDVSA 2020s Bondholders' claims as of the date of deposit," Term Sheet at 2 n.2; and

- The SPA also contemplates the Buyer taking control of CITGO Holding following the closing of the transaction in disregard of the voting rights of the Collateral Agent, at the direction of the Trustee, pursuant to the Pledge Agreement.

   As set forth in the 2020 Bond Entities' submission in *Crystallex*, Ex. 3, these and other SPA provisions seek to impair the rights of the 2020 Bond Entities under the Indenture, the Pledge Agreement, and the other documents governing the 2020 Notes, all of which include an express grant of jurisdiction to this Court.  We expect to oppose any efforts by the Special Master or the Buyer to alter or impair contractual rights or seek adjudication of those rights by any other tribunal, and reserve all rights with respect to any such efforts.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine Polk Failla
United States District Judge                                                              3

      The auction process is continuing.  On October 23, 2024, the court in *Crystallex* entered an Order advising the parties of his contemplated next steps.  Ex. 4.  We will advise this Court of any further developments that may affect this case.

      The Trustee and the Collateral Agent are available to discuss these issues at the Court's convenience.

Respectfully submitted,

*/s/ Jonathan H. Hurwitz*

Jonathan H. Hurwitz

cc:  Counsel of Record (Via ECF)