IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC.,<br><br>Plaintiffs,<br><br>-against-<br><br>MUFG UNION BANK, N.A. and GLAS AMERICAS LLC,<br><br>Defendants. | Case No. 19 Civ. 10023 (KPF) |

**THE BOLIVARIAN REPUBLIC OF VENEZUELA'S MOTION FOR LEAVE TO FILE**
***AMICUS CURIAE* BRIEF**

The Bolivarian Republic of Venezuela (the "Republic") respectfully files this unopposed motion for leave to file the accompanying *amicus curiae* brief.[1]  In the interest of complete consideration and briefing of the legal issues presented here—including the interpretation and application of Venezuelan law—the Republic respectfully requests that the Court accept the brief filed herewith.

Allowing *amicus* participation is within the Court's "firm discretion" and is appropriate where, as here, "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *C & A Carbone, Inc. v. Cnty. of Rockland*, No. 08-cv-6459 (ER), 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014) (internal quotation marks omitted).  *Amicus* briefs help "[e]nsure a complete and plenary presentation of potentially difficult issues so that the court may reach a proper decision."  *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11-cv-6746 (RJH), 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (cleaned up).  Importantly, a party seeking to participate as an *amicus* "need not be completely disinterested in the outcome of the litigation."  *C & A Carbone*, 2014 WL 1202699, at *4; *see also SEC v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT), 2021 WL 4555352, at *6 (S.D.N.Y. Oct. 4, 2021) (allowing *amici* to participate over the plaintiff's objection that they were "not neutral" because "by the nature of things an amicus is not normally impartial" (citation omitted)).

---

[1]  Plaintiffs Petróleos de Venezuela S.A., PDVSA Petróleo, S.A., and PDV Holding, Inc. have informed the undersigned counsel that they consent to the relief sought herein.  Defendants MUFG Union Bank, N.A. and GLAS Americas LLC have informed the undersigned counsel that they take no position on the Republic's motion, but that they anticipate filing a response "further explaining their position."

1

Granting a motion for leave to file an amicus brief is especially appropriate where, as here, a foreign government seeks to explain its views about the meaning of its own laws.[2] In such cases—which implicate concerns about "international comity"—the Supreme Court has instructed that "a federal court should carefully consider" the foreign government's views. *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, 585 U.S. 33, 43 (2018) (citation omitted); *see also Petróleos de Venezuela S.A.*, 495 F. Supp. 3d 257, 279 (S.D.N.Y. 2020) ("respectfully and carefully consider[ing] the views that the Republic" had previously submitted to this Court).

The Court therefore should grant the Republic's motion here. The proposed *amicus* brief explains the Republic's views on the proper understanding of Venezuelan law, which the Court must now interpret following remand by the Second Circuit. *See Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, 106 F.4th 263, 270 (2d Cir. 2024). As the Court has previously held, "it is proper for the Court to take into consideration under Rule 44.1" of the Federal Rules of Civil Procedure the Republic's "views or interpretations of Venezuelan law—an issue that is at the heart of the instant litigation." ECF No. 199, at 2.[3] And apart from its relevance to the specific issues presented in this case, the Republic has a broader sovereign interest in ensuring

---

[2] As both this Court and the Executive Branch have recognized, the 2015 National Assembly—on whose behalf the proposed *amicus* brief is being filed—is the only legitimate branch of government in Venezuela. *Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, 495 F. Supp. 3d 257, 272 (S.D.N.Y. 2020); U.S. Dep't of State, U.S. Relations with Venezuela (July 18, 2024), https://www.state.gov/u-s-relations-with-venezuela/.

[3] Though the Court previously declined to consider the Republic's written views to the extent that they discussed the act-of-state doctrine, that is because the Court declined to "accord[] . . . weight to" the Republic's "discussion of federal law." ECF No. 199, at 2. In the proposed *amicus* brief, the Republic's views on the act-of-state doctrine focus on the sovereign acts of the recognized National Assembly that are entitled to act-of-state treatment, as well as proper interpretation—as a matter of Venezuelan law—of the National Assembly's May and September 2016 Resolutions. *See* Proposed Br. at 17-25. The Court should therefore consider the Republic's views on the act-of-state doctrine submitted herewith.

2

that United States courts properly interpret its laws, particularly the critical separation-of-power provisions of Venezuela's Constitution that are implicated in this litigation. The Republic also believes that its unique perspective — as the legitimate government of Venezuela seeking to restore democracy in the face of an authoritarian regime that has created a humanitarian crisis for the country's citizens — will provide helpful background to the Court as it decides an issue of paramount importance to the Venezuelan people.

As in other recent matters, *see, e.g.*, *United King Film Distribution Ltd. v. Does 1-10*, No. 21-cv-11024 (KPF) (S.D.N.Y. June 17, 2022), ECF No. 87; *Gillett v. Zara USA, Inc.*, No. 20-cv-3734 (KPF) (S.D.N.Y. Oct. 28, 2021), ECF No. 61; *Open Soc'y Just. Initiative v. Trump*, No. 20-cv-8121 (KPF) (S.D.N.Y. Nov. 4, 2020), ECF No. 49; *Uniformed Fire Officers Ass'n v. de Blasio*, No. 20-cv-5441 (KPF) (S.D.N.Y. Aug. 14, 2020), ECF No. 128, the Court should grant the Republic's motion and accept the accompanying *amicus curiae* brief for filing.

Dated: January 15, 2025

Respectfully submitted,

/s/ *Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohmmadi@mto.com

*Attorneys for Bolivarian Republic of Venezuela*