UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETROLEOS DE VENEZUELA S.A.; PDVSA PETROLEO S.A.; and PDV HOLDING, INC., <br><br> Plaintiffs, <br><br> -v.- <br><br> MUFG UNION BANK, N.A. and GLAS AMERICAS LLC, <br><br> Defendants. | 19 Civ. 10023 (KPF) <br><br> **ORDER** |

KATHERINE POLK FAILLA, District Judge:

  The Court has reviewed Plaintiffs' February 28, 2025 letter opposing Defendants' redactions of the identity of Defendants' expert (Dkt. #351), as well as Defendants' March 5, 2025 letter in response (and the exhibits attached thereto) (Dkt. #354). The Court is satisfied that Defendants have made the requisite showing to allow the expert's name to be redacted in public filings.

  It is true, as Plaintiffs point out, that Rule 9(B) of this Court's Individual Rules of Practice in Civil Cases requires Court approval for all redactions or sealing of public court filings, and states that the fact that information is subject to a confidentiality agreement between litigants (as it is here (*see* Dkt. #53)) is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. To be approved, a redaction must be narrowly tailored to serve whatever purpose justifies the redaction and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To overcome the presumption in favor of public access to judicial documents, a court must make "specific, on the record findings ... that

closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted); *see also Brown* v. *Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). "The interests in favor of non-disclosure can include ... concerns for witness safety[.]" *SEC* v. *Ripple Labs, Inc.*, No. 20 Civ. 10832 (AT), 2022 WL 17751466, at *2 (S.D.N.Y. Dec. 19, 2022) (internal citation omitted) (citing *Walker* v. *City of New York*, No. 15 Civ. 500 (NG) (ST), 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017)).

Here, the Court finds that Defendants have made the requisite showing that redacting the expert's name serves an interest in the safety of the expert and the expert's family. The Court previously allowed redactions in this action in service of the safety of another expert. (*See* Dkt. #207). It will not deviate from that reasoning in the context of this expert.

The Clerk of Court is directed to terminate the pending motion at docket entry 351.

SO ORDERED.

Dated: March 6, 2025
New York, New York

KATHERINE POLK FAILLA
United States District Judge