**WILLKIE FARR & GALLAGHER LLP**

1875 K Street, N.W.<br>
Washington, DC 20006-1238<br>
<br>
Tel: 202 303 1000<br>
Fax: 202 303 2000

February 28, 2025

**VIA ECF AND ELECTRONIC MAIL**    **FILED UNDER SEAL**

The Honorable Katherine Polk Failla
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Petróleos de Venezuela v. MUFG Union Bank, N.A.*, No. 1:19-cv-10023-KPF (S.D.N.Y.)

Dear Judge Failla:

Plaintiffs Petróleos de Venezuela, S.A., PDVSA Petróleo, S.A., and PDV Holding, Inc. (together, "Plaintiffs") respectfully request that the Court review the expert-identity redactions made by Defendants MUFG Union Bank, N.A. and GLAS Americas LLC (together "Defendants") in their opening supplemental brief and the report of their new Venezuelan law expert. Defendants redacted (or replaced with a pseudonym "Roe") the name and all identifying information of their new expert, ███████████████████████, which they had designated as "Attorneys' Eyes Only" under the Protective Order.[1] Defendants have not demonstrated why these redactions are justified, as required by Rule 9(B) & (C) of the Court's Individual Rules of Practice in Civil Cases ("Rules of Practice"), and as discussed herein, such redactions are unwarranted.

Under applicable law and the Court's rules, there is a "presumption in favor of public access to judicial documents." Rule of Practice 9(B) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). Further, "a strong presumption attaches to materials filed in connection with dispositive motions, such as … a summary judgment motion." *Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022). This "strong presumption" extends to the documents that "hav[e] been submitted to the court as supporting material in connection with a motion for summary judgment." *Lugosch*, 435 F.3d at 123. To overcome this presumption, a court must make "specific, on the record findings … that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120 (quotation marks and citation omitted); *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) (same).

---

[1] Defendants redacted ████ name in ██ declaration, *see* ECF 348 (redacted version of ECF 336), filed ██ curriculum vitae under seal (ECF 336-1, 348-1), and replaced ████ name with a pseudonym "Roe" in their supplemental brief, *see* ECF 337 (sealed version), 347 (public version). Plaintiffs do not object to the other redactions made in Defendants' supplemental brief.

The Honorable Katherine Polk Failla                                    **FILED UNDER SEAL**
February 28, 2025
Page 2

Defendants have failed to adhere to this Court's Rules of Practice, and do not even attempt to overcome the strong presumption that would warrant maintaining ▓ identity under seal. While Defendants redacted ▓ name under the Protective Order, *see* ECF 337 at 1 n.3, the Court's Rules of Practice "require Court approval" for "all redactions or sealing of public court filings," and state: "the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents." Rule of Practice 9(B). To the extent the Court finds that Defendants will be able to overcome the presumption of access (which they cannot for the reasons elucidated below), it should at minimum require Defendants to *actually* make that showing.[2]

*First*, Defendants have failed to provide evidence that ▓ faces a concrete risk of potential harm should ▓ voluntary involvement as an expert in this case be made public. Rather, in response to Plaintiffs' request for an explanation as to why ▓ identity must be sealed, at a meet-and-confer Defendants provided only speculation that ▓ *could* be harmed, on the basis that: (1) although ▓ ▓ and fears possible retribution by the Maduro regime, (2) the Maduro regime enacted a law in May 2023 that criminalized participation in any Guaidó/National Assembly-initiated litigation,[3] and (3) five years ago, members of the Guaidó government made various statements generally criticizing Venezuelan scholars who agree with the Defendants' view of Venezuelan law (*see* ECF 173 at 1-2).[4] None of these reasons provides any concrete risk of harm.

*Second*, Defendants' explanation is undermined by ▓ public profile. In particular,



---

[2] Nearly five years ago, the Court determined that the identity of Defendants' former expert warranted protection. ECF 207. While Plaintiffs are not contesting this ruling, it pertained only to Defendants' former expert, and was based on "sufficient evidence of potential harm" presented at the time. *Id.* at 1. The Court's order did not prospectively provide for blanket sealing of *any* Venezuelan law expert engaged by Defendants.
[3] A translation of the law in question, Law for the Protection of Assets, Rights, and Interests of the Republic and its Entities Abroad, Official Gazette No. 6,747 (May 22, 2023), is available at ECF 319-2.
[4] During the meet-and-confer, Defendants offered to consider whether their new expert's identity may be disclosed to select personnel on Plaintiffs' side, if Plaintiffs agree not to challenge the "Attorneys' Eyes Only" designation, subject to Plaintiffs providing a list of such personnel for Defendants' review and approval. Plaintiffs believe re-designation of ▓ identity to "Confidential" (the same designation as that of Defendants' former expert) is more consistent with the Protective Order's intent; but in any event, Defendants' offer does not resolve the public-access presumption.
5

The Honorable Katherine Polk Failla           **FILED UNDER SEAL**
February 28, 2025
Page 3

███ purported fear of retribution by the Maduro regime is thus contradicted by the fact that ███; *see also Cunningham v. Cornell Univ.*, 2019 WL 10892081, at *3 (S.D.N.Y. Sept. 27, 2019) (information that is publicly known "need not be sealed") (citation omitted). With ███, one wonders why ███ identity needs to be sealed to protect ███ safety here, especially where ███ is not opposing the Maduro government and where ███ opinion supports the Maduro government. *See generally* ECF 336 (contending that the Maduro government acted in accordance with the Venezuelan constitution). Whatever the merits of Defendants' prior argument that their experts would face retaliation from the Maduro government, ECF 173 at 2, that argument has no force in light of ███, and because ███. *Cf. In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 257 (S.D.N.Y. 2009) (sealing request denied because defendants failed to make "the specific showing of good cause" necessary to support redactions). ███ likewise undercuts Defendants' second proffered basis for sealing ███ identity, *i.e.*, ███. This law went into effect on May 22, 2023, ███ but warrants sealing ███ involvement here.

*Third*, as to statements made five years ago by members of the former Guaidó government, it is unclear how these statements are relevant to the question of whether ███ identity needs protection now. The Guaidó government was dissolved on January 5, 2023. Even if any of these officials still play a role in the current National Assembly, which to Plaintiffs' knowledge they do not, their remit does not reach an expert who resides ███.

The Honorable Katherine Polk Failla　　　　　　　　　　**FILED UNDER SEAL**
February 28, 2025
Page 4

The real reason for Defendants' desire to keep secret the identity of their new Venezuelan law expert appears to be to insulate ███ from either public criticism of ███ views on Venezuelan law ███████████████████████████████████████████. Neither one is, of course, a valid reason for sealing. ███ voluntarily agreed to serve as Defendants' expert in this case, is compensated at the hourly rate of █████████████████████████████████████ and is not free to serve as a shadow expert immune from public scrutiny and able to shield ███ because of possible concerns about ███ professional credibility or public perception of ███ involvement.[9]

Plaintiffs therefore respectfully request that the Court conclude that Defendants have not overcome the strong presumption in favor of public access with respect to their expert's identity. In the alternative, Plaintiffs request that this Court instruct Defendants to file a submission making such a showing, as is required by the Court's Rules of Practice, and request the opportunity to reply to any such application by Defendants.

Respectfully submitted,

*/s/ Michael J. Gottlieb*
Michael J. Gottlieb
*Counsel for Plaintiff-Counterdefendant PDV Holding, Inc.*

*/s/ Kurt W. Hansson*
Kurt W. Hansson
Igor V. Timofeyev (application for admission forthcoming)
*Counsel for Plaintiffs-Counterdefendants Petróleos De Venezuela, S.A. and PDVSA Petróleo, S.A.*

cc: Counsel of record

---

[9] Plaintiffs are sensitive to the fact that ████████████████████████████. Plaintiffs' experts also have family, friends, and professional associates there. But Defendants need to make a valid showing to support their claim that ███████████████████████████████ if ███ identity is publicly disclosed in this case, different from any ████████████████████████████████████████████.