**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**DISTRITO SUR DE NUEVA YORK**

---

PETRÓLEOS DE VENEZUELA, S. A., PDVSA PETRÓLEO, S. A. y PDV HOLDING, INC.,

                Demandantes,

        - contra -

MUFG UNION BANK, N. A. y GLAS AMERICAS LLC,

                Demandados.

Caso N.°: 19-cv-10023-KPF

---

### DECLARACIÓN COMPLEMENTARIA DE JOSÉ ARAUJO-JUÁREZ

Yo, JOSÉ ARAUJO-JUÁREZ, declaro, por la presente y de conformidad con el Título 28 del Código de los Estados Unidos, sección 1746 y la Regla Local 7.1, lo siguiente:

1. El 17 de enero de 2025 presenté ante este Tribunal una declaración acompañada de un informe pericial en el que expresé ciertas opiniones sobre cuestiones del derecho venezolano. *Véase* "Declaración de José Araujo-Juárez", Ex. A (ECF N.° 342-1).

2. En el transcurso de la preparación de mi informe de refutación, observé que, en el párrafo 46 del informe, mi evaluación sobre la decisión del 26 de febrero de 1987 de la Sala de Casación Civil de la ex Corte Suprema de Justicia de Venezuela se marcó erróneamente como una cita, y no debería aparecer como una cita en bloque.

3. Mi resumen de la decisión es exacto. En su decisión del 26 de febrero de 1987, la Sala de Casación Civil concluyó que, no obstante su condición de *sociedades anónimas*, Petróleos de Venezuela, S.A. ("PDVSA") y su entonces filial Corpoven, S.A. ("Corpoven") eran empresas estatales, encargadas de ejecutar las políticas de hidrocarburos del Estado dictadas por el Ejecutivo Nacional y el Ministerio de Minas e Hidrocarburos de Venezuela. La Sala de

Casación Civil resolvió entonces que al ser empresas del Estado, tanto PDVSA como Corpoven, ambas estaban sujetas al régimen de derecho público previsto en la entonces vigente Ley Orgánica que reserva al Estado la Industria y el Comercio de Hidrocarburos, así como a la jurisdicción contencioso-administrativa especial que correspondía a la República, a los Institutos Autónomos de Venezuela y a las empresas del Estado de Venezuela conforme a las entonces vigentes Disposiciones Transitorias de la Ley Orgánica de la Corte Suprema de Justicia.

4. Solicito respetuosamente al Tribunal que interprete el lenguaje del párrafo 46 de la siguiente manera (con el único cambio de la eliminación de las comillas y un cambio en la sangría del texto que erróneamente apareció como una cita en bloque):

> 46. Este es el caso respecto de PDVSA y PDVSA Petróleo. De hecho, esa era la intención original del Artículo 7 de la Ley de Nacionalización del Petróleo que creó PDVSA. Tal como observó la Sala de Casación Civil, PDVSA se rige por un régimen legal mixto público-privado:
>
> La intención del Legislador fue estructurar la <u>Administración del Petróleo Nacionalizado</u> mediante <u>empresas del Estado (personas físicas o entidades del Estado), en forma de una empresa comercial y consecuentemente sujeta a un régimen mixto de Derecho público y Derecho privado</u>, aunque predominantemente derecho privado debido a la forma legal adoptada.[35]

5. Mi resumen de la sentencia de la Sala de Casación Civil se apoya en particular en el análisis que figura en las páginas 1199 y 1205-06 de la decisión.

6. Pido disculpas por cualquier inconveniente que este error inadvertido pueda haberle causado al Tribunal.

7. Declaro bajo pena de perjurio, en virtud de la legislación de los Estados Unidos de América, que lo anterior es verdadero y correcto.

Formalizado este día 11 de marzo de 2025

*[signature: José Araujo-Juárez]*
José Araujo-Juárez

---

[35] CSJ/SCC, Sent. N.º 59 del 26 de febrero de 1987, *Petróleos de Venezuela, S.A.* (énfasis agregado) (Ex. 11).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC.,<br><br>Plaintiffs,<br><br>- against -<br><br>MUFG UNION BANK, N.A. and GLAS AMERICAS LLC,<br><br>Defendants. | Case No: 19-cv-10023-KPF |

**SUPPLEMENTAL DECLARATION OF JOSÉ ARAUJO-JUÁREZ**

I, JOSÉ ARAUJO-JUÁREZ, hereby declare pursuant to 28 U.S.C. § 1746 and Local Rule 7.1 as follows:

1. On January 17, 2025, I submitted a declaration to this Court accompanied by an expert report expressing certain opinions on questions of Venezuelan law. *See* Declaration of José Araujo-Juárez, Ex. A (ECF No. 342-1).

2. In the course of preparing my rebuttal report, I noticed that, in Paragraph 46 of the report, my assessment of the February 26, 1987 decision of the Civil Cassation Chamber of Venezuela's former Supreme Court of Justice was erroneously marked as a quotation, and should not appear as a block quote.

3. My summary of the decision is accurate. In its February 26, 1987 decision, the Civil Cassation Chamber concluded that, notwithstanding their status as *sociedades anónimas*, Petróleos de Venezuela, S.A. ("PDVSA") and its then-subsidiary Corpoven, S.A. ("Corpoven") were State enterprises, tasked with effectuating the State's hydrocarbon policies, as dictated by the National Executive and the Ministry of Mines and Hydrocarbons of Venezuela. The Civil

Cassation Chamber then ruled that because both PDVSA and Corpoven are State enterprises, both were subject to the public law regime set forth under the then-existing Organic Law Reserving the Hydrocarbon Industry and Commerce to the State, as well as the special contentious/administrative jurisdiction afforded to the Republic, Venezuela's Autonomous Institutes, and Venezuela's State enterprises under the then-active Transitional Provisions of the Organic Law of the Supreme Court of Justice.

4.  I respectfully ask the Court to construe the language in Paragraph 46 as follows (with the only change being the removal of the quotation marks and a change to the indentation of the text that erroneously appeared as a block quote):

> 46.  That is the case with respect to PDVSA and PDVSA Petróleo. In fact, that was the original design of Article 7 of the Oil Nationalization Law, which created PDVSA. As the Civil Cassation Chamber observed, PDVSA is governed by a mixed public-private legal regime:
>
> The intention of the Legislator was to structure <u>the Nationalized Oil Administration</u> through <u>State companies (state entities or persons), in the form of a commercial company and consequently subject to a mixed regime of public law and private law</u>, even though predominantly private law due to the legal form adopted.[35]

5.  My summary of the Civil Cassation Chamber's ruling is supported in particular by the discussion on pages 1199 and 1205-06 of the decision.

6.  I apologize for any inconvenience this inadvertent error may have caused the Court.

7.  I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 11th day of March, 2025

                                                    José Araujo-Juárez

---

[35] CSJ/SCC, Sent. No. 59, of February 26, 1987, *Petróleos de Venezuela, S.A.* (emphasis added) (Ex. 11).

morningtrans.com

# TRANSLATION CERTIFICATION

Date: 2025/03/10

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- English (USA)

To:

- Spanish (Latin America)

The documents are designated as:

- '2020s - Supplemental Araujo Declaration(184695940.7).docx'

Oscar Ojeda, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Signature of **Oscar Ojeda**, Project Manager