

1(212) 318-6627
kurthansson@paulhastings.com

March 31, 2025

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Petróleos de Venezuela, S.A. v. MUFG Union Bank, N.A.*, No. 1:19-cv-10023-KPF (S.D.N.Y.)—Request for Expedited Consideration

Dear Judge Failla:

Petróleos de Venezuela, S.A., PDVSA Petróleo, S.A., and PDV Holding, Inc. (together, "Plaintiffs") respectfully request that this Court expedite oral argument and decision on the Parties' cross-motions for summary judgment in light of recent developments in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-00151 (D. Del.).

In 2019, Plaintiffs initiated this litigation to prevent the loss of CITGO Holding, Inc. ("CITGO")—a crucial asset of the Republic of Venezuela—through the Maduro regime's illegal attempt to issue debt secured by a majority interest in CITGO without the requisite constitutional authorization by the National Assembly. Following an expedited discovery schedule, the Court scheduled oral argument on the Parties' cross motions for summary judgment three weeks after the conclusion of briefing, Dkt. 74, and issued its decision within four weeks of argument, Dkt. 215, 246. Plaintiffs respectfully request that this Court adopt the same approach with respect to the Parties' supplemented cross-motions for summary judgment, which are now fully briefed, setting oral argument and issuing a decision as soon as this Court's schedule permits.

The requested expedition is warranted in light of recent development in the sales process in *Crystallex*. On March 21, 2025, the Special Master in *Crystallex* announced selection of a "Stalking Horse" bid by Red Tree Acquisitions, LLC, a shell company of Red Tree Investments, LLC ("Red Tree"). No. 17-mc-00151, Dkt. 1596 (D. Del.).[1] This leading bid centers on a Transaction Support Agreement ("TSA")—attached as Exhibit 1—that Red Tree concluded with the Trustee (Defendant MUFG Union Bank, N.A.), the Collateral Agent (Defendant GLAS Americas LLC), and a controlling majority of the 2020 Noteholders. *See* Exhibit 1.[2] The TSA's

---

[1] Red Tree Investment, LLC, is a subsidiary of Contrarian Capital Management, LLC, which is a significant holder of the 2020 Notes. *See* Statement of Material Facts in Supp. of Pls.' Mot. for Summ. J. Dkt. 98 ¶ 23. Page numbers of filed documents refer to the ECF pagination on the top of the page.

[2] *Crystallex*, No. 17-mc-00151 (D. Del. Mar. 27, 2025), Dkt. 1617, Dkt. 1617-1. Page numbers for Exhibit 1 refer to the ECF pagination on the top of Dkt. 1617-1.



Hon. Katherine Polk Failla
March 31, 2025
Page 2

provisions call for participating 2020 Noteholders to receive significant sums of new debt issued by CITGO or its affiliates in exchange for the release of the Pledge, the validity of which is at issue in this case.  Ex. 1 at 40-42.  The TSA also indicates that Defendants intend to seek to stay this litigation if Red Tree is selected as the winning bidder.  Ex. 1 at 14, 41.[3]  This proposed agreement—which seeks to encumber CITGO and CITGO Petroleum Corporation with additional debt while rewarding the 2020 Noteholders for claims whose validity remains subject to litigation—is premised on the assumption that the Exchange Offer and the Pledge have been validly issued.  That assumption is unwarranted.  Defendants do not hold a judgment stating that the Pledge and 2020 Notes are valid, and—as the 2020 Noteholders themselves have acknowledged—only this Court is empowered to make that determination.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151, Dkts. 1553 at 4, 1558 at 4–5, 1568 at 2–3 (D. Del.) (arguing that only this Court may decide the validity of the Indenture and Pledge Agreement).  Plaintiffs therefore respectfully request that the Court expedite oral argument and decision in this case, issuing its decision as expeditiously as the Court's schedule permits.

The requested expedition would not prejudice Defendants, who have repeatedly requested an expedited schedule in this Court and on appeal.  *See* Dkt. 20 at 2; Dkt. 319 at 6; *see also Petróleos de Venezuela S.A. et al. v. MUFG Union Bank N.A.*, No. 20-3858, Dkt. 82 at 18–19 (2d Cir.).  Having repeatedly requested that this Court (and the Second Circuit) reach a swift decision on this case, Defendants cannot credibly object to expedited consideration now.

For these reasons, Plaintiffs respectfully submit that this Court expedite oral argument and decision on the pending cross-motions for summary judgment.

Respectfully submitted,

*/s/ Kurt W. Hansson*
Kurt W. Hansson
Igor V. Timofeyev (application for admission pending)
*Counsel for Plaintiffs-Counterdefendants Petróleos De Venezuela, S.A. and PDVSA Petróleo, S.A.*

*/s/ Michael J. Gottlieb*
Michael J. Gottlieb
*Counsel for Plaintiff-Counterdefendant PDV Holding, Inc.*

cc:  Counsel of record

---

[3] The TSA's release of the Pledge would not moot this litigation because the claims of the 2020 Noteholders would not be released against Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A., but instead would be transferred in exchange for the new secured debt issued by CITGO and its affiliates.  Ex. 1 at 40–42.  Moreover, any 2020 Noteholders who do not consent to the TSA "shall remain subject to th[is a]ction."  Ex. 1 at 41.