PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BRUSSELS
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

DIRECT DIAL: +1 212 373 3581
EMAIL: PPATERSON@PAULWEISS.COM

April 3, 2025

**MEMO ENDORSED**

<u>VIA ECF</u>

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re: *Petróleos de Venezuela, S.A. et al.* v. *MUFG Union Bank, N.A. et al.*, No. 1:19-cv-10023

Dear Judge Failla:

  We write on behalf of the Trustee and the Collateral Agent in response to the PDVSA Parties' March 31, 2025 letter, ECF No. 376 (the "Letter Motion") requesting that the Court expedite oral argument and decision on the parties' cross-motions for summary judgment. As explained below, the PDVSA Parties' expedition request appears to be merely the latest tactic in a campaign by the PDVSA Parties to delay and impede the sale process overseen by Judge Stark in the District of Delaware in *Crystallex International Corp.* v. *Bolivarian Republic of Venezuela*, No. 17-mc-00151 (D. Del.). The request should be denied.

  Despite now seeking expedition, since Your Honor granted summary judgment to the Trustee and the Collateral Agent, ECF No. 215, the PDVSA Parties showed no interest in promptly resolving this case. They successfully opposed the Trustee and the Collateral Agent's motion to expedite the PDVSA Parties' appeal, No. 20-3858, ECF No. 91; successfully moved for multiple extensions of time on appeal, *id.* ECF Nos. 103, 190; criticized the Trustee and the Collateral Agent for attempting to move this litigation forward when the appeals ended, ECF No. 311; and proposed a five-month supplemental briefing schedule, ECF No. 320.

  The reason for the PDVSA Parties' newfound interest in expedition is plain. Unhappy with developments in the Delaware proceedings before Judge Stark, the PDVSA Parties seek to interrupt that process. On the same day as the PDVSA Parties filed the Letter Motion, they sought from Judge Stark a stay of the Delaware sale process—a fact nowhere mentioned in their letter—while arguing that their expedition request to this Court supported the relief they sought in Delaware. Judge Stark summarily denied the PDVSA Parties' requested stay on April 1.

  As background, since we last updated the Court on the Delaware sale process, ECF No. 321, the Delaware proceedings have reached the stage of selecting a stalking horse bid for the judicial sale of the stock of plaintiff PDV Holding, Inc ("PDVH"). On March 21, 2025, the Special Master appointed to oversee the process recommended that a bid by Red Tree Investments, LLC for PDVH be selected as a stalking horse bid. No. 17-mc-00151, ECF No. 1596. Red Tree's bid was accompanied by a Transaction Support Agreement ("TSA") under

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine Polk Failla
United States District Judge                                                                                             2

which more than two-thirds of the 2020 Noteholders agreed to support the sale.[1]  The TSA contemplates that the 2020 Noteholders who are party would provide the requisite consents to direct the release of the Pledge securing the 2020 Notes, in consideration of offers to exchange 2020 Notes for a combination of debt and secured notes issued by CITGO and affiliates.  *See* Term Sheet, ECF No. 376-1, Ex. B to Ex. 1.  The TSA is not, as the PDVSA Parties claim, "premised on the assumption that the Exchange Offer and the Pledge have been validly issued," nor is it predicated on a "judgment stating that the Pledge and the 2020 Notes are valid."  Letter Motion at 2.  Rather, the Trustee and the Collateral Agent are informed by the 2020 Noteholders that the TSA would compromise by settlement the 2020 Noteholders' claims at an approximate 30% discount to their current claim amount, which the 2020 Noteholders are accepting in the interests of both finality and near-term liquidity.

Under his order governing the sale process, Judge Stark will now resolve objections to the Special Master's recommendation of Red Tree's bid as the stalking horse bid, a 30-day topping period will commence, a final bid is expected to be recommended by the Special Master by May 16, and a sale hearing will take place from July 22–24, 2025.  *See generally* No. 17-mc-00151, ECF No. 1517 (although some deadlines set forth in this order have since been extended).

The PDVSA Parties—acting in concert with the Republic and CITGO (together, the "Venezuela Parties")—have attempted to impede the Delaware sale process at every turn.  Judge Stark has described Venezuela as a "highly-recalcitrant judgment debtor" and noted that its repeated delay tactics create an "affront to the United States judicial system."  *Crystallex*, 2021 WL 129803, at *18 (D. Del. Jan. 14, 2021), *appeal dismissed*, 24 F.4th 242 (3d Cir. 2022).  As part of these attempts, the Venezuela Parties have filed at least five motions to stay the *Crystallex* proceedings, *see* No. 17-mc-00151, ECF Nos. 97, 242, 540, 1272, 1642, in addition to making numerous other attempts to informally pause or slow the proceedings, *see, e.g.*, *Crystallex*, 2021 WL 129803 (D. Del. Jan. 14, 2021); No. 17-mc-00151, ECF Nos. 1144, 1459.[2]

In their latest attempt to delay the sale process, the Venezuela Parties on March 31 filed in Delaware yet another stay motion.  *See* No. 17-mc-00151, ECF No. 1645 (attached as Exhibit A).  This time, they pointed to the Letter Motion they filed in this Court, and urged Judge Stark to "pause" the sale process for three months because of the proceedings in this Court.[3]  They

---

[1]  The PDVSA Parties wrongly state that the Trustee and the Collateral Agent are parties to the TSA.  *See* Letter Motion at 1; *id.* Ex. 1.  The Trustee and the Collateral Agent are not parties to the TSA and have not agreed to its terms, although the TSA contemplates that the 2020 Noteholders would provide a direction to the Trustee and/or the Collateral Agent to give effect to the TSA's terms.  *See id.* Ex. 1; *see also* No. 17-mc-00151, ECF No. 1637 (the Trustee and the Collateral Agent's Reservation of Rights regarding any direction).

[2]  The Venezuela Parties also have pursued at least nine appeals and mandamus petitions in the Third Circuit, all of which have been rejected.  *See* No. 17-mc-00151, ECF No. 1304 at 7.  They even moved to disqualify the Special Master, which Judge Stark characterized as another "tactical" delay "designed with at least a partial goal of further delaying these proceedings."  *Crystallex*, 2023 WL 2891452, at *4 (D. Del. Apr. 11, 2023); *see also Crystallex*, 2024 WL 2804668, at *1 (D. Del. May 31, 2024) (denying renewed disqualification motion).

[3]  The Venezuela Parties' motion was especially meritless because Judge Stark had previously rejected similar arguments.  For example, in May 2023, the Venezuela Parties requested the sale process be stayed until "final resolution of the appeal in the 2020 Bondholders Case," No. 17-mc-00151, ECF No. 561.  Judge Stark

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine Polk Failla
United States District Judge                                                                                           3

emphasized that "PDVH has simultaneously filed a motion to expedite the Southern District of New York Court's decision to reduce as much as possible any delay to the sale proceedings." *Id.* at 1. Judge Stark denied the PDVSA Parties' motion the next day:

> Having reviewed the Venezuela Parties' motion to stay (D.I. [1642]), filed yesterday, and without needing to wait for any responses, IT IS HEREBY ORDERED the motion is DENIED. Among its other failings, the motion is premature; objections to the Special Master's recommendation of a Stalking Horse Bid are being briefed and are, obviously, not resolved. None of the Venezuela Parties' concerns will have any relevance to the next steps in the Sale Process if the Court sustains the objections to that recommendation. As importantly, the motion lacks merit. Even assuming the Court accepts the pending recommendation, the Court is entirely unpersuaded that it should delay its process, to await potential rulings from other courts or for any other reason suggested in the motion. It would be an unwise exercise of the Court's inherent power to manage its docket to now pause the Sale Process for 90 days based on the Venezuela Parties' purported concerns about what even they characterize as a "meritless threat" posed by the 2020 Noteholders.

*See* No. 17-mc-00151, ECF No. 1647. The PDVSA Parties' sole purported ground for expediting this case—that "[t]he requested expedition is warranted in light of recent developments in the sales process in *Crystallex*," Letter Motion at 1—has therefore been rejected by Judge Stark. Indeed, if Red Tree is ultimately selected as the winning bidder in Delaware, the consummation of Red Tree's bid and the TSA would have significant practical impacts on this litigation and may, at the least, materially narrow the issues that this Court needs to decide. As the Letter Motion recognizes, the consummation of Red Tree's bid, including the TSA, would result in the "release of the pledge, the validity of which is at issue in this case." *Id.* at 2. Accordingly, and as the PDVSA Parties' letter references, the TSA contemplates that the participating 2020 Noteholders would seek to stay this litigation if Red Tree's bid is selected.

While the Trustee and the Collateral Agent believe that summary judgment is warranted in their favor for the reasons set forth in their papers, the PDVSA Parties' tactical request to unsettle the Delaware proceedings by expediting this action should be denied. The Trustee and the Collateral Agent of course recognize that the Court will schedule argument, if any, and issue a decision on the schedule it believes appropriate. The Trustee and the Collateral Agent will keep this Court apprised of continuing developments in Delaware that may impact Your Honor's schedule, including the results of the Special Master's expected recommendation of a final bid on May 16.

---

disagreed, holding that while this litigation "could impact the sale process, the Court will not await its outcome before moving forward," because "Potential Bidders will be fully capable of valuing the PDVH Shares" taking into account the 2020 Noteholders' claims. *Crystallex*, 2023 WL 4561155, at *4–5 (D. Del. July 17, 2023). *See also* No. 17-mc-00151, ECF Nos. 1273, 1338 (rejecting argument that "the 2020 Bondholders litigation creates an additional reason [for] a modest pause in the sale process"); *id.*, ECF Nos. 1459, 1517 (rejecting proposed schedule that "would provide sufficient time for Judge Failla to rule on the validity of the [Pledge]").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Katherine Polk Failla
United States District Judge                                                                                    4

                                    Respectfully submitted,

                                    */s/ Paul A. Paterson*

                                  Paul A. Paterson

cc: Counsel of Record (By ECF)

```
The Court has reviewed Plaintiffs' letter requesting expedited
consideration and oral argument (Dkt. #376) and Defendants' letter
in opposition (Dkt. #377).  The Court DENIES Plaintiffs' request.
The Court will issue its opinion in due course.  If the Court
determines that oral argument would be useful, it will promptly
reach out to the parties.

The Clerk of Court is directed to terminate the pending motion at
docket entry 376.

Dated:    April 4, 2025            SO ORDERED.
          New York, New York
```

*[Signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE