**CLARK SMITH VILLAZOR**

Clark Smith Villazor LLP
666 Third Avenue, 21st Floor
New York, New York 10017
www.csvllp.com

**CHRISTOPHER J. CLARK**
D: 212.377.0853
clark@csvllp.com

June 24, 2025

<u>**VIA ECF**</u>

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:   *Petróleos de Venezuela, S.A. et al.* v. *MUFG Union Bank, N.A. et al.*, No. 1:19-cv-10023

Dear Judge Failla:

  We write on behalf of the Trustee and the Collateral Agent to inform the Court about developments in the judicial sale of the stock of plaintiff PDV Holding, Inc. ("PDVH") being overseen by Judge Stark in the United States District Court of Delaware, and to request a conference, subject to the Court's availability, during the week of July 7, to address, as necessary, an appropriate schedule for the Trustee and Collateral Agent to seek relief, including through an injunction, to preserve the status quo while the Court decides the parties' cross-motions for summary judgment.

  As the Court may be aware from prior letters (*see, e.g.*, ECF Nos. 321, 377), an *ad hoc* group of 2020 Noteholders has participated in and supported the judicial sale process for years. That sale process is ongoing and has reached the stage where the Special Master appointed to oversee the sale process is scheduled to make his recommendation of the final bid to Judge Stark on July 2, 2025, with a sale hearing scheduled to commence on August 18, 2025. *See generally Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-00151 (D. Del.), ECF No. 1809. As the deadline for the Special Master to make his final recommendation approaches, it has become increasingly clear that certain bidders—primarily those looking to credit bid claims that would otherwise be "out of the money"—are seeking to pursue a proposed transaction that would significantly and meaningfully impair the collateral that PDVH pledged as security for the 2020 Notes—namely, 50.1% of the capital stock of Citgo Holding, Inc.

  For example, one bidding consortium led by Gold Reserve Ltd. (the "Gold Reserve Consortium") previously proposed, and appears poised to again urge the Special Master to recommend, a transaction that would violate the 2020 Noteholders' rights under the Indenture

The Honorable Katherine Polk Failla
June 24, 2025
Page 2

and the Pledge and Security Agreement (the "Pledge Agreement"), the validity of which are before this Court. Notwithstanding the express requirement in the Pledge Agreement that, if an event of default has occurred and continues to occur (which is the case here), "payments, proceeds, dividends, distributions, monies, compensation, property, assets, instruments or rights" are to be "held in trust for the benefit of the Collateral Agent for the benefit of the Secured Parties," the Gold Reserve Consortium has proposed a transaction in which PDVH would direct CITGO Petroleum Corp., its indirect wholly-owned subsidiary, to mortgage its assets with senior debt, while distributing the proceeds to structurally junior creditors. The transaction is plainly designed to evade the Pledge Agreement, and to diminish the value of the collateral by transferring proceeds outside the reach of the 2020 Noteholders.

The Gold Reserve Consortium's proposed transaction (or similar transactions proposed by other bidders), if adopted, would fundamentally undermine this Court's jurisdiction and ability to afford effective relief in a case that has been pending in this Court since 2019. The 2020 Noteholders would face significant harm if their rights in the collateral securing the 2020 Notes were impaired by such a transaction, and the closing of such a transaction while the parties' cross-motions for summary judgment are pending would deprive the Court of its ability to afford complete relief.

In order to promote an orderly process, and to avoid the need to seek emergency relief, the Trustee and Collateral Agent request a pre-motion conference to determine the appropriate schedule for any relief the 2020 Noteholders may be required to seek to preserve their rights under the Indenture and Pledge Agreement, and to preserve the status quo while the Court considers the parties' cross motions for summary judgment. The Trustee and Collateral Agent respectfully submit that such a conference should be scheduled, subject to the Court's availability, during the week of July 7 so that it follows the Special Master's July 2 deadline to recommend a final bid in connection with the judicial sale pending before Judge Stark.

Respectfully submitted,

/s/ *Christopher J. Clark*
Christopher J. Clark

cc:    counsel of record (via ECF)

CLARK SMITH VILLAZOR