PAUL
HASTINGS

1(212) 318-6627
kurthansson@paulhastings.com

June 25, 2025

The Honorable Katherine Polk Failla
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Petróleos de Venezuela, S.A. v. MUFG Union Bank, N.A.*, No. 1:19-cv-10023-KPF
        (S.D.N.Y.)—Response to Defendants' Request for a Pre-Motion Conference

Dear Judge Failla:

        Plaintiffs Petróleos de Venezuela, S.A., PDVSA Petróleo, S.A., and PDV Holding, Inc. respectfully submit this response to Defendants MUFG Union Bank, N.A. and GLAS Americas LLC's request (Dkt. 380) for a pre-motion scheduling conference.  Plaintiffs are not opposed to a scheduling conference, to the extent the Court would find it useful to discuss Defendants' putative injunction motion or any other matters in this case.  Defendants' request, however, appears designed for an improper purpose of influencing the judicial sale proceedings in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-00151 (D. Del.), to their own advantage.  The Court should not reward this self-serving effort.

        As the Court is undoubtedly aware, on March 21, 2025, the Special Master in *Crystallex* announced selection of a "Stalking Horse" bid by Red Tree Acquisitions, LLC ("Red Tree"), a shell company of Red Tree Investments, LLC.  *See* Dkt. 376 at 1.  Red Tree Investment, LLC, is a subsidiary of Contrarian Capital Management, LLC, which is a significant holder of the 2020 Notes at issue in this litigation.  *Id.* at 1 n.1.  As part of its bid, Red Tree agreed to pay the 2020 Noteholders (in new secure debt to be issued by CITGO Holding, Inc. ("CITGO") and its affiliates) more than the entire principal amount of their claims—even though this Court is yet to rule on whether the 2020 Notes (and the accompanying Pledge of the majority of CITGO's shares) are valid.  *See* Dkt. 376, Ex. 1 at 40-42.  Defendants then argued that this Court should delay its decision on the 2020 Notes' validity—including, potentially, staying the proceedings if Red Tree emerges as the winning bidder—so as not to "unsettle" the Delaware action.  *See* Dkt. 377 at 3.[1]

        Now, apparently concerned the Special Master or the *Crystallex* court may determine that Red Tree's bid is inadequate or otherwise improper, Defendants switch tack, and argue that this Court should impose an injunction against a rival bid.  This request is improper for two reasons.

_____

[1] This Court should not grant any such stay request because, under the agreement with Red Tree, the 2020 Noteholders' claims against Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A. would not be released, but instead transferred in exchange for the new secured debt.  Moreover, any 2020 Noteholders who do not consent to the agreement with Red Tree will remain in the case.  *See* Dkt. 376 at 2 n.3.



Hon. Katherine Polk Failla
June 25, 2025
Page 2


*First*, Defendants do not explain why they could not more properly attempt to obtain relief from the *Crystallex* court within the sales process first.  In fact, the 2020 Noteholders justified their intervention in the *Crystallex* action by the need to "be assured of a timely opportunity to object before the Special Master and th[e *Crystallex*] Court" in the event of "any attempt … to structure the sales process for PDVH shares in a way that is prejudicial to the holders of the 2020 Notes." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-00151, Dkt. 272 at 2 (D. Del. May 21, 2021).  The *Crystallex* court also has before it all the parties to the potential transactions at issue—Red Tree, Gold Reserve, and the 2020 Noteholders. [2]   The real reason 2020 Noteholders now turn to this Court at this time is because they wish to cajole the Special Master in *Crystallex* into approving Red Tree's bid (and ensuring an advantageous payment to themselves) by raising a specter of a potential injunction that would disrupt the sales process if a competing bid is selected.

*Second*, having urged this Court to not expedite its decision on the 2020 Notes' validity in order not to allegedly upset the bidding process in *Crystallex*, Defendants cannot now credibly ask the Court to affirmatively interfere with that process.  If anything, Defendants' request shows the extent to which the *Crystallex* sales process depends on this Court's decision on the validity of the 2020 Notes and the accompanying Pledge.  The *Crystallex* court itself recognized that it may have to reject a final bid that "places, expressly or implicitly, substantial value on settlement of the 2020 Bondholders' litigation" if "subsequent events (e.g., the Southern District of New York granting Venezuela's pending motion for summary judgment and concluding the 2020 Bondholders have no right to CITCO Holding …) reveal it would be a fundamental injustice to close on such a Final Bid."  *Crystallex*, No. 17-mc-00151, Dkt. 1741 at 7-8 (D. Del. Apr. 21, 2025).  If Defendants are truly concerned about protecting legitimate interests of participants in the *Crystallex* sales process, they should join Plaintiffs in urging the Court to decide the pending summary judgment motions as expeditiously as the Court's schedule permits.

Respectfully submitted,


*/s/ Kurt W. Hansson*
Kurt W. Hansson
Igor V. Timofeyev
*Counsel for Plaintiffs-Counterdefendants*
*Petróleos De Venezuela, S.A. and PDVSA Petróleo, S.A.*

*/s/ Michael J. Gottlieb*
Michael J. Gottlieb
*Counsel for Plaintiff-Counterdefendant PDV Holding, Inc.*

cc:  Counsel of record

---

[2] For reasons Plaintiffs have previously explained, the purported Pledge does not entitle Defendants to any specific monetary "value" of the pledged CITGO shares.  *See, e.g.*, Dkt. 273 at 14-18.  Plaintiffs will brief this issue and others if and when Defendants file their motion seeking injunctive relief.