# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

July 10, 2025

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Petróleos de Venezuela v. MUFG Union Bank, N.A.*, 19-cv-10023-KPF (S.D.N.Y.)

Dear Judge Failla:

Petróleos de Venezuela, S.A., PDVSA Petróleo, S.A., and PDV Holding, Inc. (together, "Plaintiffs") respectfully submit this response to the July 7, 2025 letter by MUFG Union Bank, N.A. and GLAS Americas LLC ("Defendants") regarding the *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151 (D. Del.) ("*Crystallex*") Sale Process. *See* ECF No. 384. Defendants' theoretical injunction motion is an effort to misuse this Court's equitable powers to disqualify a rival bidder in the *Crystallex* Sale Process that relies upon enjoining parties not before this Court in the absence of the real parties in interest.

*First*, the injunctive relief contemplated by the Defendants is designed to stop the *Crystallex* Court from moving forward with the rival bid submitted by Gold Reserve, which has been recommended by the Delaware Court's appointed Special Master. *See* Dkt. 384 at 2; *Crystallex*, Dkt. 1837. Defendants do not explain, however, how *this Court* is expected to assess whether the Gold Reserve bid comports with their purported rights under the Indenture and the Pledge (assuming those are even valid) without giving proper notice to Gold Reserve and the Special Master and having them provide their perspective on the structure on that bid. *See* Fed. R. Civ. P. 65.

*Second*, and relatedly, while the precise relief Defendants intend to seek remains unclear, we understand that they plan to seek an injunction that would expressly bind two subsidiaries of PDV Holding—namely, CITGO Petroleum Corporation and CITGO Holding, Inc.—neither of whom is a party before this Court. To the extent that is Defendants' intent, those entities' absence deprives this Court of authority to enjoin them. *See Software Freedom Conservancy, Inc. v. Westinghouse Digit. Elecs. LLC*, 812 F. Supp. 2d 483, 486 (S.D.N.Y. 2011) ("As a general matter, a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated.") (quotation marks and citation omitted); *see also Gregory v. Stetson*, 133 U.S. 579, 586 (1890) ("It is an elementary principle that a court cannot adjudicate directly upon a person's right without having him either actually or constructively before it."). And, apart from the fact that neither CITGO entity is before the Court, Defendants have not established (nor could they) that

this Court even has jurisdiction to enjoin those nonparty entities. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014); *Tiffany (NJ) LLC, Tiffany & Co. v. China Merchs. Bank*, 589 F. App'x 550, 553 (2d Cir. 2014) ("[A] district court can enforce an injunction over a nonparty only if it has personal jurisdiction over that nonparty.").

*Third*, just as Defendants' request for injunctive relief arising out of hypothetical violations of the Pledge was premature two years ago, *see* Dkts. 253 at 13–15, 273, so too here. Judge Stark has not yet adjudicated the numerous objections to the transaction before him, including the objections of Defendants and their allied bidder, Red Tree. *See Crystallex*, Dkts. 1848, 1851, 1854. Given that the Defendants already have another remedy at law, *i.e.*, the opportunity to object and be heard before a court where all the necessary parties are present, injunctive relief is not only inappropriate (and unripe), but it is best presented to the Delaware court, which is better positioned to address it. *See* Dkt. 384, Ex. 2 at 61:18–22 ("[I]f [the 2020 Bondholders] are going to, . . . try an[d] get an injunction from me . . . that may be a litigation that has to happen.").

*Fourth*, and finally, Defendants are silent as to the most straightforward means by which this Court can provide clarity for the pending Sale Process, which is by adjudicating the merits of Plaintiffs' legal challenge to the validity of the Indenture and Pledge. That challenge, which is fully briefed, is the necessary predicate issue that the Court would have to address with respect to any injunction motion Defendants may file in order to determine whether they can establish a likelihood of success on the merits of their claim.

Counsel will be prepared to further address these points, the Defendants' recent letters, and the proposed briefing schedule at the Court's July 10 conference.

Respectfully submitted,

*/s/ Michael J. Gottlieb*
Michael J. Gottlieb
*Counsel for Plaintiff-Counterdefendant PDV Holding, Inc.*

*/s/ Kurt W. Hansson*
Kurt W. Hansson
Igor V. Timofeyev
*Counsel for Plaintiffs-Counterdefendants Petróleos De Venezuela, S.A.*
*and PDVSA Petróleo, S.A.*

cc: Counsel of record