UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETRÓLEOS DE VENEZUELA S.A., PDVSA
PETRÓLEO, S.A., and PDV HOLDING, INC.,

              Plaintiffs,

          - v -

MUFG UNION BANK, N.A., and GLAS
AMERICAS LLC,

              Defendants.

19 Civ. 10023 (KPF)

---

**STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA**

JAY CLAYTON
United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677/2810
samuel.dolinger@usdoj.gov
anthony.sun@usdoj.gov

*Attorney for the United States of America*

SAMUEL DOLINGER
ANTHONY J. SUN
Assistant United States Attorneys
*– Of Counsel –*

The United States of America (the "United States" or the "Government") respectfully submits this Statement of Interest in response to the invitation of the Court, and pursuant to 28 U.S.C. § 517,[1] to provide the views of the Government regarding "its position on the pending cross-motions for summary judgment." Dkt. Nos. 390, 392.

## DISCUSSION

The United States respectfully provides this additional Statement of Interest as a supplement to its previous Statement of Interest filed on September 16, 2020, Dkt. No. 213 ("2020 SOI"), to affirm its recognition of, and firm support for, the 2015 National Assembly of Venezuela as the government of Venezuela. The 2015 National Assembly is the only government of Venezuela duly elected by the Venezuelan people, as detailed in the attached letter from Ambassador Michael G. Kozak, Senior Bureau Official at the Bureau of Western Hemisphere Affairs of the U.S. Department of State to Brenna Jenny, Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice, annexed hereto as Exhibit A.

As set forth in Ambassador Kozak's letter, "Nicolás Maduro and his coterie of corrupt associates have ravaged Venezuela's economy, inflicted serious human rights abuses upon innocent citizens, and have exploited and squandered the Venezuelan people's assets." *Id.* at 1. Since the United States' 2020 Statement of Interest, the "plight of the Venezuelan people has only worsened due to Maduro's cruelty, corruption, and inhuman indifference to the misery of tens of millions of his countrymen." *Id.* In the Venezuelan presidential election held in July 2024, Maduro "falsely and baselessly declared himself the winner," despite evidence that Venezuelan "citizens

---

[1] Congress has authorized the Attorney General to send "any officer of the Department of Justice . . . to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States." 28 U.S.C. § 517; *see Georges v. United Nations*, 834 F.3d 88, 91 & n.10 (2d Cir. 2016).

overwhelmingly cast their ballots for opposition candidate Edmundo González Urrutia." *Id.* Since then, Maduro has "unleashed a campaign of terror and repression that Maduro and his associates mistakenly hope will break the will of the Venezuelan people." *Id.* at 2.

Further, Maduro has continued to cultivate "ties with our nation's most committed adversaries, has destabilized neighboring states through the export of narcotics and violence, and has created a refugee crisis that is now the greatest in the history of the Americas." *Id.* These actions "directly threaten our nation's security, prosperity, and foreign policy interests, and the well-being of millions throughout our hemisphere." *Id.* As a result, the United States has "imposed sanctions on Maduro and those enabling his malign conduct under various executive orders dating back to 2015." *Id.*

"Maduro does not speak for the Venezuelan people," and the United States does not recognize Maduro or his associates as the government of Venezuela. *Id.* The 2015 National Assembly "remains the only democratically elected public institution in Venezuela." *Id.* Although the "2015 National Assembly's leadership has changed" since the United States' 2020 Statement of Interest, "the United States recognizes the 2015 National Assembly as the government of Venezuela." *Id.*

Accordingly, the views presented by the 2015 National Assembly regarding Venezuelan law on behalf of the Republic of Venezuela, *see* Dkt. No. 326-1 at 1 n.1, constitute the views of a foreign government that deserve the same "respectful consideration" from the Court that would be due to any foreign sovereign under *Animal Science Products, Inc. v. Hebei Welcome Pharmaceutical Co.*, 585 U.S. 33, 36 (2018). "In the spirit of international comity, a federal court should carefully consider a foreign state's views about the meaning of its own laws." *Id.* at 43 (citation and quotation marks omitted). At the same time, the Court "is not bound to accord

conclusive effect to the foreign government's statements." *Id.* at 36; *see id.* at 46 ("a government's expressed view of its own law is ordinarily entitled to substantial but not conclusive weight"); *accord In re Vitamin C Antitrust Litig.*, 8 F.4th 136, 154 (2d Cir. 2021) (a court must "'carefully consider'"—even if it does not "defer conclusively to"—the foreign sovereign's "statement on the meaning of [foreign] law" (quoting *Animal Sci. Prods.*, 585 U.S. at 43)). "[T]he appropriate weight in each case will depend upon the circumstances," and a court should consider the following in assessing a statement from the foreign sovereign: its "clarity, thoroughness, and support; its context and purpose; the transparency of the foreign legal system; the role and authority of the entity or official offering the statement; and the statement's consistency with the foreign government's past positions." *Animal Sci. Prods.*, 585 U.S. at 43.

Separately, with respect to the merits of the case, the United States respectfully refers the Court to the Government's views on the legal issues as set forth in the 2020 Statement of Interest. That Statement of Interest and accompanying letter from Elliott Abrams, then-Special Representative for Venezuela at the U.S. Department of State, comprehensively described the United States' important foreign policy and national security interests with respect to Venezuela, alongside its legal and policy interests in preserving stability in the sovereign debt markets, as relevant to the matters at issue. *See* 2020 SOI at 1-3, 7-9.

As set forth in the 2020 Statement of Interest, the parties continue to dispute central questions of Venezuelan law and practice. The United States takes no position on the operation of Venezuelan law in this case or the application of the act of state doctrine. *See* 2020 SOI at 4-7. Additionally, the United States reiterates its substantial interest in avoiding uncertainty in lawful contractual relations and an orderly process for restructuring sovereign debts for which creditors can legitimately expect payment. *See* 2020 SOI at 8-9.

3

**CONCLUSION**

For the foregoing reasons, the United States respectfully (1) advises the Court of its recognition of and support for the 2015 National Assembly as the government of Venezuela; (2) urges the Court to accord respectful consideration to the Republic's views as required by *Animal Science Products*; and (3) takes no position on the legal issues in the parties' pending cross-motions for summary judgment.

Dated: August 29, 2025
New York, New York

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York
*Attorney for the United States of America*

By:   /s/ Samuel Dolinger
SAMUEL DOLINGER
ANTHONY J. SUN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677/2810
samuel.dolinger@usdoj.gov
anthony.sun@usdoj.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c) the undersigned counsel hereby certifies that this memorandum complies with the word-count limitations of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, and excluding the items set forth in the rule, there are 1,023 words in this memorandum.

 /s/ Samuel Dolinger
SAMUEL DOLINGER
Assistant United States Attorney