# CLARK SMITH VILLAZOR

**Clark Smith Villazor LLP**
**666 Third Avenue, 21st Floor**
**New York, New York 10017**
**www.csvllp.com**

**CHRISTOPHER J. CLARK**
**D: 212.377.0853**
**clark@csvllp.com**

September 5, 2025

**<u>VIA ECF</u>**

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:    *Petróleos de Venezuela, S.A. et al.* v. *MUFG Union Bank, N.A. et al.*, No. 1:19-cv-10023

Dear Judge Failla:

We write on behalf of the Trustee and the Collateral Agent to provide an update concerning the possible settlement of the 2020 Noteholders' claims as part of the judicial sale of the stock of plaintiff PDV Holding, Inc. ("PDVH") being overseen by Judge Stark in the United States District Court of Delaware. At the pre-motion conference held on July 10, 2025, the Court inquired about the possibility of settlement between the parties. While no settlement has been reached with the PDVSA Parties, as discussed below, the Special Master in the Delaware proceeding is now recommending a transaction that includes a proposed settlement with 2020 Noteholders that may resolve the outstanding issues in this case.

As the Court will recall, at the time of the July 10, 2025 pre-motion conference, the Special Master had recommended that Judge Stark approve a transaction in which the PDVH shares would be sold to Dalinar, an acquisition vehicle created by the Gold Reserve Consortium. Because of the problematic financing structure of the Gold Reserve transaction, which would have encumbered by billions of dollars of debt and fundamentally impaired the value underlying the 50.1% of CITGO Holding pledged to the 2020 Noteholders, the Trustee and Collateral Agent discussed with the Court the possibility that they may need to seek an injunction.

Since the July 10 pre-motion conference, however, the Special Master has pivoted and is now recommending the approval of a subsequent unsolicited bid submitted by Amber Energy, which was deemed by the Special Master a superior proposal to the Gold Reserve transaction. *Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*, No. 17-mc-151 (D. Del.) ("*Crystallex*"), ECF No. 2123. The proposed Amber Energy transaction, which will be considered for approval by Judge Stark at a hearing commencing on September 15, 2025, includes a $2,125,000,000 cash settlement offer to the 2020 Noteholders as set forth in a Transaction Support Agreement ("TSA") entered into by certain of the 2020 Noteholders. Under the TSA, over 75% of the 2020 Noteholders have already agreed to sell their 2020 Notes to

The Honorable Katherine Polk Failla
United States District Judge
Page 2

Amber Energy for a share of the settlement proceeds in a private exchange offering, and Amber Energy has agreed to offer to buy all of the remaining 2020 Notes in a public exchange offering in connection with the closing of the Amber Energy transaction.  Amber Energy would then extinguish all the 2020 Notes tendered to it by all of the tendering 2020 Noteholders.  *See Crystallex* Aug. 18, 2025 Hr'g Tr. at 194:5-21 (attached hereto as Exhibit 1).

The 2020 Noteholders who have signed the TSA have agreed, subject to Judge Stark's entry of an order approving the Amber Energy transaction, to direct the Trustee and Collateral Agent in accordance with the Indenture and Pledge Agreement to release the lien under the Pledge Agreement on behalf of all 2020 Noteholders.[1]   For that reason, the remaining 2020 Noteholders should be strongly incentivized to accept the Amber Energy exchange offer for their outstanding 2020 Notes. The upshot of the settlement is that, if the Amber Energy transaction closes and all 2020 Notes are exchanged, the claims in this case would be extinguished.  Judge Stark has scheduled a final sale hearing for September 15–18, 2025 (which may be extended to include October 20–21, 2025).

The Trustee and the Collateral Agent defer to the Court's judgment regarding any impact of the potential settlement on the Court's timing in rendering a decision on the parties' pending motions for summary judgment.

Respectfully submitted,

*/s/ Christopher J. Clark*
Christopher J. Clark

cc:  Counsel of Record (By ECF)

---

[1]    The Trustee and Collateral Agent do not contemplate receiving a formal direction from the requisite 2020 Noteholders under the TSA to release the Collateral or take other actions in furtherance of the Amber Energy transaction unless and until Judge Stark approves the Amber Energy transaction and it proceeds to closing.  The Trustee and Collateral Agent each reserve all rights under the Indenture and related agreements with respect to all such directions, including without limitation, the right to satisfactory indemnity.

CLARK SMITH VILLAZOR