**CLARK SMITH VILLAZOR**

Clark Smith Villazor LLP
666 Third Avenue, 21st Floor
New York, New York 10017
www.csvllp.com

**CHRISTOPHER J. CLARK**
D: 212.377.0853
clark@csvllp.com

October 16, 2025

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

    Re:    *Petróleos de Venezuela, S.A.* v. *MUFG Union Bank, N.A.*, No. 1:19-cv-10023

Dear Judge Failla:

    The parties submit this joint letter proposing next steps in the case in accordance with the Court's Opinion and Order dated September 18, 2025 ("2025 Order"). ECF No. 397. The parties have met and conferred and agree that the Court should enter a partial final judgment under Rule 54(b) of the Federal Rules of Civil Procedure that dismisses Plaintiffs' complaint, grants Defendants summary judgment on their First through Seventh Counterclaims, and reserves judgment on Defendants' Eighth, Ninth, Tenth and Twelfth Counterclaims. However, the parties disagree as to whether the final judgment should include the amount of the fees and expenses to which the Trustee and Collateral Agent may be entitled under the Eleventh Counterclaim. The parties' respective positions are set forth below.

    *The Trustee and Collateral Agent's Position*

    The Trustee and Collateral Agent propose that, consistent with the Court's prior rulings in its October 16, 2020 Opinion and Order, ECF No. 215 ("2020 Order"), and the (now-vacated) judgment entered on December 1, 2020, ECF No. 229 ("2020 Judgment"), the Court enter a final judgment in favor of the Trustee and Collateral Agent in overdue and unpaid principal, contractual prejudgment interest on principal, and statutory prejudgment interest on unpaid installments of interest. 2020 Order at 67-68; 2020 Judgment at 2. As of today, October 16, 2025, that judgment is worth $2,859,193,778.63, with over $600,000 of prejudgment interest accruing each day thereafter. Before a partial final judgment is entered, the Court should resolve, and include in that partial final judgment, the amount of fees and expenses to which the Trustee and Collateral Agent are entitled under the Indenture.

    PDVSA and PDVSA Petróleo are liable for the Trustee and Collateral Agent's "fees, disbursements, and expenses, including reasonable attorneys' fees," 2020 Order at 68, which at this point total in the tens of millions of dollars. In connection with the 2020 Order and

Judgment, the Court deferred consideration of the Trustee and Collateral Agent's fee petition pending the outcome of the PDVSA Parties' appeal. ECF No. 231. While that was a prudent step at the time given the subsequent, and lengthy, history of this case on appeal, the circumstances today are very different. The Trustee and the Collateral Agent have been litigating this case for almost six years, during which time they and the 2020 Bondholders have been forced to advance tens of millions of dollars in fees and expenses, despite PDVSA and PDVSA Petróleo's obligation to pay those fees and expenses. The Trustee and Collateral Agent are entitled to a judgment for these out-of-pocket fees and expenses now, and such a judgment is likely to minimize further proceedings in this Court in the future. If—as the Trustee and Collateral Agent believe will be the case—this Court's decision is affirmed on appeal, there will be no need for further litigation in this Court about their fees in the last six years.

However, under PDVSA and PDVSA Petróleo's proposal, even assuming this Court's decision is affirmed, the Court would still then need to pick the case back up, again, and decide issues of fees and expenses for the first time. And PDVSA and PDVSA Petróleo could then appeal those issues, too—a third appeal—leading to piecemeal appeals and potentially years of additional delay in this very long-running litigation. *See Weyant* v. *Okst*, 198 F.3d 311, 314 (2d Cir. 1999) (noting Rule 54's requirement that "a party seeking an award of attorneys' fees generally must do so by motion" within 14 days of entry of judgment "was intended, in part, to ensure that the fee application is filed in time to minimize the need for piecemeal appeal"); *Sussman Sales Co., Inc.* v. *VWR Int'l, LLC*, 2021 WL 6065760, at *6 (S.D.N.Y. Dec. 21, 2021) (Failla, J.) ("It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues") (internal quotations omitted). That is not how litigation is supposed to proceed. *See, e.g.*, *Deferio* v. *City of Syracuse*, 2018 WL 3069200, at *2 (N.D.N.Y. June 21, 2018) ("To defer a ruling on the attorneys' fee issue until resolution of the pending cross-appeals, however, could prompt a second appellate challenge and, accordingly, run contrary to the Second Circuit's teaching that Rule 54(d) and its time limit for submitting fee applications are intended to avoid 'piecemeal appeals' by consolidating appellate resolution of fee award disputes with other, substantive arguments raised on appeal."); *Adstra, LLC* v. *Kinesso, LLC*, 2025 WL 1070034, at *3 (S.D.N.Y. Apr. 9, 2025) ("By resolving [objections to the fee request] issues now, if the Court has erred, Plaintiff may raise those issues with the Second Circuit so that it can resolve the case in its entirety and not piecemeal.").

Accordingly, the Trustee and Collateral Agent propose that the Court set a briefing schedule that allows the Trustee and Collateral Agent 45 days to submit a motion for entry of a proposed judgment under Rule 54(b) of the Federal Rules of Civil Procedure, and a fee application substantiating the fees, disbursements, and expenses, including reasonable attorneys' fees, incurred to date by the Trustee and Collateral Agent. The PDVSA Parties should have 45 days to object to the motion for entry of a final judgment and fee application. The Trustee and Collateral Agent should have 30 days to file a reply in support of their motion for entry of a final judgment and fee application. Upon resolving the issue of disbursements, fees, and expenses, the Court can enter a single judgment pursuant to Rule 58 stating a sum certain that accurately reflects the magnitude of the 2020 Bondholders' secured claims.

The PDVSA Parties' arguments that the Court should defer ruling on the fees and expenses that they should have been paying all along—and give them a free pass from a judgment memorializing the tens of millions of dollars they owe—are only designed to create further piecemeal litigation and prolong this case:

First, although the PDVSA Parties argue that this Court might still need to issue another decision on fees and expenses in the forthcoming appeal, that decision will be far narrower because the fees and expenses from litigating a single appeal will be substantially smaller than those that have been spent over the past six years. Moreover, the parties' briefing—and the Court's ruling—on that decision would be informed and narrowed by the Court's decision on the currently due fees and expenses, together with any decision from the Second Circuit in an appeal. If the PDVSA Parties have any principled excuse for not paying the tens of millions of dollars in legal bills they created in bringing this action, those issues should be addressed now by this Court and then in the forthcoming appeal, so that they can be resolved and the parties can have guidance for any more limited, subsequent decision. A decision now will thus materially *narrow* any issues the Court must decide in connection with fees and expenses for an appeal.

Second, although the PDVSA Parties contend that a ruling on fees and expenses may be mooted if the Amber Energy bid is consummated, the same could be true of their appeal. As part of that bid, participating bondholders agreed they would seek to direct the Trustee and Collateral Agent to release their Collateral under the Pledge Agreement, and transfer their bonds to Amber Energy, which has agreed to extinguish them, potentially mooting the issues in this case. *See* ECF No. 394. Moreover, because of that collateral release, the remaining 2020 Noteholders should also be strongly incentivized to accept the above-par Amber Energy exchange offer for their outstanding 2020 Notes, rather than continue to litigate unsecured claims against PDVSA (as the PDVSA Parties suggest will happen). The Amber Energy bid therefore provides no reason at all to defer a fee and expense request in favor of an immediate appeal. It is particularly disingenuous for the Venezuela Parties to invoke the Amber Energy bid given that they (as noted in their letter) vigorously oppose that bid in the Delaware sale process, as do other parties, and there is therefore no guarantee that it will be consummated. Indeed, this Court previously decided to issue its decision on the parties' summary judgment motions irrespective of the potential effect of the Amber Energy bid. *See* ECF No. 396. This litigation should also proceed in the ordinary course now, including through resolution of the Trustee and Collateral Agent's fee and expense application.

For the reasons set forth above, the Trustee and Collateral Agent respectfully submit that the entry of a partial final judgment should await a determination of attorneys' fees and expenses. With that exception, the Trustee and Collateral Agent do not object to the form or substance of the proposed judgment the PDVSA Parties have submitted as Exhibit A.

*The PDVSA Parties' Position*

The PDVSA Parties believe the Court should follow the same course of action as it did in analogous circumstances five years ago: (1) enter a partial judgment under Rule 54(b) with the same disposition as to relevant claims and counterclaims, updating only the amount of the interest awarded (on which the parties agree), and (2) defer adjudication of Defendants' request

**CLARK SMITH VILLAZOR**

for attorneys' fees until after Plaintiffs' appeal. This Court ruled at the time that "deferring consideration of the fee petition pending the outcome of Plaintiffs' appeal will better conserve both judicial and party resources." ECF No. 231 at 6. That conclusion holds equally true today, and Defendants offer no persuasive reason to deviate from this Court's considered judgment. If anything, the changed circumstances—such as Defendants' agreement with the leading bidder in the *Crystallex* litigation to have their attorneys' fees paid *irrespective* of this Court's ruling—further support deferring consideration of their fee request.

*First*, adjudicating Defendants' request for attorneys' fees now would waste the Court's and the parties' resources. "Courts in this Circuit regularly defer the award of attorneys' fees or deny the motion without prejudice pending the resolution of an appeal on the merits." *Apex Employee Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, 2017 WL 456466, at *12 (S.D.N.Y. Feb. 1, 2017). This case illustrates the wisdom of this general rule. If Plaintiffs prevail on appeal, the Indenture and Pledge—the source of Defendants' entitlement to fees—will be deemed invalid and Defendants will not be entitled to any fees. *See Allen v. Westpoint-Pepperell, Inc.*, 11 F. Supp. 2d 277, 292 (S.D.N.Y. 1997) ("it would be inefficient to spend time calculating the exact amount of attorneys' fees owed if the appellate court [reverses]"). If Defendants prevail on appeal, they will likely seek their appellate fees, which will require this Court to adjudicate the fees issue again. It would be more efficient to defer consideration of Defendants' fee motion until after the appeal has been resolved, at which point the fee request will either be moot or could be litigated comprehensively in one proceeding (rather than piecemeal).[1]

*Second*, concurrent developments in the *Crystallex* action could render it unnecessary to decide Defendants' fee request altogether. As Defendants previously informed this Court (ECF No. 394), the current recommended bidder in *Crystallex* (Amber Energy) concluded an agreement with the 2020 Bondholders that includes a commitment to repay fully all attorneys' fees and costs incurred in this litigation.[2] This contractual commitment is not contingent on this Court's approval of Defendants' fee request. There is no reason for this Court to expend its resources assessing the reasonableness of Defendants' request for attorneys' fees when that

---

[1] Defendants invoke this Court's decision in *Sussman Sales Co. v. VWR International, LLC*, No. 20-cv-2869 (KPF), 2021 WL 6065760 (S.D.N.Y. Dec. 21, 2021). But that decision did not involve the question of attorneys' fees—an issue collateral to any merits judgment. The other authorities Defendants invoke merely reiterate the settled proposition that whether to defer adjudication of the attorneys' fees issue is subject to the district court's discretion—a discretion this Court exercised five years ago in analogous circumstances.

[2] *See* Transaction Support Agreement, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-00151-LPS, ECF No. 2123-1 (D. Del. Aug. 29, 2025) (beginning on page 800 of the PDF), § 3.1(a)(vi) at 10 (Amber Energy committing "to pay (or cause the CITGO Parties to pay) all Consenting 2020 Noteholder Advisor Fees and Expenses"); *id* § 1.1 at 4 (defining "Consenting 2020 Noteholder Advisor Fees and Expenses" to include "all documented fees, expenses, and disbursements … incurred and/or paid … (ii) by the Trustee or Collateral Agent … in relation to the Declaratory Judgment Action"); *id.* at Ex. A at 2 ("Consenting 2020 Noteholder Advisor Fees and Expenses") (providing additional funding mechanism to ensure that Consenting 2020 Noteholder Advisor Fees and Expenses are paid in full in the event they exceed $60 million). The agreement also obligates Amber Energy to pay a host of other 2020 Bondholder legal fees, including those incurred in *VR Global Partners, L.P. v. Petróleos de Venezuela, S.A.*, No. 23-cv-05604 (S.D.N.Y.), and the *Crystallex* case. *Id.* § 1.1 at 4; § 3.1(a)(vi) at 10.

decision could be obviated entirely if the Amber Energy's bid is approved and consummated.[3] Contrary to Defendants' assertion, the Amber Energy bid will not moot this case. Amber Energy's agreement with the 2020 Bondholders binds only those bondholders that have agreed to sell their notes to Amber Energy. The remaining bondholders—nearly a quarter of all bondholders, *see* ECF No. 394 at 1-2—are under no obligation to exchange their notes, and will remain subject to this action. *See* ECF No. 395 at 3.

To the extent this Court wishes to consider Defendants' fee application at this time without waiting for a conclusion of any appeal from its merits decision, there is still no reason to delay entering a Rule 54(b) judgment. The Court can enter a Rule 54(b) judgment on which the parties agree and adjudicate the fee issue while the appeal proceeds on a separate track.[4] After all, because "a claim for attorney's fees is not part of the merits of the action to which the fees pertains," an appeal from the merits judgment may proceed regardless of "whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200-02 (1988). That logic applies with particular force in the context of a Rule 54(b) judgment, which is premised on a finding that "there is no just reason for delay" in entering that judgment. Fed. R. Civ. P. 54(b). Notably, Defendants had no objection to this course of proceeding five years ago, when they sought a Rule 54(b) judgment prior to filing any attorneys' fees petition. *See* ECF No. 222 (Defendants' November 30, 2020, motion for entry of judgment); ECF No. 223-1 (Defendants' proposed judgment, which deferred the issue of fees). Defendants' insistence on at least a three-month delay in entering a Rule 54(b) judgment should be seen for what it is—an effort to delay Second Circuit review in this case in the hope that developments in the *Crystallex* litigation may preempt that review. This Court should not reward that gamesmanship at the expense of a needless imposition on its finite resources.

The parties agree on all aspects of the proposed Rule 54(b) judgment except whether it should include a disposition with respect to attorneys' fees. If the Court agrees with the PDVSA Parties that the question of attorneys' fees is best deferred until the conclusion of any appeal, it can enter the judgment in the form proposed in Exhibit A.[5]

---

[3] The agreement between Amber Energy and the 2020 Bondholders also puts to rest Defendants' argument that they "have been forced to advance tens of millions of dollars in fees and expenses," *supra* at 2—an exact argument they advanced five years ago, *see* ECF No. 231 at 3. If the Amber Energy bid is approved and consummated, the 2020 Bondholders will get their fees and expenses paid in full; if not, this Court will have ample time to consider their request for reasonable attorneys' fees. For the avoidance of doubt, Plaintiffs oppose the approval and consummation of the Amber Energy bid and reserve all rights regarding the same.

[4] That course of proceeding would also resolve any objection Defendants may raise on the grounds that their agreement with Amber Energy to repay their attorneys' fees in full has not yet been consummated and may be voided in the event the Amber Energy bid is not approved.

[5] The proposed judgment is substantively identical to the judgment this Court entered on December 1, 2020 (ECF No. 229), except for the updated interest calculations. Of course, the Trustee and Collateral Agent's exercise of any rights and remedies under the Indenture and the Pledge Agreement is subject to obtaining any necessary approvals from the United States government. *See* ECF No. 40 at 51 ¶ 254(e).

CLARK SMITH VILLAZOR

Respectfully submitted,

*/s/ Christopher J. Clark*
Christopher J. Clark

cc:  Counsel of Record (By ECF)

CLARK SMITH VILLAZOR