UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC., <br><br> *Plaintiffs and Counterclaim-Defendants*, <br><br> - against - <br><br> MUFG UNION BANK, N.A. and GLAS AMERICAS LLC, <br><br> *Defendants and Counterclaim-Plaintiffs*. | No. 19 Civ. 10023 (KPF) <br><br> **JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)** |

      For the reasons stated in this Court's Opinion and Order ("Order") dated September 18, 2025 (ECF No. 397):

      IT IS ORDERED, ADJUDGED, AND DECREED that, there being no just reason for delay, final judgment is hereby entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (i) dismissing with prejudice the Complaint for Declaratory Judgment and Injunctive Relief (ECF No. 1), including all claims asserted therein; and (ii) granting judgment in favor of Defendants and Counterclaim Plaintiffs U.S. Bank National Association (as successor trustee to MUFG Union Bank, N.A., the "Trustee") and GLAS Americas LLC (the "Collateral Agent") and against Plaintiffs and Counterclaim Defendants Petróleos de Venezuela, S.A. ("PDVSA"), PDVSA Petróleo, S.A. ("PDVSA Petróleo"), and PDV Holding, Inc. on the First through Seventh Counterclaims asserted by the Trustee and Collateral Agent in Defendants' Answer and Counterclaims (ECF No. 40).  Nothing herein shall be construed to constitute a judgment on any of the Trustee and Collateral Agent's Eighth through Twelfth Counterclaims, or on the amount of the fees and expenses to which the Trustee and Collateral Agent are entitled in connection with this action or otherwise.  The Court will address those matters if necessary in future orders or judgments.  The pendency of such claims shall not affect the finality of this Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Trustee, as Trustee under the Indenture dated October 27, 2016, between PDVSA as issuer, PDVSA Petróleo as guarantor, the Trustee, the Collateral Agent, the Law Debenture Trust Company of New York as registrar, transfer agent, and principal paying agent, and Banque Internationale à Luxembourg, Société Anonyme as Luxembourg paying agent (the "Indenture"), shall recover from PDVSA and PDVSA Petróleo, jointly and severally, the sum of $2,859,193,778.63, which comprises the following amounts:

(1) $1,683,764,500 in overdue and unpaid principal on the 8.5% senior secured notes issued by PDVSA pursuant to the Indenture (the "2020 Notes");

(2) $925,906,775.67 in overdue and unpaid interest on principal on the 2020 Notes through October 16, 2025; and

(3) $249,522,502.96 in interest on overdue and unpaid installments of interest on principal on the 2020 Notes through October 16, 2025.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, in addition to the foregoing amounts, the Trustee shall recover from PDVSA and PDVSA Petróleo, jointly and severally, the following additional amounts for each day from October 17, 2025, to the day on which judgment is entered on the docket of the Court:

(1)    $609,294.66 per day in interest for each day from October 17, 2025, to October 27, 2025;

(2)    $626,939.59 per day in interest for each day from October 28, 2025 to October 31, 2025;

(3)    $229,384.08 in interest for November 1, 2025; and

(4)    $626,939.59 per day in interest for each day from November 2, 2025 to December 31, 2025.

IT IS FURTHER ORDERED, ADJUDGED, DECREED, AND DECLARED that:

(1) the 2020 Notes and the Governing Documents are valid and enforceable;

(2) a default has occurred under the terms of the Indenture;

(3) the Trustee and Collateral Agent are permitted to exercise the remedies for default set forth in the Indenture and the Pledge Agreement;

(4) the Trustee is entitled to direct the Collateral Agent to sell the collateral securing the 2020 Notes; and

(5) the Collateral Agent is entitled to so sell.

Unless otherwise defined herein, capitalized terms shall have the meanings assigned to them in the Order.

Nothing herein shall preclude the Trustee or the Collateral Agent from (i) recovering fees and expenses pursuant to the Court's Order; (ii) recovering any amounts in addition to the foregoing amounts that may be due or may become due under the Indenture, the Pledge Agreement, the 2020 Notes, or otherwise after October 16, 2025, including but not limited to the fees and costs associated with enforcing this Judgment or any appeal therefrom; or (iii) enforcing the Indenture, the Pledge Agreement, or the 2020 Notes, or seeking to remedy any subsequent or continuing breaches of the Indenture, the Pledge Agreement, or the 2020 Notes.

The Court retains jurisdiction to enforce this Judgment and to adjudicate all claims not determined by this Judgment.

Dated:   New York, New York
         October 17, 2025

_____
Hon. Katherine Polk Failla
United States District Judge