UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETRÓLEOS DE VENEZUELA, S.A., PDVSA PETRÓLEO, S.A., and PDV HOLDING, INC.,<br><br>Plaintiffs,<br><br>- against -<br><br>MUFG UNION BANK, N.A. and GLAS AMERICAS LLC,<br><br>Defendants. | Case No: 19-cv-10023-KPF |

**[PROPOSED] ORDER GRANTING PDV HOLDING, INC.'S MOTION FOR PARTIAL STAY OF EXECUTION OF COURT'S FINAL JUDGMENT PENDING APPEAL**

Therefore, having considered PDV Holding, Inc.'s ("PDVH's") motion to issue a partial stay of execution of the Court's Final Judgment ECF No. 402 ("Final Judgment"), pending final resolution of Plaintiffs' appeal by the United States Court of Appeals for the Second Circuit, this Court hereby ORDERS that:

1. PDVH's motion is GRANTED;

2. From the date hereof through the issuance of a mandate by the United States Court of Appeals for the Second Circuit resolving Plaintiffs' appeal, execution of the Court's Final Judgment is STAYED with respect to all portions of the Final Judgment pertaining to the Pledge Agreement, including but not limited to:

   a. The grant of judgment in favor of Defendants and Counterclaim Plaintiffs the Trustee and the Collateral Agent on the Third and Fifth Counterclaims asserted by the Trustee and Collateral Agent in Defendants' Answer and Counterclaims [ECF No. 40];

      b. The order, judgment, decree, and declaration that (i) the Pledge Agreement is "valid and enforceable;" (ii) the "Trustee and Collateral Agent are permitted to exercise the remedies for default set forth" in the Pledge Agreement; (iii) "the Trustee is entitled to direct the Collateral Agent to sell the collateral securing the 2020 Notes;" and (iv) "the Collateral Agent is entitled to so sell;" and

      c. The statement that nothing in the Final Judgment shall preclude the Trustee or the Collateral Agent from (i) "recovering any amounts in addition to the foregoing amounts that may be due or may become due" under the Pledge Agreement; or (ii) enforcing the Pledge Agreement or "seeking to remedy any subsequent or continuing breaches" of the Pledge Agreement.

      3. PDVH is not required to post a bond or additional security;

      4. During the Stay Period, Defendants, including their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including any owners or holders of the 2020 Notes or beneficial interests therein, and any other parties claiming an interest in the 2020 Notes or a security interest in the pledged CITGO Shares, shall not take any action to execute on or enforce the portions of the Final Judgment that are so stayed;

      5. Defendants MUFG Union Bank, N.A. and GLAS Americas LLC, any owners or holders of the 2020 Notes or beneficial interests therein, and any other parties claiming an interest in the 2020 Notes or a security interest in the pledged CITGO Shares, shall not attempt to enforce the Pledge Agreement or otherwise to exercise any rights, remedies, or privileges purportedly arising from a default or Event of Default under the Pledge Agreement, including by attempting to sell the collateral securing the 2020 Notes; and

6. This Court's Order shall remain in effect unless and until the final disposition of the Plaintiffs' appeal before the Second Circuit; or until it is superseded by another order of this Court or a higher court.

SO ORDERED.

Dated: _____
       New York, New York

_____
HON. KATHERINE POLK FAILLA
United States District Judge